IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DIISOCYANATES ANTITRUST LITIGATION<br><br>This Document Relates to:<br>All Cases | )  Master Docket Misc. No. 18-1001<br>)<br>)  MDL No. 2862<br>)<br>) |

AMBROSE, United States Senior District Judge

### ORDER

**AND NOW**, this 30th day of October, 2018, the court having been assigned this multi-district litigation ("MDL"), and in order to facilitate the court's resolution of the cases relating thereto,

**IT IS HEREBY ORDERED** that:

1. Twelve (12) separate antitrust actions have been filed in or transferred to this district arising out of allegations that the named defendants engaged in a conspiracy to fix, raise, maintain, or stabilize the price of methylene diphenyl diisocyanate (MDI) and toluene diisocyanate (TDI) sold in the United States, from early 2015 or 2016 through the present, including through agreements to limit supply of MDI and TDI through planned manufacturing shutdowns at plants worldwide and implementing coordinated price increases.

2. The court will be guided by the *Manual for Complex Litigation*, Fourth (the "*Manual*"), as approved by the Judicial Conference of the United States, as well as by the Local Rules of Court for the United States District Court for the Western District of Pennsylvania and the undersigned's Chambers Rules. Counsel are directed to familiarize themselves with the *Manual*, the court's Local Rules of Court, and the undersigned's Chambers Rules.

1

3. The action filed in the Western District of Pennsylvania and all actions which have been or will be transferred here by the MDL Panel are hereby ordered to be consolidated for pretrial purposes, pursuant to Federal Rule of Civil Procedure 42(a).

4. These actions, and all actions subsequently filed in or transferred to this court, shall be collectively referred to as "*In re: Diisocyanates Antitrust Litigation, MDL No. 2862.*" A Master File Docket number was established for this proceeding at Miscellaneous Action No. 18-1001. All filings shall be filed in this lead case. If a document pertains to only one or some of the member cases, it will be docketed in the lead case with a notation in the docket text as to the case number(s) to which it pertains and filed in the relevant member cases.

5. A copy of this order shall be filed by the Clerk in the lead case and in each member case, as well as all subsequently filed or transferred cases.

6. Every pleading or motion in In re: Diisocyanates Antitrust Litigation, MDL No. 2862 shall have the following caption:

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE: DIISOCYANATES            )    Master Docket Misc. No. 18-1001
ANTITRUST LITIGATION            )
                                )    MDL No. 2862
This Document Relates to:       )
                                )
                                )
```

7. When a pleading or motion is intended to apply in all actions, the words "All Actions" shall appear immediately after or below the words "This Document Relates to" as set forth above. When a pleading, motion, document or other filing relates to all actions, it shall be filed only in the lead case. When a pleading or motion is applicable to less than all actions, then the separate caption and docket number for each action to which the filing is intended shall appear after or below the words "This Document Relates to" as set forth

2

above. When a document relates to less than all actions, it shall be filed in the lead case as well as all relevant cases.

8. Each case that is subsequently filed or transferred to this Court shall be consolidated with the In re: Diisocyanates Antitrust Litigation, MDL No. 2862, and this order shall be filed in the relevant case. Any objection to this order shall be made within ten (10) days of the date on which this order is filed on the docket of the relevant case.

9. This order is made without prejudice to the right of any party to seek a severance of any claim or action.

10. The court hereby directs that an initial case management conference will take place on November 27, 2018, at 10:30 a.m. in courtroom 3B of the United States District Court for the Western District of Pennsylvania.

11. The conference will be for the purpose of addressing the following matters:

    a. service on all parties of summons and complaints;

    b. confidentiality and entry of a protective order governing the same;

    c. preservation of evidence;

    d. selection of lead and liaison counsel;

    e. scheduling of the Rule 16 conference; and

    f. appointment of a special master to address pretrial discovery issues, i.e., the parties should be prepared to recommend a special master, including an ESI special master, to the court at the conference.

12. Prior to the conference, the counsel shall meet and confer and prepare: (a) an agenda addressing all matters to be discussed at the conference, including—but not limited to—the matters listed in paragraph 12(a)-(f) of this order; and (2) a proposed case management order. The agenda and proposed case management order shall be filed at the Master File Docket, Miscellaneous Civil Action No. 18-1001, on or before November 19, 2018.

3

13. On or before November 19, 2018, any counsel who wants to be considered for lead counsel shall file a resume and brief, not exceeding five pages, at the Master File Docket, Miscellaneous Action No. 18-1001 demonstrating lead counsel, MDL, and trial experience.

14. On or before November 19, 2018, any counsel who wants to be considered for liaison counsel shall file a resume and brief, not exceeding five pages, at the Master File Docket Miscellaneous Action No. 18-1001 addressing the reasons counsel should be selected as liaison counsel.

15. Counsel who appeared in a transferor court prior to transfer need not enter an additional appearance before this Court. Moreover, attorneys admitted to practice and in good standing in any United States District Court may at Miscellaneous Action No. 18-1001 seek to be admitted pro hac vice in this litigation, pursuant to the requirements of Local Civil Rule 83.2. Association of local counsel is not required.

**IT IS SO ORDERED.**

BY THE COURT:

*Donetta W. Ambrose* (signature)
Donetta W. Ambrose
United States Senior District Judge