IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: DIISOCYANATES ANTITRUST LITIGATION | ) ) ) ) ) ) | Master Docket Misc. No. 18-1001<br><br>MDL No. 2862 |
| This Document Relates to: ALL ACTIONS | | |

**BRIEF IN SUPPORT OF APPOINTMENT OF COHEN MILSTEIN SELLERS & TOLL AS INTERIM LEAD COUNSEL FOR PLAINTIFFS**

While many fine law firms represent plaintiffs in this matter, Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") is "best able to represent the interests of the [proposed] class." *See* Fed. R. Civ. P. 23(g)(2). In the *Urethanes Antitrust Litigation*, No. 04-1616 (D. Kan.), Cohen Milstein served as co-lead counsel for a class alleging price-fixing of the very same products at issue here, against several of the same defendants: Dow, BASF, Huntsman, and Bayer. In *Urethanes*, Cohen Milstein obtained $139 million in pre-trial settlements; successfully tried the case against Dow; obtained a $1.06 billion judgment against Dow after trial; prevailed on appeal in the Tenth Circuit; and settled the case against Dow for $835 million while Dow's petition for *certiorari* was pending. All told, Cohen Milstein recovered $974 million for the class in *Urethanes*, while gaining unparalleled knowledge of the products, markets, and defendants at issue both in that case and in this one. Cohen Milstein is, therefore, best positioned to litigate this case effectively and efficiently on behalf of the proposed class.

## ARGUMENT

Courts appointing interim class counsel under Rule 23(g)(3) analyze the same factors applicable to selection of class counsel under Rule 23(g)(1). *In re Remicade Antitrust Litig.*, Civ. No. 17-4326, 2018 WL 514501 (E.D. Pa. Jan. 23, 2018). "If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2). Here, that applicant is Cohen Milstein.

In appointing lead counsel, Rule 23(g)(1)(A) directs the court to consider:

(i) the work counsel has done in identifying or investigating potential claims in the action;

(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class.

In addition, the court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Here, the Court has identified "lead counsel, MDL, and trial experience" as factors to be considered. *In re Diisocyanates Antitrust Litig.*, MDL No. 2862 (W.D. Pa. Oct. 30, 2018), at ¶ 13.

Cohen Milstein has done significant work in investigating the claims in this action: we dispatched investigators to interview potential witnesses and collect information bearing on Plaintiffs' claims; we thoroughly researched market conditions to consider alternative explanations for the price increases at issue; and we retained Info Tech Consulting, the same experts retained in the *Urethanes* litigation, to further analyze the markets for TDI and MDI and inform the drafting of the Complaint on behalf of our client, Era Polymers. We also applied the knowledge of these products, markets, and defendants that we acquired in litigating *Urethanes* to help us better understand the facts underlying this case.[1]

Cohen Milstein has unsurpassed experience in litigating antitrust class actions on behalf of plaintiffs; for more than 45 years, Cohen Milstein has been one of the nation's leading plaintiffs' class action firms, recovering billions of dollars for the classes we have represented. *See generally* Firm Resume, Ex. A.[2] We have earned numerous accolades for our work in antitrust litigation, including:

- *The National Law Journal's* "Finalist – Elite Trial Lawyers – Antitrust" (2018)
- *The National Law Journal's* "Winner – Elite Trial Lawyers – Antitrust" (2016)
- *The Legal 500's* "Leading Plaintiff Class Action Antitrust Firm" (2010-2018)
- *Law 360's* "Competition Practice Group of the Year" (2016)
- *National Law Journal's* Plaintiffs' Hot List (2011-2013, 2015-2016)

---

[1] Three of the Cohen Milstein lawyers assigned to this case played central roles in *Urethanes*: Richard Koffman was co-lead counsel for the plaintiff class in *Urethanes*, and Sharon Robertson and Laura Alexander were key members of the plaintiffs' trial team.

[2] Exhibit A contains the profiles of the Cohen Milstein lawyers assigned to this case. A listing of all Cohen Milstein attorneys can be found at www.cohenmilstein.com.

- *Law360's* "Most Feared Plaintiffs Firm" (2013-2015)

Most importantly, Cohen Milstein has unique experience successfully litigating and trying antitrust claims involving the *very same products and defendants at issue in this case*. In *Urethanes*, Cohen Milstein served as co-lead counsel in a case alleging price fixing of MDI and TDI (the products at issue here), as well as polyether polyols and polyether polyol systems. The defendants in *Urethanes* included Dow, BASF, Huntsman, and Bayer, all of which are likewise defendants here. After settling with BASF, Huntsman, and Bayer for a total of $139 million, Cohen Milstein and its co-counsel went to trial against Dow, winning a jury verdict of more than $400 million and a judgment of $1.06 billion after trebling and offsets for the pretrial settlements. The Tenth Circuit affirmed the judgment, and the plaintiffs settled with Dow for $835 million while Dow's petition for *certiorari* was pending, yielding a total recovery of $974 million. In the course of securing that recovery (and the largest jury verdict ever in a price-fixing case), Cohen Milstein acquired a vast wealth of knowledge regarding the manufacture, marketing, and pricing of MDI and TDI – knowledge that the other plaintiffs' firms in this case simply cannot match.

With more than 90 lawyers in six cities, and one of the largest plaintiffs' antitrust practices in the U.S., Cohen Milstein possesses resources superior to those of other plaintiffs' firms. We will not hesitate to commit those resources to benefit the class. In his July 29, 2016 Order granting final approval of the *Urethanes* settlement with Dow, the Honorable John W. Lungstrum of the District of Kansas commended our efforts on behalf of the class:

> [C]ounsel achieved incredible success on the merits of the claims. . . . Liability on these claims was far from certain, and thus the case presented a great deal of risk, as counsel was required to advance all expenses and attorney time to litigate a hard fought case against highly experienced opposing counsel hired by a defendant with ample resources. . . . In almost 25 years of service on the bench, this Court has not experienced a more remarkable result.

*Urethanes* was no anomaly: Cohen Milstein, as lead or co-lead counsel, has frequently obtained outstanding results on behalf of antitrust plaintiffs. A few recent examples include *In re Domestic Drywall Antitrust Litigation* (2018) ($190 million in settlements); *In re Lidoderm Antitrust Litigation* (2018) ($104.75 million in settlements); *In re Dental Supplies Antitrust Litigation* (2018) ($80 million in settlements, pending court approval); *In re Animation Workers Antitrust Litigation* (2017) ($168.5 million in settlements); *In re Electronic Books Antitrust Litigation* (2014) ($566 million in settlements); and *In re Plasma-Derivative Protein Therapies Antitrust Litigation* (2014) ($128 million in settlements).

Cohen Milstein's team in this matter includes three highly experienced antitrust litigators and a promising junior associate. Richard Koffman, a former Senior Trial Attorney in the DOJ's Antitrust Division who served as co-lead counsel in both *Urethanes* and *Plasma-Derivative Protein Therapies*, has been repeatedly recognized as one of the nation's top plaintiffs' antitrust lawyers. He was named *Law360's* Competition Law MVP in 2016; was inducted into *The Legal 500* Hall of Fame in 2017, after being recognized by *The Legal 500* every year since 2010 as one of the top plaintiffs' class action antitrust litigators; and was named one of the world's leading plaintiffs' competition lawyers by *Global Competition Review* from 2016-2018.

Sharon Robertson served on the trial teams in *Urethanes* and *In re Nexium Antitrust Litigation*, and as co-lead counsel in *Lidoderm*. In 2017 and 2018, *The Legal 500* selected her as a "Next Generation Lawyer," an honor bestowed upon only ten lawyers under the age of 40. *The New York Law Journal* (2018), *Law360* (2018), and Super Lawyers (2014-2016) all recognized Ms. Robertson as a Rising Star; and *Benchmark Litigation* included her on its 2018 "40 & Under Hot List." In 2017, *Law360* recognized Ms. Robertson as one of a few female litigators to secure leadership roles in high-profile MDLs. And, just this month, the American Antitrust Institute

recognized her for "Outstanding Antitrust Litigation Achievement by a Young Lawyer" for her role in securing one of the largest recoveries in a federal indirect purchaser generic suppression case in over a decade.

Laura Alexander also has significant trial experience. In *Urethanes*, Ms. Alexander prepared several of the key witnesses to testify, and took the lead on crafting a strategy to defeat defendants' multiple attempts to de-certify the class. She also played a prominent role at trial in *Ideker Farms, Inc., et al. v. United States*, a Fifth Amendment "takings" case in the U.S. Court of Federal Claims. In that trial, which resulted in a liability verdict for the plaintiffs (with damages to be tried at a later date), Ms. Alexander co-presented opening and closing statements and cross-examined critical fact witnesses, including government scientists and top-level administrators. Super Lawyers recognized her as a "Rising Star" each year from 2014-2018.[3]

## CONCLUSION

For the reasons set forth above, Cohen Milstein respectfully requests appointment as interim lead counsel for the proposed class. If the Court is inclined to appoint more than one interim lead counsel, Cohen Milstein respectfully requests that the Court also appoint Hagens Berman Sobol Shapiro LLP, an excellent and highly experienced plaintiffs' antitrust firm with which Cohen Milstein has co-led several significant antitrust class actions, including *In re Animation Workers Antitrust Litigation*; *In re Electronic Books Antitrust Litigation;* and *In re Resistors Antitrust Litigation*. Finally, Cohen Milstein supports the appointment of the prominent Pittsburgh firm of Carlson Lynch Sweet Kilpela & Carpenter LLP as liaison counsel for Plaintiffs.

---

[3] Courtney Elgart joined Cohen Milstein in 2018, following clerkships with Judge Guido Calabresi of the U.S. Court of Appeals for the Second Circuit and Judge Richard Andrews of the U.S. District Court for the District of Delaware. Ms. Elgart earned her J.D., *magna cum laude* and Order of the Coif, from Georgetown University Law Center in 2016.

Dated: November 19, 2018	Respectfully submitted,

/s/ Sharon K. Robertson
Sharon K. Robertson
COHEN MILSTEIN SELLERS & TOLL PLLC
88 Pine Street, 14th Floor
New York, NY 10005
(212) 838-7797
(212) 838-7745
srobertson@cohenmilstein.com

Richard A. Koffman
Laura Alexander
Courtney Elgart
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW, Ste. 500
Washington, DC 20005
(202) 408-4600
(202) 408-4699
rkoffman@cohenmilstein.com
lalexander@cohenmilstein.com
celgart@cohenmilstein.com

*Counsel for Plaintiff Era Polymers Proprietary Limited*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2018, a copy of the foregoing **Brief in Support of Appointment of Cohen Milstein Sellers & Toll as Interim Lead Counsel for Plaintiffs** was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the U.S. District Court for the Western District of Pennsylvania's electronic filing system.

*/s/ Sharon K. Robertson*
Sharon K. Robertson
