IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DIISOCYANATES ANTITRUST LITIGATION<br><br>This Document Relates to:<br>All Cases | Master Docket Misc. No. 18-1001<br><br>MDL No. 2862 |

AMBROSE, United States Senior District Judge

## CASE MANAGEMENT ORDER NO. 1

WHEREAS, twelve antitrust class actions (the "Actions") were filed in or transferred to this Court arising out of allegations that the defendants unlawfully engaged in a conspiracy to raise, maintain or stabilize the prices of methylene diphenyl diisocyanate or MDI and toluene diisocyanate or TDI (collectively MDI and TDI are referred to as "Diisocyanates") in violation of Section One of the Sherman Act, 15 U.S.C. §§ 1, 3;

WHEREAS, on October 3, 2018, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order centralizing three of the Actions to this Court, and numerous related Actions have been transferred since that time;

WHEREAS, on October 30, 2018, the Court entered an order pursuant to Fed. R. Civ. P. 42(a) consolidating for pretrial purposes all Actions filed in the Western District of Pennsylvania and all Actions which have been or will be transferred here by the JPML (the consolidated actions shall be referred to as the "Consolidated Actions") pursuant to Federal Rule of Civil Procedure 42(a) (ECF No. 4 ¶ 3); and

WHEREAS, pursuant to the Court's October 30, 2018 Order, the Court also established a Master File Docket number for this proceeding at 18-mc-1001 (MDL No. 2862) and made other rulings, including setting an initial conference for November 27, 2018 at 10:30 a.m. (see ECF No. 4 ¶ 10);

NOW THEREFORE, it is ordered as follows:

**A.** **CONSOLIDATED AMENDED COMPLAINT**

On or before February 1, 2019, plaintiffs shall file a consolidated amended class action complaint ("Consolidated Complaint") in this consolidated action. The Consolidated Complaint shall supersede all other complaints and be the operative complaint in the Consolidated Actions.

**B.** **RULE 26(f) REPORT**

1. Within 14 days of the filing of the Consolidated Complaint, plaintiffs and the defendants residing in the United States shall begin to meet and confer regarding the Rule 26(f) report, and regarding the preparation of the following documents:

    a. An order regarding production of electronically stored information ("ESI Protocol");

    b. A protective order governing confidentiality;

    c. A deposition protocol;

    d. A document production and preservation protocol;

    e. An order concerning expert discovery; and

    f. The timing and scope of any appointment of a special master to address pretrial discovery and ESI issues.

2. Within 21 days of plaintiffs' notification to the Court and to defendants that they have achieved lawful service of the Consolidated Complaint on all defendants, including the defendants residing outside of the United States, the parties shall submit the Rule 26(f) report to the Court. The Rule 26(f) report shall include a proposed date for the Court to schedule a Rule 16 conference.

3. At or before the Rule 16 conference, the parties shall submit a proposed Order requesting dates for the Court to hold conference calls, as needed, through

December 2019. The Conference calls shall occur monthly. Interim co-lead counsel shall be responsible for coordinating a proposed joint agenda of all items to be raised during the conference calls, if any. Interim liaison counsel shall be responsible for arranging a conference call number for such calls and for providing the number to the Court and all counsel.

**C.     RESPONSIVE PLEADINGS AND BRIEFING SCHEDULE**

All defendants shall file their responsive pleading to plaintiffs' Consolidated Complaint, or otherwise move pursuant to Rule 12 of the Federal Rules of Civil Procedure, within 45 days of Plaintiffs' notification to the Court and to defendants that plaintiffs have achieved lawful service of the Consolidated Complaint on all defendants. Plaintiffs' response shall be filed 45 days after receipt of the responsive pleading/motion. Briefs associated with the motions/responses shall be limited to 30 pages unless leave of court to exceed said page limitation is granted. Defendants' replies shall be filed 30 days thereafter and shall be limited to 10 pages unless leave of court to exceed said page limitation is granted.

**D.     SERVICE OF DOCUMENTS**

1. Defendants residing in the United States agree to accept service of new summonses and complaints filed in the Consolidated Actions via email from plaintiffs' counsel.

2. Defendants residing outside of the United States are to be served with summonses and complaints filed in the Consolidated Actions in accordance with the foreign service rules of Federal Rule of Civil Procedure 4.

3. Defendants shall effect service of papers on plaintiffs by serving a copy of the paper by e-mail on interim co-lead counsel, or via the Court's ECF system.

4. Plaintiffs shall effect service of papers on defendants by serving a copy of the papers by e-mail on counsel for defendants, or via the Court's ECF system. This Court's Master Service List shall govern in all proceedings.

### E. PRESERVATION

Until the parties reach agreement on and the Court enters an ESI Protocol, all parties and their counsel are reminded of their duty to preserve evidence that may be relevant to the Actions. "Preservation" is to be interpreted broadly to accomplish the goal of maintaining the integrity of all evidence. If the business practices of any party involve the routine destruction, recycling, relocation, or mutation of potentially discoverable materials, that party must halt such practices or take other appropriate steps to preserve its information.

### F. APPLICATION TO OTHER ACTIONS

1. This Order shall apply to all actions transferred to this Court for coordinated or consolidated pretrial proceedings by the JPML.

2. In addition, this Order shall apply to any later-filed related actions filed in or transferred to this Court, unless a party objecting to the consolidation of such action or to any other provision of this Order shall, within 21 days after the date upon which a copy of this Order is provided to counsel for such party, files an application for relief from this Order or any provisions herein and the Court deems it appropriate to grant such application.

3. The terms of this Order shall not have the effect of making any person, firm or entity a party to any action in which he, she or it has not been properly named or joined, in accordance with the Federal Rules of Civil Procedure. The terms of this Order and the consolidation ordered herein, and Defendants' consent thereto, shall

not constitute a waiver by any party of any claims in or defense to any of the Actions, including defenses based on personal jurisdiction.

DATED:    NOVEMBER 28, 2018

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose
United States Senior District Judge