## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DIISOCYANATES ANTITRUST LITIGATION<br><br>This Document Relates to ALL ACTIONS | Master Docket Misc. No. 18-1001<br><br>MDL No. 2862 |

### BRIEF IN SUPPORT OF MOTION FOR PRODUCTION OF
### DOCUMENTS PREVIOUSLY PRODUCED TO DEPARTMENT OF JUSTICE

### INTRODUCTION

Pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure, Plaintiffs have moved for an order requiring Defendants to produce (i) any documents previously produced to the Antitrust Division of the Department of Justice ("DOJ"), or any other governmental agency, pursuant to investigations into price-fixing in the diisocyanates market, and (ii) any subpoenas to which the documents respond and any agreement that limited the scope of such subpoenas. Consistent with the overwhelming authority discussed herein, involving many multidistrict antitrust litigations with parallel criminal proceedings, these documents should be produced without delay. They may then be reviewed prior to the deadline to file a consolidated complaint, which is in the interest of judicial efficiency at the pleading stage. *See* Fed. R. Civ. P. 26(d)(1).[1]

The benefits of producing these discrete, assembled sets of documents outweigh the very limited burden of their production. The documents are highly relevant because they relate to the same conduct that forms the basis of Plaintiffs' claims, and they have already been collected,

---

[1] To be clear, Plaintiffs do not seek production of any confidential communications between Defendants and the Department of Justice, nor do Plaintiffs ask Defendants to conduct an additional search for documents not already produced to the government.

reviewed, and produced to the DOJ.  Notably, Defendants have not raised burden as a reason to deny the production.  Likewise, Plaintiffs' counsel are prepared to enter into a protective order and counsel on both sides are experienced antitrust litigators who can prepare one without undue delay.  Thus, neither burden nor confidentiality is a reason to deny this motion.  Rather, Defendants have expressed that production of their already-collected documents should be delayed until after a consolidated pleading is filed so that "Plaintiffs' complaint can stand on its own before discovery."  Plaintiffs have every confidence that their individual complaints, as well as the consolidated complaint, can stand on their own regardless, but Plaintiffs' motion should be granted for all of the reasons set forth below.

Plaintiffs have met and conferred with Defendants in an effort to reach an agreement about the production of these documents, but the parties are at impasse.

## I.    FACTUAL BACKGROUND

Following the public disclosure of a federal criminal investigation, the first complaints alleging price fixing of methylene diphenyl diisocyanate ("MDI") and toluene diisocyanate ("TDI") by Defendants were filed in June of 2018.  *See, e.g.*, Class Action Complaint at ¶¶ 1-2, *Utah Foam Products, Inc. v. Bayer A.G. et al.*, No. 2:18-cv-00858-DWA (W.D. Pa. June 28, 2018).  It was reported that the Antitrust Division of the DOJ began issuing grand jury subpoenas to manufacturers and sellers of MDI and TDI in February 2018.  *Id.* at ¶ 9.  Defendants BASF and Covestro publicly confirmed receiving the subpoenas.  *Id.*

Notably, the fact of the DOJ investigation is corroborated by the industry's own incredulity about the Defendants' actions.  The *Polyurethane Daily* in July 2016 characterized Defendants' supply disruptions as a "tacit agreement on operation strategy" by manufacturers. *Id.* at ¶ 81.  Similarly, in an article in *Rubber & Plastics News* in June 2017, a customer commented, "The rise is completely unprecedented in amplitude and speed."  *Id.* at ¶ 91.

Another customer commented in that same article that "[w]e've been back in our records…
We've never seen anything like this duration.  We've seen these quantum of increases, but we've
never seen these absolute prices before.  We have found six-month spikes, six-month drops but
nothing goes over a year."  *Id.*

Plaintiffs requested copies of any documents Defendants produced to the government in
response to those subpoenas before the November 27, 2018 Case Management Conference, and
raised the issue again at the CMC.  *See* Declaration of Jason Hartley in Support of Motion for
Production of Documents Previously Produced to Department of Justice ("Hartley Decl."), at ¶ 2.
Shortly after this Court appointed Plaintiffs' interim co-lead counsel, Plaintiffs met and
conferred telephonically with Defendants and requested they produce to Plaintiffs the documents
previously produced to the DOJ.  Hartley Decl. at ¶ 3.  Defendants BASF, Covestro, Huntsman,
Dow and Wanhua all confirmed that they received subpoenas from the DOJ and produced
documents in response, but refused to produce those same documents to Plaintiffs.[2]  *Id.*

| DEFENDANT | PRODUCED DOCS TO DOJ? (YES/NO) |
|---|---|
| **BASF** | YES |
| **COVESTRO** | YES |
| **DOW** | YES |
| **HUNTSMAN** | YES |
| **MCNS** | NO |
| **MITSUI** | NO |
| **WANHUA** | YES |

---

[2] The only Defendants that claimed they did not receive a subpoena were Mitsui and MCNS.
Hartley Decl. at ¶ 3.

At that time, and in subsequent communications, the parties agreed it would be prudent to bring this dispute before the Court. *Id.* at ¶ 4. Defendants agreed that, if so ordered, they would endeavor to produce the documents within three (3) days. *Id.*

## II.   <u>LEGAL ARGUMENT</u>

### A.   *Twombly* Does Not Require A Stay of Discovery

Denying Plaintiffs' Motion would effectively constitute a *de facto* discovery stay, and Defendants would have that last until after resolution of a motion to dismiss. Such an outcome is inconsistent with principles of sound case management and judicial efficiency, as well as the presumption of the Federal Rules, and is disfavored in complex actions. Antitrust defendants often seek to limit discovery while a dispositive motion is pending, citing to the Supreme Court's recognition of the costs that can be associated with far-reaching antitrust discovery in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*"). Such an argument is wholly unpersuasive here, legally and factually.

*Twombly* does **not** require discovery to be stayed automatically in antitrust cases until the pleadings are resolved. *See In re Flash Memory Antitrust Litig.*, C 07-0086 SBA, 2008 WL 62278, at \*3 (N.D. Cal. Jan. 4, 2008) ("While the *Twombly* Court was certainly concerned with the expense of discovery in antitrust cases, its resolution of this concern was to require plaintiffs to plead non-conclusory, factual allegations giving rise to a plausible claim or claims for relief. The Court did not hold, implicitly or otherwise, that discovery in antitrust actions is stayed or abated until after a complaint survives a Rule 12(b)(6) challenge. Such a reading of that opinion is overbroad and unpersuasive." (citation omitted)); *see also New England Carpenters Health & Welfare Fund v. Abbott Labs.*, No. 12 C 1662, 2013 WL 690613, at \*3 (N.D. Ill. Feb. 20, 2013) ("*Twombly* and *Iqbal* do not *mandate* that a motion to stay should be granted every time a motion to dismiss is filed."); *Solomon Realty Co. v. Tim Donut U.S. Ltd., Inc.*, No. 2:08-cv-561,

2009 WL 2485992, at *3 (S.D. Ohio Aug. 11, 2009) ("Despite the defendants' interpretation of new pleading standards in the wake of *Twombly* and *Iqbal*, the Court is not persuaded that this case presents any need for departure from the general rule that a pending motion to dismiss does not warrant a stay of discovery."); *DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08 CV 1531, 2008 WL 4812440, at *3 (N.D. Ill. Oct. 28, 2008) (*Twombly's* concerns with the potential costs associated with antitrust discovery "is not . . . tantamount to an automatic prohibition on discovery in every antitrust case where defendants challenge the sufficiency of a complaint.").

### B.  Cost of Production Does Not Warrant Denying Plaintiffs' Motion

Any consideration of cost to Defendants is not a material concern because Defendants have *already* compiled, reviewed and produced the requested documents. As Judge Gonzales-Rogers recognized in *Lithium Ion Batteries*, the admonition in *Twombly* has no bearing where Defendants have already collected and produced documents to the government: "the nuance that I see here is that [Plaintiffs are] asking for not . . . full-blown discovery. The whole point of *Iqbal* and *Twombly* was that in antitrust cases, we don't want to authorize discovery because it's incredibly expensive. . .. The more nuanced point that I am hearing is that here, the expense argument doesn't exist because all of the expense has already been incurred so there isn't a significant expense for the defendants. That's the nuance."  Transcript of Proceedings at 100:9-20, *In re: Lithium Ion Batteries Antitrust Litigation*, No. 13-md-02420-YGR (N.D. Cal. Apr. 13, 2013), ECF No. 148, attached to Hartley Decl. as Exhibit 1.  In fact, Judge Gonzales-Rogers later questioned the *Lithium-Ion Battery* defendants' characterization of early production of documents produced to the government as "unusual," saying "[w]ell, not according to all the district judges I spoke to at the last MDL conference."  Transcript of Proceedings at 82:25–83:2, *In re: Lithium Ion Batteries Antitrust Litigation*, No. 13-md-02420-YGR (N.D. Cal. Aug. 8,

2014), ECF No. 502, attached to Hartley Decl. as Exhibit 2.

### C.  Courts Routinely Permit Expedited Discovery of Government Productions in Antitrust Cases

Judge Gonzales-Rogers' statement is consistent with rulings from MDL judges across the country agreeing that plaintiffs should have access to documents produced in parallel criminal or government investigations early in the litigation.  *See, e.g.*, *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637, 2017 WL 4322823, at *3–4 (N.D. Ill. Sept. 28, 2017) (court ordered limited production of documents already produced to the Florida Attorney General before resolution of any motions to dismiss); *In re Liquid Aluminum Sulfate Antitrust Litig.*, No. 16-md-2687-JLL-JAD (D.N.J. July 5, 2016), ECF No. 209 (order requiring production of DOJ documents); *In re Pool Products Distribution Market Antitrust Litig.*, No. 12-md-02328-SSV-JCW (E.D. La. June, 4, 2012), ECF No. 93 (production of FTC documents prior to answer or motion to dismiss); *In re High Tech Employee Antitrust Litig.*, No. 11-cv-2509 (N.D. Cal. Oct. 26, 2011), ECF No. 88 (production of DOJ documents prior to resolution of motion to dismiss); *In re Optical Disk Drive Antitrust Litig.*, No. 3:10-md-02143-RS (N.D. Cal. Apr. 7, 2011), ECF No. 379 (order requiring production of DOJ documents prior to resolution of motions to dismiss); *In re Platinum & Palladium Commodities Litig.*, No. 10-cv-3617-WHP (S.D.N.Y. Nov. 30, 2010), ECF No. 59 (ordering defendants to produce 250,000 pages of documents already produced to government authorities before the decision on the motion to dismiss); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 1:09-cv-03690 (N.D. Ill. Mar. 4, 2010), ECF No. 75 (ordering "[t]argeted discovery, including, but not limited to the previously produced material in the CFTC investigation" prior to resolution of the motions to dismiss); *In re Pharm. Indus. Average Wholesale Price Litig.*, MDL No. 1456, No. 01-12257-PBS (D. Mass. Oct. 28, 2002), ECF No. 161 (ordering defendants to produce documents previously produced "to any federal or state

executive or legislative agency or entity in connection with any investigation" less than two

months after numerous related complaints were consolidated).

### D.  Judicial Economy Favors Production

Early production also serves the goal of judicial efficiency and the policies underlying

Rule 1 of the Federal Rules of Civil Procedure, which directs the Court to construe, administer,

and employ the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive

determination of every action and proceeding."  Fed. R. Civ. P. 1.  Where, as here, "there is at

most minimal burden involved in producing" documents already produced to the DOJ, "then the

benefits of producing those documents now in terms of moving the case forward to a fair and

efficient resolution consistent with Rule 1 of the Federal Rules of Civil Procedure weigh in favor

of not putting off production until after the motions to dismiss are decided."  *Broiler Chicken*,

2017 WL 4322823, at \*3–4 (citing *id.*).

Allowing early discovery will accelerate the time it takes the parties and the Court to

make key determinations about how the case will proceed, and will inform the pleadings, case

management and discovery.  *See In re Broiler Chicken*, 2017 WL 4322823, at \*7 ("The benefit

to Plaintiffs of obtaining access to the relatively discrete set of documents they have requested . .

. so that Defendants and they can begin the process of intelligently discussing the appropriate

parameters of more fulsome discovery that may come in time . . . outweighs the incremental

expense and burden to [] Defendants of producing these documents which they already have

produced.").  Without access to the documents, Plaintiffs and the Court "will be less able to

make informed decisions about litigation strategy."  *In re Bank of Am. Corp. Sec., Derivative, &*

*Emp't Ret. Income Sec. Act (ERISA) Litig.*, No. 09 MDL 2058 (DC), 2009 WL 4796169, at \*1, 3

(S.D.N.Y. Nov. 16, 2009) (allowing early discovery of documents produced to the Securities &

Exchange Commission, Congress, the New York Attorney General, and the North Carolina

Attorney General notwithstanding the PSLRA stay).  The cost of producing these materials is minimal in relation to these benefits.

### E.  Good Cause Exists for the Documents to Be Produced

Early discovery – that is, before the Rule 26(f) conference – may proceed where good cause exists.  Good cause exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."  *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002); *see also Entm't Tech. Corp. v. Walt Disney Imagineering*, No. CIV.A. 03-3546, 2003 WL 22519440, at *4 (E.D. Pa. Oct. 2, 2003) ("[A] district court should decide a motion for expedited discovery 'on the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances.'" (citing *id.* and *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 624 (N.D. Ill. 2000)).  As numerous courts have done in other MDLs, weighing these considerations in light of the surrounding circumstances favors limited early discovery here.

First, the benefits of producing the discrete set of requested documents – documents Defendants have already produced to the DOJ – outweigh any burden of doing so.  The scope of the requested documents is targeted, narrow, and highly relevant to Plaintiffs' claims.  Plaintiffs only seek the documents that were already produced to government agencies investigating Defendants for anticompetitive conduct in the market for diisocyanates – the same conduct that forms the basis of Plaintiffs' claims.  Early production of those documents will ensure that all readily available pre-discovery facts are encompassed in the Consolidated Amended Complaint to be filed in this action and will permit this Court to rule upon a complaint that incorporates them.

Second, the prejudice to Defendants is minimal.  Defendants have already collected, reviewed and produced the documents in question pursuant to a government subpoena.  It is no burden to simply make another copy of those same materials.  Because of this, and the limited scope of Plaintiffs' request, the fact that the parties have not conducted a Rule 26(f) conference should be no obstacle to production.  At the Rule 26(f) conference, the parties will discuss custodians, search terms, and other topics relevant to creating a joint discovery plan.  *See* Fed. R. Civ. P. 26(f)(3).  But because the documents sought have already been gathered, reviewed and determined by the DOJ to be relevant to an industry investigation, these considerations are irrelevant.  Indeed, the proposed discovery is less burdensome to Defendants than the Rule 26(f) conference itself.

Early production will also help ensure that the parties and the Court have the benefit of the facts already disclosed to the DOJ before having to determine the sufficiency of the pleadings.  Unless the DOJ requests and is granted a stay, it is common in these cases that defendants produce the same documents to civil plaintiffs that they produced to the DOJ.  Even when the DOJ objects, which it has not done here (nor have Defendants raised that as a possibility), it is not uncommon for some areas of discovery to be permitted.  Based on these considerations, courts overseeing multidistrict litigation frequently require defendants to produce documents previously provided to government agencies even before the deadline for filing a consolidated complaint.  *See, e.g.*, *In re Resistors Antitrust Litig.*, No. 5:15-cv-03820-RMW (N.D. Cal. Feb. 2, 2016), ECF No. 112 ("All DOJ documents are to be voluntarily produced to Plaintiffs by 4/29/2016. The Consolidated Amended Complaint shall be filed by 5/27/2016"); *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices & Products Liab. Litig.*, No. 8:10-md-02151 (C.D. Cal. June 1, 2010), ECF No. 180 (ordering production of 75,000 to

100,000 pages of documents produced to governmental entities prior to the filing of the consolidated complaint); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, 580 F. Supp. 2d 896, 899-900 (N.D. Cal. 2008) ("On June 21, 2007, the Court entered a supplemental case management order, limiting discovery to the documents already being provided to the Department of Justice for purposes of the grand jury investigation" prior to filing consolidated complaints).

This Court is thus on solid legal footing in doing what common sense also mandates: providing for production of the requested subpoenaed documents.  If these documents are not produced now, and instead are received in discovery at some later point, it will likely necessitate another amendment to the Complaint to incorporate those new materials.  In the interests of judicial efficiency and the "just, speedy, and inexpensive determination" of this action, the documents should be produced now so Plaintiffs may include any relevant details from those already-produced materials in their first Consolidated Amended Complaint.  *See* Fed. R. Civ. P. 1.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court order production of the documents previously produced by Defendants to the Department of Justice and other government agencies, along with the subpoenas to which the documents responded and any agreements that limited the scope of those subpoenas.

Respectfully submitted,

Dated:  December 21, 2018                      _____*s/ Jason S. Hartley*_____

Jason S. Hartley  (CA 192514)
HARTLEY LLP
550 West C Street, Suite 1750
San Diego, CA 92101
Tel.: (619) 400-5822
Fax: (619) 400-5832
*hartley@hartleyllp.com*

Megan E. Jones
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel.: (415) 633-1908
Fax: (415) 358-4980
*mjones@hausfeld.com*

*Plaintiffs' Interim Co-Lead Counsel*

Dated:  December 21, 2018                      _____*s/ William Pietragallo, II*_____

William Pietragallo, II  (PA 16413)
PIETRAGALLO GORDON ALFANO
 BOSICK & RASPANTI, LLP
One Oxford Centre, 38th Floor
Pittsburgh, PA 15219
Tel.: (412) 263-2000
Fax: (412) 263-2001
*wp@pietragallo.com*

*Plaintiffs' Interim Liaison Counsel*

11