IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DIISOCYANATES ANTITRUST LITIGATION<br><br>This Document Relates to:<br>All Cases | Master Docket Misc. No. 18-1001<br><br>MDL No. 2862 |

AMBROSE, United States Senior District Judge

## ORDER OF COURT

Before the Court is Plaintiffs' Motion for Alternative Service of Foreign Defendants Wanhau and Mitsui. (ECF No. 204). Defendant Wanhua Chemical Group Co., Ltd. (Wanhua) and Defendant Mitsui Chemicals, Inc. (Mitsui) have responded thereto. (ECF Nos. 207 and 208). The Court has reviewed the parties' briefs, and the authority cited therein. As set forth below, Plaintiffs' Motion ((ECF No. 204) is denied as moot with regard to Defendant Wanhua and granted with regard to Defendant Mitsui.

According to Plaintiffs, Defendants Wanhua and Mitsui are the only Defendants on whom foreign services has not yet been completed. (ECF No. 205). With regard to Defendant Wanhua, Defendant Wanhua states that it no longer intends to challenge service and intends to respond to the Corrected Consolidated Amended Complaint (CAC) in accordance with the case management order. (ECF No. 207, pp. 1-2).

THEREFORE, Plaintiffs' Motion (ECF No. 204), as it relates to Defendant Wanhua, is denied as moot.

With regard to Defendant Mitsui, service has not yet been perfected under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Convention") and objects to alternative service. (ECF No. 208). Within this Circuit, Courts have indicated that where procedures are available under the Convention, service of process through the Convention

1

is mandatory, generally. See, e.g., Rice v. Electrolux Home Prods., Inc., No. 15-00371, 2018 U.S. Dist. LEXIS 176308, at *10 (M.D. Pa. Oct. 15, 2018); Allstate Ins. Co. v. Funai Corp., 249 F.R.D. 157, 161 (M.D. Pa. 2008). On February 25, 2019, this Court denied Plaintiffs' request for alternative service of process and required Plaintiffs to attempt service via the Convention. (ECF No. 173). To date, with the exception of Defendant Mitsui, Plaintiffs have perfected service on all Defendants (domestic and foreign) or the Defendants have agreed to accept service. Plaintiffs have attempted service on Defendant Mitsui through the Convention but Defendant Mitsui has yet to be served. As a result, Defendant Mitsui is the only remaining Defendant to be served in this action.

Initially, Plaintiff asserted that it will take approximately three to four months to perfect service in Japan. (ECF No. 195, p. 4). Four months have passed and service is not perfected on Defendant Mitsui. It is unknown how much longer service on Defendant Mitsui via the Convention will take. Additionally, Defendant Mitsui has had constructive notice of the pending litigation and attempted service. (ECF No. 208). In fact, Defendant Mitsui's wholly-owned U.S. subsidiary, Mitsui Chemicals America, Inc., was served with the CAC on February 2, 2019. (ECF No. 205, p. 2). At this point, continued delay will only serve to impede witness recollection and will unduly threaten the availability of relevant documents. Thus, I find that any further attempt of service of process through the Convention on this remaining Defendant will unduly delay the litigation. Given the above, I find that it is now the appropriate time to permit alterative service.

THEREFORE, Plaintiffs' Motion (ECF No. 204) is granted with respect to Defendant Mitsui. Plaintiffs may serve their CAC on Defendant Mitsui by serving it on its wholly-owned domestic subsidiary and/or counsel. Plaintiff shall file a notice with the Court once all Defendants (domestic and foreign) have been served. This will trigger the responsive pleading and briefing schedule set forth in Case Management Order No. 1 (ECF No. 108, ¶C).

AND NOW, this 17th day of September, 2019, IT IS SO ORDERED.

BY THE COURT:

*Donetta W. Ambrose*
_____
Judge Donetta W. Ambrose
Senior Judge, U.S. District Court