IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DIISOCYANATES ANTITRUST LITIGATION ) ) ) This Document Relates to: ) All Cases ) | Master Docket Misc. No. 18-1001 <br><br> MDL No. 2862 |

AMBROSE, United States Senior District Judge

## MEMORANDUM OPINION AND ORDER

This multi-district litigation stems from an alleged conspiracy to reduce supply and increase price for methylene diphenyl diisocyanate ("MDI") and toluene diisocyanate ("TDI"), precursor ingredients for the manufacture of polyurethane foam and thermoplastic polyurethanes.[1] Plaintiffs' CAC alleges violations of Sections 1 and 3 of the Sherman Act, 15 U.S.C. §§1, 3, from January 2016 to the present. Defendants propounded eight interrogatories on Plaintiffs.[2] (ECF

---

[1] Unless otherwise noted, the facts are taken from the CAC. (ECF No. 163).

[2] The eight interrogatories are as follows:

**INTERROGATORY NO. 1**
Identify the name of each individual Person(s) for each Defendant who You claim reached an agreement or understanding with another Defendant in furtherance of the conspiracy alleged in the Complaint, and describe the date(s) and factual circumstances in which that purported agreement or understanding was reached.

**INTERROGATORY NO. 2**
Identify each and every individual Person, firm, or corporation, whether or not employed by or affiliated with a Defendant, that allegedly participated in the conspiracy alleged in the Complaint.

**INTERROGATORY NO. 3**
For each individual Person, firm, or corporation identified in Your response to Interrogatory No. 1, identify each specific action or communication, including the date thereof, that was committed in furtherance of the purported conspiracy.

**INTERROGATORY NO. 4**
Identify the terms and conditions of the conspiracy alleged in the Complaint, including, without limitation, the dates of the purported conspiracy and how the terms and conditions of the purported conspiracy changed or were modified during its course.

No. 356-5).  Pending before the Court is Defendants' Motion to Compel Plaintiffs to Answer Defendants' First Set of Interrogatories.[3]   (ECF No. 356).  The related documents include: Defendants' Memorandum in Support of their Motion to Compel (ECF No. 357); Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Compel (ECF No. 364); Defendants' Reply (ECF No. 365).  On August 6, 2020, this Court entered an order requiring the parties to meet and confer again in an effort to resolve the issues.  (ECF No. 367).  On August 20, 2020, the parties filed a status report indicating that they had not reached an agreement regarding the same.  (ECF No. 370).  Therefore, the Motion is now ripe for review.

Federal Rule of Civil Procedure 37 governs motions to compel discovery, which directs that the scope of discovery is defined by Rule 26(b)(1) of the Federal Rules of Civil Procedure. Rule 26(b)(1) provides in relevant part: "Parties may obtain discovery regarding any nonprivileged

---

**INTERROGATORY NO. 5**
Identify each and every Purchase of MDI and/or TDI that You claim was affected by the conspiracy alleged in the Complaint and that was made by You or for You by another Person, firm, or corporation and the Documents and other evidence substantiating those MDI or TDI Purchases.

**INTERROGATORY NO. 6 – This interrogatory is not at issue,** *see,* ECF No. 357, p. 10, n. 3.
Identify each and every Purchase of MDI or TDI that You considered making but did not make or cancelled and, for each, identify the reason(s) that You did not make the Purchase or cancelled the Purchase and the Documents and other evidence substantiating those potential or cancelled Purchases.

**INTERROGATORY NO. 7**
Describe in detail all facts showing how, when, and to what extent or amount You claim to have been harmed or damaged as a result of the conduct alleged in the Complaint.

**INTERROGATORY NO. 8**
For each plant closure, suspension of production, or reduction of production that You contend was part of the alleged conspiracy, identify the plant, the date(s) of the closure, the date(s) on which You contend that the plant should have resumed full-scale production, the volume of MDI or TDI that You contend should have been produced but for the alleged conspiracy, and all facts supporting Your contention that the plant was closed, suspended, or reduced production pursuant to a conspiracy.

(ECF No. 356-5).

[3] All interrogatories, with the exception of #6, are at issue.  (ECF No. 357, p. 10, n. 3).

matter that is relevant to any party's claim or defense and proportional to the needs of the case."[4] The scope of discovery is broad, but it is not unlimited. *See,* FRCP 26(b)(2).

> The burden of establishing the relevance of discovery sought rests with the moving party.
>
>> When deciding a motion to compel, "[t]he moving party bears the initial burden to prove that the requested discovery falls within the scope of discovery as defined by Rule 26(b)(1). If the moving party meets this initial burden, the burden then shifts to the opposing party to demonstrate that the requested discovery (i) does not fall within the scope of discovery contemplated by Rule 26(b)(1), or (ii) is not sufficiently relevant to justify the burden of producing the information." *Atkinson v. Luitpold Pharms., Inc.*, 414 F. Supp. 3d 742, 744 (E.D. Pa. 2019) (quoting *Wright v. City of Philadelphia*, 2017 WL 1541516, at *1 (E.D. Pa. Apr. 28, 2017)).

*Plump v. La Salle Univ.*, No. 19-CV-4579, 2020 WL 3250532, at *2 (E.D. Pa. June 15, 2020).

With that in mind, I turn now to the interrogatories at issue. This multidistrict litigation has been ongoing for the better part of two years. No doubt, the information sought is relevant to the litigation. Moreover, simply because an interrogatory asks for an opinion or contention does not make it objectionable. F.R.Civ.P. 33(a)(2). I also appreciate the need to clarify and narrow the scope of the issues for further discovery. Nonetheless, I question the value/usefulness of the responses to questions that require disclosure of a narrative of "all facts" at this stage of the litigation when significant and continued supplementation would be required rendering them materially incomplete. Weighing these, I find that Plaintiffs should provide responses to Interrogatory Nos. 1, 2 and 5. These responses will clarify issues and narrow the scope of further discovery. To that end, Plaintiffs are directed to answer Interrogatory Nos. 1, 2 and 5 within 30 days of this order. I also find Interrogatory Nos. 3-4 and 7-8 are contentious and premature. As

---

[4] Rule 26(b) provides as follows:

> (b) Discovery Scope and Limits.
> (1) *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

a result, the Motion to Compel is denied without prejudice as to those Interrogatories. That is not to say that said discovery may not be had.  Defendants may revisit this issue **_after more substantial discovery_** has been disclosed.

THEREFORE, this 4th day of September, 2020, upon consideration of Defendants' Motion to Compel Plaintiffs to Answer Defendants' First Set of Interrogatories (ECF No. 356) it is ORDERED that said Motion is granted in part and denied in part without prejudice as more fully set forth above.  Based on the information Plaintiffs possess at this point, each Plaintiff shall provide substantive verified answers to Interrogatory Nos. 1, 2 and 5 within 30 days of this Order.

To the extent that Plaintiffs identify further information responsive to Interrogatory Nos. 1, 2 and 5 at a later date as discovery proceeds, it is FURTHER ORDERED that Plaintiffs shall be required to supplement these responses 90 days after the foreign Defendants substantially complete their document productions and, then again, 90 days before the close of fact discovery.

BY THE COURT:

_/s/ Donetta F. Ambrose_

Donetta W. Ambrose
Senior Judge, U.S. District Court