IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DIISOCYANATES ANTITRUST LITIGATION<br><br>This Document Relates to:<br>All Cases | Master Docket Misc. No. 18-1001<br><br>MDL No. 2862 |

AMBROSE, United States Senior District Judge

# **MEMORANDUM OPINION AND ORDER**

Plaintiffs filed a Motion seeking leave to amend the CAC to add an additional named Plaintiff, American Polymers Corp. (ECF Nos. 360, 361). Defendants filed a Memorandum in Opposition asserting that the Motion should be denied because Plaintiffs' actions constitute undue delay, and that the Motion is partially futile and substantially prejudices Defendants. (ECF No. 368). Thereafter, Plaintiffs filed a Reply. (ECF No. 369). The Motion is now ripe for review.

Federal Rule of Civil Procedure 15 governs amendments to pleadings and allows for amendments prior to trial with the opposing party's consent or with leave of court. F.R.C.P 15(a)(2). To that end, courts "should freely give leave when justice so requires." *Id.* "Motions to amend under Rule 15 are typically granted liberally, and a court may deny leave to amend only when '(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.'" *Wolfington v. Reconstructive Orthopedic Assocs. II PC*, 935 F.3d 187, 210 (3d Cir. 2019), citing *United States ex rel. Customs Fraud Investigations, LLC v. Victaulic Co.,* 839 F.3d 242, 249 (3d Cir. 2016) (quoting *United States ex rel. Schumann v. AstraZeneca Pharm. L.P.,* 769 F.3d 837, 849 (3d Cir. 2014)).

This antitrust litigation was initiated on October 10, 2018 and involves diisocyanates. Plaintiffs' CAC alleges Plaintiffs purchased diisocyanates from Defendants. (ECF No. 163, ¶¶21-24, 54). More specifically, the CAC discusses the purchase of both MDI (methylene diphenyl

diisocyanate) and TDI (toluene diisocyanate).  *Id.*  Defendants moved to dismiss the TDI allegations arguing, *inter alia,* that Plaintiffs lacked standing to bring the same.  (ECF No. 224).  In response to Defendants' Motion to Dismiss, Plaintiffs stated that they alleged that they purchased both MDI and TDI from Defendants at inflated prices in the CAC.[1]  (ECF No. 243, p. 34). On June 11, 2020, Plaintiffs discovered that "none of the [named] Plaintiffs have records of any purchase of TDI from a Defendant during the Class Period." (ECF No. 361, p. 9).  According to Plaintiffs, this was a "misunderstanding" based on "client representations to counsel." *Id.*  On July 5, 2020, Plaintiffs informed Defendants of the same and sought consent to add American Polymers Corp., a putative class Plaintiff, as a named Plaintiff.

Defendants assert the Motion to Amend should be dismissed due to undue delay.  (ECF No. 368).  Upon review of the submissions of the parties, I find that though it would have been preferable for Plaintiffs' to have uncovered their "misunderstanding" previously, I do not find bad faith or undue delay.  Within thirty days of discovering the misunderstanding, Plaintiffs informed Defendants. While Defendants assert that Plaintiffs should have discovered their "misunderstanding" at various prior junctures (*e.g.* before filing their Complaint and when Plaintiffs rejected the notion that none of the named Plaintiffs purchased TDI in response to Defendants' Motion to Dismiss, among others), this does not alter the fact that this case is still in its early stages.  Discovery has just recently begun.  Jurisdictional discovery with foreign Defendants is ongoing.  Deadlines for challenges to class certification pursuant to Rule 23 have not been set. No trial date has been contemplated or set. Additionally, I note that TDI products have been a part of the action from the very outset of this multi-district litigation. *See,* ECF No. 1. Consequently, amendment should not materially delay any current schedule.

---

[1] On this issue, I ruled as follows: "Defendants' contention that Plaintiffs failed to adequately plead a TDI conspiracy claim (based on a single conspiracy that includes TDI and lack of standing to bring a TDI conspiracy) is rejected. When read <u>in toto</u>, Plaintiffs' CAC has sufficiently pled that they purchased both TDI and MDI and paid inflated prices." (ECF No. 289, p. 5).  The amendment sought by Plaintiffs does not alter the rationale behind this ruling.  Based on the same and for the reasons set forth, *infra,* I find no basis to reconsider the issue of standing.

Defendants further assert that the amendment is partially futile because it is barred by the statute of limitations and because it does not cure the jurisdictional defects as to the foreign Defendants.  (ECF No. 368, pp. 18-23).  I disagree.  Rule 15(c) provides that an amendment to a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading."  F.R.C.P. 15(c)(1)(B).  The touchstone of relating back is fair notice.  *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 149 n. 3 (1984).  Defendants suggest that the court's inquiry must go further and consider Rule 15(c)(1)(C) in accordance with *Nelson v. City of Allegheny,* 60 F.3d 1010, 1011-1013 (3d Cir. 1995).  *Nelson* involved a motion to amend that was filed after class certification had been denied.  That is not the case here.  Thus, I find Defendants' reliance on the same is misplaced.  "[T]he timely filing of a class action tolls the applicable statute of limitations for all persons encompassed by the class complaint."  *American Pipe & Construction Co. v. Utah,* 414 U.S. 538, 553 (1974).  The tolling lasts for putative class members until a ruling on class certification, which has not occurred yet in this case.[2]  *Id; see also, China Agritech, Inc. v. Resh,* ___ U.S. ___, 138 S.Ct. 1800, 1806 (2018); *Schultz v. Midland Credit Mgmt., Inc.,* No. 16-cv-4415 (JLL), 2019 WL 2083302, at *10-11 (D.N.J. May 13, 2019)(holding *China Agritech* does not prohibit *American Pipe* tolling "to allow the addition or substitution of a named plaintiff in an ongoing putative class action following the expiration of the statute of limitations but prior to a decision on class certification.").

Plaintiffs are not attempting to inject a new unanticipated claim or assert a new theory.  From the outset they have pursued claims related to diisocyanates, including TDI.  As evidenced by the proposed amendment, Plaintiffs merely seek to add a named Plaintiff from a putative class member and assert the identical claims.

> Plaintiff American Polymers Corp. is a California corporation with its principal place of business in Santa Fe Springs, California.  American Polymers Corp. purchased

---

[2] The issue of whether the named Plaintiffs adequately represent the purported class is a Rule 23 issue and will be addressed at the appropriate time and in due course.

> in the United States one or more of the products at issue directly from one or more of the Defendants during the Class Period and was injured in its business or property by reason of Defendants' alleged violations of the Sherman Act.

(ECF No. 361, p. 21).  Additionally, Defendants do not suggest that Plaintiffs' CAC is untimely.  Based on the same, I find the claim relates back to the filing of the class action.  Therefore, Plaintiffs' requested amendment would not be barred by the statute of limitations, and, thus, not futile.[3]

Finally, Defendants assert that they will be "substantially prejudiced" by the proposed amendment because they should not have to litigate allegations that should never have been brought and should have been dismissed several months ago resulting in wasted time and resources. (ECF No. 368, pp. 23-25).  To the contrary, Defendants have had notice all along that TDI (as a diisocyanate) is part of the alleged conspiracy. As set forth above, this is a not new claim.  Time and resources spent, therefore, are not wasted.  Additionally, at this stage of the litigation, efforts expended will continue to be of value as they continue to defend the claims as previously asserted.  New investigative efforts related to American Polymers should not take considerable time since TDI allegations were always a part of the CAC and the early discovery issues/parameters that have already been hammered out will apply to American Polymers.  Lead and Liaison counsel remain the same such that the new and different objections to previous discovery requests should not be an issue.  Moreover, permitting the amendment should not materially delay the current discovery schedule as it does not change the nature of claims asserted against Defendants.

Consequently, I find that justice so requires amendment.

---

[3]Defendants also suggest in a paragraph that amendment should be denied because it "does not cure the jurisdictional defects as to the Foreign Defendants."  (ECF No. 368, p. 23).  The court previously denied without prejudice Foreign Defendants Rule 12(b)(2) jurisdictional motions.  (ECF No. 291).  Foreign Defendants, Covestro AG and Wanhua Chemical Group, have not filed renewed motions.  Therefore, any ruling regarding the same would be premature at this time.


THEREFORE, this 4th day of September, 2020, upon consideration of Plaintiffs' Motion for Leave to Amend Their Corrected Consolidated Amended Class-Action Complaint (ECF No. 360), it is ORDERED that said Motion is granted.  It is further ORDERED as follows:

1. Plaintiffs are granted leave to file a Consolidated Second Amended Class-Action Complaint (Second Amended CAC) to add American Polymers Corp. as an additional named Plaintiff by September 10, 2020.

2. Plaintiffs Second Amended CAC only shall include the following new allegation at Paragraph 24A.

> Plaintiff American Polymers Corp. is a California corporation with its principal place of business in Santa Fe Springs, California. American Polymers Corp. purchased in the United States one or more of the products at issue directly from one or more of the Defendants during the Class Period and was injured in its business or property by reason of Defendants' alleged violations of the Sherman Act.

3. In accordance with the Order granting Plaintiffs' leave to file their Consolidated Amended Class-Action Complaint under seal (ECF No. 153), Plaintiffs may file their Second Amended CAC under seal.

4. Defendants are permitted, but need not, file responsive pleadings to the Second Amended CAC by September 24, 2020.

5. If no responsive pleading is filed to the Second Amended CAC, Defendants' Answers to the CAC shall be deemed to have been filed in response to the Second Amended CAC, in which case Defendants shall be deemed to have denied the allegations of paragraph 24A of the Second CAC.

6. Plaintiffs shall provide the information required under Section 4(c) of the Stipulated Order re: Discovery of Electronically Stored Information (ECF No. 313) for Plaintiff, American Polymers within 21 days of this order.

7. Plaintiffs shall collect and provide Defendants with the data field maintained by Plaintiff, American Polymers, and a sample of the requested fields within 30 days of this order.

BY THE COURT:

*Donetta F. Ambrose*

_____
Donetta W. Ambrose
Senior Judge, U.S. District Court