IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DIISOCYANATES ANTITRUST LITIGATION<br><br>This Document Relates to:<br>All Cases | Master Docket Misc. No. 18-1001<br><br>MDL No. 2862 |

AMBROSE, United States Senior District Judge

# OPINION
# AND
# ORDER OF COURT

This multi-district litigation stems from an alleged conspiracy to reduce supply and increase price for methylene diphenyl diisocyanate ("MDI") and toluene diisocyanate ("TDI"), precursor ingredients for the manufacture of polyurethane foam and thermoplastic polyurethanes.[1]  I note that Plaintiffs and the Foreign Defendants[2] have engaged in negotiations regarding disputes to keep this MDL moving forward and I commend them for their ability to resolve most issues.  Understandably, there are and will be times when the parties reach an impasse.  This is one of those times.

Plaintiffs have filed a Motion to Compel Foreign Defendants to Produce Documents and Information Responsive to Plaintiffs' Jurisdictional Discovery Requests pursuant to Rule 37(a)(3)(B) of the Federal Rules of Civil Procedure.  (ECF Nos. 391, 392, 394).  Specifically, Plaintiffs seek an order compelling: 1) Foreign Defendants to search for and produce documents and information from January 1, 2014 to December 31, 2019; 2) Foreign Defendants to search for and produce documents and information related to MDI and TDI systems as well as stand-

---

[1] Unless otherwise noted, the facts are taken from the Consolidated Second Amended Class-Action Complaint ("SAC").  (ECF No. 377).

[2] The "Foreign Defendants" referred to in this order are Covestro AG and Wanhua China.

alone MDI and TDI;[3] 3) Wanhua China to search for and produce documents related to TDI; 4) Wanhua China to respond to Jurisdictional Requests for Production Nos. 17 and 18; 5) Wanhua China to respond with information and documents regarding all of its United States based related entities, not just Wanhua Chemical (America) Co.; 6) Wanhua China to disclose information regarding any agent for service of process it has or previously had in the United States in response to Jurisdictional Interrogatory No. 8; 7) Wanhua China to identify any business related visits made by its personnel to the United States, not limited to visits for sales purposes only, in response to Jurisdictional Interrogatory No. 6; and, 8) Wanhua China to produce documents in response to Request for Production Nos. 9, 10, 16 and 23, instead of relying on references to Interrogatories Responses.  (ECF No. 391).  Foreign Defendants filed a Brief in Opposition thereto along with related documents.  (ECF No. 413).  Plaintiffs filed a Reply.  (ECF No. 424).  The Motion is now ripe for review.[4]

**I.    ANALYSIS**

Federal Rule of Civil Procedure 37 governs motions to compel discovery, which directs that the scope and limits of discovery are defined by Rule 26(b)(1) of the Federal Rules of Civil Procedure. Rule 26(b)(1) provides, in relevant part: "Parties may obtain discovery regarding any nonprivileged **matter that is relevant to any party's claim or defense <u>and</u> proportional to the needs of the case**."[5]  (Emphasis added).  The scope of discovery is broad, but it is not unlimited.

---

[3] Covestro AG has resolved all specific discovery requests with Plaintiffs and, thus, the first two issues are the only disputes with regard to Covestro AG.  (ECF No. 413, p. 7, n.4).

[4] All documents filed under seal and related hereto have been reviewed.

[5] Rule 26(b) provides as follows:

  (b) Discovery Scope and Limits.
   (1) *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

2

*See,* FRCP 26(b)(2).  The 2015 Amendments to Rule 26(b)(1) were designed to restore proportionality factors into the consideration of defining discovery. *Id.* at 2015 Advisory Committee Notes.  "The court may limit discovery to ensure its scope is proportional to the needs of a case…." *Democratic Nat'l Comm. v. Republican Nat'l Comm.*, No. 18-1215, 2019 WL 117555, at *2 (3d Cir. Jan. 7, 2019).  Thus, the scope of relevant and proportionate jurisdictional discovery is necessarily more limited than merits discovery.

The determination of the limits of discovery is within the sound discretion of the court and is a case-specific determination.  *Id.*  Accordingly, a court may limit relevant discovery if it is not proportional to the needs of the case.  F.R.C.P. 26(b)(1).

The burden of establishing the relevance of discovery sought rests with the moving party.

> When deciding a motion to compel, "[t]he moving party bears the initial burden to prove that the requested discovery falls within the scope of discovery as defined by Rule 26(b)(1). If the moving party meets this initial burden, the burden then shifts to the opposing party to demonstrate that the requested discovery (i) does not fall within the scope of discovery contemplated by Rule 26(b)(1), or (ii) is not sufficiently relevant to justify the burden of producing the information." *Atkinson v. Luitpold Pharms., Inc.*, 414 F. Supp. 3d 742, 744 (E.D. Pa. 2019) (quoting *Wright v. City of Philadelphia*, 2017 WL 1541516, at *1 (E.D. Pa. Apr. 28, 2017)).

*Plump v. La Salle Univ.*, No. 19-CV-4579, 2020 WL 3250532, at *2 (E.D. Pa. June 15, 2020). "The parties and the court have the collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes."  F.R.C.P. 26(b)(1), 2015 Advisory Committee Notes.  It is worthy to note from the outset, discovery from a foreign defendant involving the collection, analyzing of documents, and production of the same is made more burdensome given that we are in the midst of a global pandemic hampering all efforts.

With that in mind, I turn now to the issues at hand.

### A. Relevant Time Period for Jurisdictional Discovery

On a related issue, Plaintiffs filed a Motion to Compel Domestic Defendants to produce unstructured document discovery from January 1, 2014 through December 31, 2019.  (ECF No. 395).  Plaintiffs argue that the time period for jurisdictional discovery should be the same.  In ruling

3

on the Motion to Compel Domestic Defendants, however, I found the relevant and proportional time period for unstructured discovery is January 1, 2015 through December 31, 2019.  Since Plaintiffs request that the time period for jurisdictional discovery align with and mirror the time period for unstructured discovery for Domestic Defendants (ECF No. 394, pp.8-10), I will consider January 1, 2015 through December 31, 2019 as the Plaintiffs' requested time frame in ruling on the present Motion.[6]  In response, Foreign Defendants assert the relevant and proportionate time period for jurisdictional discovery is January 1, 2015 through June 28, 2018.  (ECF No. 413, pp. 9-12).   Based on the same, the beginning date for the jurisdictional time period is January 1, 2015.

As to the end date for jurisdictional discovery, Foreign Defendants assert that relevant and proportionate time period ends on June 28, 2018, the date the first complaint was filed.[7] (ECF No. 413, p. 10).  Unlike the argument of the Domestic Defendants, the Foreign Defendants assert their discovery pertains only to jurisdictional discovery, not merits discovery, so there is no reason for the time period to be as broad as merits discovery.  *Id.* at pp. 10-12.  They further suggest jurisdictional discovery should end as of the date of the filing of the first complaint because the "'focus on whether a defendant has purposefully availed itself of the privilege of conducting activities in the forum state necessarily implies that only conduct prior to the accrual of the cause of action, or at the very latest, the filing of the lawsuit is relevant.'"  (ECF No. 413, pp. 11-12, *quoting, United Phosphorus, Ltd. v. Angus Chem. Co.,* 43 F.Supp.2d 904, (N.D. Ill 1999)).

---

[6] Plaintiffs point out that Covestro AG asserts it did not come into existence until August 20, 2015.  (ECF No. 394, p. 5, n.4).  As a result, Plaintiffs "agree that the issue of discovery from Covestro AG from before that date may be moot, assuming that Covestro AG will attest that a reasonable search and inquiry has determined that it has no relevant documents or information from before that time in its custody and control."  *Id.*  I am hopeful Plaintiffs and Covestro AG will reach a resolution of this matter.

7 The first Complaint was filed on June 28, 2018 in *Utah Foam Prod. Inc. v. Bayer AG, et al.* No. 2:18-cv-858 (W.D. Pa. June 28, 2018).
.

Therefore, Foreign Defendants conclude that Plaintiffs are not entitled to jurisdictional discovery after the filing of the first complaint.

In reply, Plaintiffs argue that the post-complaint time period for jurisdiction is relevant to establish motivation. (ECF No. 424, p. 4). Plaintiffs also suggest that they continue to investigate unlawful conduct that occurred after the filing of the complaint and "there is no reason to simply cut off the discovery of relevant contact as of the filing of the complaint." (ECF No. 424, p. 5).

Upon review, I find no controlling bright line test for the temporal framework of jurisdictional discovery. *See, McMullen v. European Adoption Consultants, Inc.,* 109 F.Supp.2d 417, 420 (W.D. Pa. 2000); *Endless Pools, Inc. v. Wave Tec Pols, Inc.,* 362 F.Supp.2d 578, 583 (E.D. Pa. 2005); *cf., United Phosphorus,* 43 F.Supp2d at 910. Here, the SAC alleges a conspiracy "through the present." (SAC, ¶3). The SAC suggests that price increases are "ongoing" and persist "to this day." (SAC, ¶¶3, 104, 161). Further, I have granted merits discovery until December 31, 2019. Based on the same, I find an end date of December 31, 2019 is appropriate and proportionate for the limited jurisdictional discovery, as well. Therefore, the relevant time period for the limited jurisdictional discovery is January 1, 2015 through December 31, 2019.

### B.    Scope of the Products

As they did in their Motion to Compel Domestic Defendants, Plaintiffs argue that this case involves MDI and TDI Systems, and as such, request the Foreign Defendants be ordered to search for and produce documents and information related to MDI and TDI, as well as MDI and TDI Systems. (ECF No. 394, pp. 10-12). As more fully set forth in my ruling on Plaintiffs' Motion to Compel Domestic Defendants, I disagree. This is a case about a conspiracy to fix prices of MDI and TDI only, and not Systems. I did not permit discovery of Systems as it relates to merits discovery. The discovery at issue here is limited to that of jurisdictional discovery only. As such, I find that the discovery of Systems is overly broad and vague, unduly burdensome, and is not

proportionate to the needs herein.  Therefore, Plaintiffs' Motion is denied as it relates to Systems discovery.[8]

### C. Documents related to TDI (Wanhua China only)

Plaintiffs request that Wanhua China be ordered to search for and produce documents related to TDI during the relevant period.  (ECF No. 394, pp. 12-13).  Wanhua China submits that it did not manufacture, sell, or distribute TDI at all until December of 2018, after the first complaint was filed, and it did not sell TDI manufactured by Wanhua China in the United States during any time from 2014-2019.  (ECF No. 413, p. 15).  Thus, Wanhua China submits that any such documents would be irrelevant.  *Id.*  Plaintiffs counter that TDI documents are relevant because, even if Wanhua China did not manufacture, sell, or distribute TDI during the entire relevant time period, TDI documents could show, among other things, if the decision to stay out of the TDI market was made to keep the supply in the market low.  Additionally, Plaintiffs submit that if Wanhua China does not have such documents, the burden to respond should be minimal.

Since I have found the relevant time period to be 2015-2019, Wanhua China did manufacture, sell, or distribute TDI during a portion of the relevant time period.  Further, I agree with Plaintiffs that the production of TDI documents may be relevant to jurisdictional discovery as this is a case about a conspiracy to fix prices of TDI (and MDI) and producing the same should not be unduly burdensome.  As such, I find TDI related documents are relevant and proportionate and should be produced.  Therefore, Plaintiffs' Motion is granted in this regard and Wanhua China is to search for and produce TDI related documents.

### D. United States based related entities (Wanhua China only)

Plaintiffs request in Interrogatory No. 1 that Wanhua China identify all of its related entities located in and/or having conducted, advertised, promoted, or solicited any business in the United

---

[8] It is worth noting that Foreign Defendants "will produce documents related to MDI or TDI that also refer to Poloyol or Systems."  (ECF No. 413, p. 14).

States.[9] (ECF No. 394, pp. 13-14). In response, Wanhua China argues the request is too broad and should be limited to entities that manufactured or sold MDI or TDI[10] rather than to "any business." (ECF No. 413, p. 16). Upon review, I agree that this Interrogatory is overreaching. The discovery sought should be specifically tied to MDI and TDI. Obviously, Wanhua Chemical (America) Co. has specific ties to MDI and/or TDI. According to Wanhua China, Wanhua China U.S. Holding Inc. ("Holding") and Wanhua China U.S. Operations LLC ("Operations") have specific ties – "Holding and Operations were formed to evaluate, design, construct, and operate and MDI production plant in the U.S…." (ECF No. 413, p. 17). As a result, a relevant and proportionate response from Wanhua China should include the Holding and Operations.

I find jurisdictional discovery related to the other two entities identified by Wanhua China to be too speculative and not proportionate as it relates to burden. To be clear, Plaintiffs' Motion in this regard is granted as to Holding and Operations only. Therefore, Wanhua China is to respond to Interrogatory No. 1 with information regarding Holding and Operations, as well as Wanhua Chemical (America) Co.

### E. *Jurisdictional Requests for Production 17 and 18 (Wanhua China only)*

Plaintiffs seek Wanhua China to respond to Requests for Production Nos. 17 and 18. (ECF No. 394, pp. 14-15). The Requests provide as follows:

> Request No. 17: All Documents relating to any written or unwritten agreements between or among You and any other Defendants regarding the production,

---

[9]Interrogatory No. 1 specifically provides:

> Identify the name of each Related Entity located in and/or having conducted, advertised, promoted, or solicited any business in the United States; their locations; any subsidiaries, affiliates or agents of any Related Entity which are also located in or have conducted, advertised, or solicited any business in in the United States; the amount of Your ownership interest in the Related Entity; and the nature of the business (including but not limited to value in U.S. dollars) in which the Related Entity, and any of its subsidiaries, affiliates or agents, are or were engaged.

(ECF No. 392-3, p. 6).
[10] To that end, Wanhua China states that Wanhua China America is the only entity affiliated with Wanhua China in the United States that marketed or sold MDI or TDI in the United States and because Wanhua China America is already a party, they are already producing discovery. (ECF No. 413, p. 16).

>manufacturing, marketing, pricing, exchange, swap, sale or resale of any products in the United States.
>
>Request No. 18: All Documents relating to any Meetings attended by You and any other Defendant at which there was any Communication concerning the production, manufacturing, marketing, pricing, exchange, swap, sale or resale of any products in the United States or that would reach the United States.

(ECF No. 392-2, p. 14). Plaintiffs argue that the documents are relevant to the "effects test" and to the co-conspirator exception and are amenable to negotiating reasonable search terms. (ECF No. 394, p. 15). In response, Wanhua China argues that said Requests go beyond the limited scope of jurisdictional discovery and seek merits related discovery. (ECF No. 413, pp. 18-20). To that end, Wanhua China has agreed to produce the following:

>Wanhua China has produced its annual sales of MDI to the U.S., *see* Lindner Decl. Ex. E, Wanhua China Interrog. Resp. No. 9, and agreed to produce documents relating to its role in the sale, production, manufacturing, pricing, or distribution of MDI by WANHUA CHINA. *See* Lindner Decl. Ex. N, at p. 4. Additionally, Wanhua China will produce "documents . . . reflecting communications between Wanhua China and any U.S. MDI purchaser with respect to the production, manufacturing, marketing, pricing, exchange, swap, sale or resale of MDI products in the [US]." *Id*. It also will produce documents "sufficient to identify actual U.S. purchasers of MDI manufactured by Wanhua China during the relevant period."

(ECF No. 413, p. 19-20). After a review, I find such requests are overreaching as written. Plaintiffs have not shown such discovery is proportional given Wanhua China's agreement to produce the documents set forth above. As a reminder, at issue is jurisdictional discovery only. Therefore, Wanhua China must respond to Request Nos. 17 and 18, as they have agreed to above, except that the response to any discovery request must include both MDI and TDI during the relevant time period - January 2015 through December 2019.

### F.    *Agents for Service of Process in response to Jurisdictional Interrogatory No. 8 (Wanhua China only)*

Plaintiffs seek an order compelling Wanhua China to more fully answer Interrogatory No. 8, which asks Wanhua China to "[i]dentify any and all agents You have authorized currently or previously to receive service of process or other notice of legal proceedings within the United States or any state or other jurisdiction of the United States, for any judicial or other legal

8

proceedings, including, but not limited to, any received under 35 U.S.C. § 293." (ECF No. 394, pp. 15-16).  Plaintiffs suggest that such information is relevant to a consideration of personal jurisdiction and that the response would not be burdensome.  (ECF No. 394, pp. 15-16; No. 424, p. 6).  In response, Wanhua China does not assert that a response to the same would be unduly burdensome.  (ECF No. 413, p. 20-21).  Rather, Wanhua China asserts that the only relevant information is limited to authorized agents for services of process relating to the "sale" of MDI or TDI.  *Id.*  Plaintiffs suggest that Wanhua China's response that "it has not authorized any agent for service of process in the United States relating to the sale of MDI or TDI" indicates Wanhua China is "actively withholding information" or "hiding something" such that I should compel Wanhua China to respond.  (ECF No. 394, p. 16, No. 424, p. 6).  Plaintiffs do not support this accusation with evidence and is pure conjecture.  After a review, however, I find that the information sought as it relates to MDI and TDI (not just sales) is relevant and that, by limiting the response to the relevant time period (January 2015 through December 2019), the burden of identifying such information is not unduly burdensome.   Therefore, Wanhua China must respond to Interrogatory No. 8 as it relates to the relevant time period of January 2015 through December of 2019.

      **G.**    ***Business Related Visits to United States in response to Jurisdictional Interrogatory No. 6 (Wanhua China only)***

Plaintiffs next seek an order compelling Wanhua China to more fully answer Interrogatory No. 6, which asks Wanhua China to "[i]dentify any of Your officers, directors, Employees, representatives, or agents who have visited the United States for the purpose of conducting or soliciting any business; the dates and length of their visit(s) to the United States; any persons, corporations or other Entities with whom they met during their visit(s); and the purpose of their visit(s)."  (ECF No. 394, pp. 17-18).  Wanhua China has limited its response to Interrogatory No. 6 to "visits by Wanhua China employees to the United States relating to the sale of MDI or TDI in the United States," thus, again limiting its response to sales only.  Plaintiffs assert Wanhua China's

response should not be so limited and assert that other matters such as visits regarding the manufacturing of MDI or TDI would be relevant for an alter-ego or agency analysis.

Upon review, I agree with Wanhua China that visits to the United States for the purpose of conducting or soliciting "any business" is too broad and not proportionate. Jurisdictional discovery, however, should not be limited to just sales, but rather business documents related to MDI and TDI. Based on the same, I find that MDI and TDI business-related visits by its personnel to the United States is relevant and proportionate. Therefore, Wanhua China must respond to Interrogatory No. 6 to the extent that it relates to MDI and TDI business visits by its personnel to the United States.

### H. Responses to Request for Production Nos. 9, 10, 16 and 23 (Wanhua China only)

Finally, Plaintiffs take issue with Wanhua China's response to certain Requests for Production[11] that merely reference an answer to an Interrogatory. (ECF No. 394, pp. 18-19). To

---

[11] The Requests for Production at issue here provide as follows:

Request No. 9
Documents sufficient to show all travel to the United States by any of Your officers, directors, Employees, representatives or agents for the purpose of attending trade shows, conventions or other industry events, conducting business, or engaging in any business activity, including, but not limited to, expense records, airplane tickets, hotel bills, car rental bills and other travel records, as well as Documents sufficient to show the dates and purposes of any such travel.

Request No. 10
Documents sufficient to identify any of Your present or former officers, directors or Employees who were also an officer, director or Employee of a Related Entity located in and/or having conducted, advertised, promoted or solicited business in the United States, either concurrently or during separate time periods.

Request No. 16
For each year during the Relevant Period, Documents sufficient to show Your annual sales of any products billed to or shipped to a location in the United States (including, but not limited to, sales of any Class Products to any Related Entity located or conducting business in the United States) and the dollar amount of each such sale.

Request No. 23
Documents relating to any shipment, sale or distribution and amount of any products, goods or services manufactured, sold or provided in whole or in part by You to any Related Entity or other Entity located in or having conducted, advertised, promoted, or solicited business in the United States.

(ECF No. 392-2, pp. 12-14, 16).

that end, Plaintiffs contend that the responsive documents "may have additional information beyond that disclosed in an interrogatory response." *Id.* at p. 18. Plaintiffs further argue that such production would not be burdensome because Wanhua China would have already reviewed the documents to consolidate the information contained in the Interrogatory response. *Id*. at pp. 18-19. In opposition, Wanhua China contends that the "search for, review, and produc[tion of] additional documents in response to these requests would be duplicative, burdensome, and not proportional to the needs of the case." (ECF No. 413, p. 23).

With regard to Interrogatories 9, 10 and 16, I note that Plaintiffs are looking for information "sufficient to show" or "sufficient to identify" their requests. (ECF No. 392-2, pp. 12-14, 16). Plaintiffs, however, suggest that their detailed list of items to be produced is not exhaustive. To be responsive, I do believe that documents must be produced and not merely referred back to a summarized interrogatory answer. I do not, however find that an exhaustive production of every minor piece of paper must be produced as Plaintiffs seem to urge. Such a production simply is not proportional to the needs of jurisdictional discovery. Therefore, Wanhua China is ordered to produce documents "sufficient to" show, identify or respond to Requests for Production Nos. 9, 10, 16, and 23.

THEREFORE, this 18th day of December, 2020, upon consideration of Plaintiffs' Motion to Compel Foreign Defendants to Produce Documents and Information Responsive to Plaintiffs' Jurisdictional Discovery Requests (ECF No. 391), it is ORDERED that said Motion to Compel is granted in part and denied in part as stated herein above.

BY THE COURT:

*/s/ Donetta F. Ambrose*

Donetta W. Ambrose
United States Senior District Judge