EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE DIISOCYANATES ANTITRUST LITIGATION<br><br>This document relates to:<br>ALL ACTIONS | Master Docket Misc. No. 18-1001<br>MDL No. 2862 |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FOR UNSTRUCTURED DATA

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs hereby request that each Defendant respond separately to each of the following requests for production of documents (the "Requests") and produce all responsive documents for inspection and copying within thirty (30) days.

## DEFINITIONS

The following definitions apply to the Requests:

1. "Agreement" means any oral or written contract, arrangement or understanding, whether formal or informal, between two or more Persons, including all drafts, versions, modifications, amendments, attachments, exhibits, and appendices.

2. "All" includes the collective as well as the singular and means each, any, and every.

3. "Any" means one or more.

1

4.      "Antitrust Regulatory Authority" means, without limitation, any governmental antitrust regulatory or investigative entity, whether domestic or foreign, including but not limited to the United States Department of Justice, United States Federal Trade Commission, the Attorneys Generals of any of the United States, or any grand jury investigation.

5.      "Class Products" means methylene diphenyl diisocyanate ("MDI") and toluene diisocyanate ("TDI"), and all products made, sold, traded or marketed by any Defendant that contain MDI or TDI, whether in pure form or in any other concentration, composition, blend or mixture, including systems.

6.      "Communication" means any oral or written disclosure, transfer, or exchange of information, thought or opinion, including without limitation e-mails, text messages, instant messages, voice messages, uploading or downloading of documents on a file-sharing, hosting or other website, and other electronic communications, and correspondence, memoranda, reports, presentations, face-to-face conversations and meetings, telephone conversations or conference calls, negotiations, Agreements, inquiries, understandings, notes, or recorded information, regardless of whether a party that receives any information, thought or opinion responds to it.

7.      "Date" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events.

8.      "Defendant" means any company, organization, entity or person presently or subsequently named as a defendant in this action.

9.      "Document" means the original and all non-identical copies (including copies that are non-identical by reason of any notation made on them) of all items subject to discovery under Rule 34 of the Federal Rules of Civil Procedure, including, without

limitation, Agreements, Communications, e-mails (and all attachments), letters, correspondence, text messages, instant messages, voice messages, memoranda, facsimiles, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, price lists, business or strategic plans, presentations, market studies, forecasts, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, spreadsheets, sales or purchase documentation, advertising and promotional literature, stored recordings, agendas, attendee lists, minutes or other records of meetings (formal or informal), all written or graphic records or representations of any kind, and all physical, mechanical or ESI, and all drafts or partial copies, versions, alterations, modifications, changes and amendments of any of the foregoing.

10.     "Electronically Stored Information," abbreviated as "ESI," has the same meaning and scope as provided in the Federal Rules of Civil Procedure and includes, without limitation:

a.     structured and unstructured data, as those terms are defined in *The Sedona Conference Glossary: E-Discovery & Digital Information Management*, Fourth Edition, April 2014, available at https://thesedonaconference.org/publications;

b.     activity listings of electronic mail receipts and/or transmittals;

c.     output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant Messenger or any other instant or direct messaging

program, bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether the output exists in an active file, a deleted file, or file fragment;

        d.     any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a mobile device or personal digital assistant (e.g., Blackberry, iPhone, other brands of smart phones or similar devices) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

        e.     any and all items stored on voice-mail systems, internal or external websites, company intranet sites, chat rooms and social networking websites (e.g., Facebook, LinkedIn, Snap Chat, Whatsapp, and other social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

        f.     any and all data, data compilations, and data analyses.

11.    "Employee" means, without limitation, any current or former officer, director, executive, manager, secretary, staff member, messenger, agent, independent contractor, or other Person who is or was employed or hired by You or any other Defendant.

12.    "Includes" means includes but is not limited to; "including" means including but not limited to; and neither should be construed as limiting a Request in any way.

13.    "Meeting" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more Persons for any purpose, whether planned or arranged, scheduled or not.

14.    "Or" and "and" should be construed so as to require the broadest possible response. If, for example, a Request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about both A and B. In other words, "or" and "and" should be read as and/or.

15.    "Person" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, association, government entity, group or other form of legal entity.

16.    "Relating to," "referring to," "regarding," or "with respect to" mean, without limitation, discussing, describing, reflecting , dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

17.    "Trade Association" means any formal or informal association, group, marketing entity, or organization of merchants or business firms, including any board, sub-group, executive committee, steering committee, or other committee, or working group thereof, including but not limited to: International Isocyanates Institute ("III"); American Chemistry Council ("ACC") or its board or executive committee; Diisocyanates Panel or Diisocyanates Panel Business Managers group; Center for the Polyurethanes Industry ("CPI") or CPI Steering Committee; European Diisocyanate and Polyol Producers

Association ("ISOPA"); Polyisocyanate Insulation Manufacturers' Association ("PIMA"); or Spray Polyurethane Foam Alliance ("SPFA").

18.    "Urethanes" means the Class Products and all other isocyanates, all polyols, including polyester and polyether polyols, and all related polyurethanes and polyurethane systems.

19.    "Urethane Raw Materials" means all chemicals used as a raw material in the process of making any Urethane, including but not limited to aliphatic diacids or esters, aromatic diacids, esters or anhydrides, caprolactone, polyhydric alcohols, aniline, formaldehyde, diphenylmethane diamine, phosgene, glycol, propylene oxide, ethylene oxide, butylene oxide, amines, tetrahydrofuran, toluene, and benzene.

20.    "Urethane Intermediates" means any chemical, additive, modifier, filler, extender, stabilizer, surfactant, blowing agent, monomer, oligomer (including any urethane oligomer) or polymer or other material, other than a Urethane Raw Material, that is formed during or utilized in any way in the manufacturing process of a Urethane, regardless of whether it is ultimately incorporated into or becomes a part of the Urethane.

21.    "You," "Your," or "Your Company" means the Defendant responding to the Requests, its predecessors, successors, subsidiaries, departments, divisions, joint ventures, and/or affiliates, including without limitation any organization or entity which the responding Defendant currently owns (including any beneficial ownership), manages or controls, or has in the past owned (including any beneficial ownership), managed or controlled, together with all present and former directors, officers, Employees, agents, representatives or other Persons acting or purporting to act on behalf of the responding Defendant.

## <u>INSTRUCTIONS</u>

1. Responsive Documents previously produced pursuant to the Court's Order (Dkt. No.149) to Plaintiffs do not need to be produced again.

2. Unless otherwise specified, the relevant time period for the Requests is January 1, 2014, through the present. The Requests seek all responsive Documents created or generated during the relevant time period, as well as responsive Documents created or generated outside the relevant time period but containing information relating to the relevant time period.

3. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Requests are continuing in nature, so that if You subsequently discover or obtain possession, custody or control of any Documents or ESI previously requested or required to be produced, You shall make such Documents or ESI available within seven (7) days of discovering or obtaining possession of them. Similarly, any information or Documents provided in response to these Requests that is later found to be incorrect, or to have become incomplete or incorrect because of changed circumstances, should be completed or corrected by means of a supplemental response.

4. Provide a complete written answer to each of the Requests.

5. In producing Documents, furnish all Documents in Your possession, custody or control, regardless of the physical location of the Documents, or whether You physically possess such Documents.

6. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, all Documents shall be produced in the same order as You keep or maintain them in the

ordinary course of Your business. For any Document that has been removed from a file for purposes of producing the Document in response to these Requests, identify the file from which the Document was removed.

7.    All Documents shall be produced in the file folder, envelope or other container in which the Documents are kept or maintained. If for any reason the container cannot be produced, produce copies of all labels or other identifying marks on the container.

8.    Documents shall be produced in such fashion as to identify Your department, branch or office having possession, custody or control of the Documents and, where applicable, the Person in whose possession, custody or control they were found and the business address of each such Person.

9.    Documents attached to one another should not be separated. If any portion of a Document is responsive to any portion of a Requests, then the entire Document shall be produced, including any hard-copy version of the Document attached to hard-copy printouts of responsive e-mails.

10.    If a Document is lost or missing, has been destroyed, or is otherwise unavailable, You should provide information sufficient to identify the Document and explain the circumstances surrounding the disposition of the Document, including the following:

a.    explain why the Document is unavailable, specifying how the Document was lost, missing or destroyed, or otherwise became unavailable;

b.    for any Document that has been destroyed, identify all Persons who

were involved in making or effecting the decision to destroy the Document;

        c.      for any Document that has been transferred or delivered, voluntarily or involuntarily, to another Person or entity, identify all Persons who were involved in making or effecting the decision to transfer or deliver the Document;

        d.      the identity of the Person or entity that last possessed the Document;

        e.      the date of the Document's disposition; and

        f.      the identity of all Persons who have or had knowledge of the Document's contents.

11.     If You object to any of these Requests, or any definition or instruction incorporated therein, state the reasons for Your objection with specificity and answer the Request to the extent it is not objectionable. The attorney making an objection shall sign that objection. If You file a timely objection to any portion of a Request, definition, or instruction, respond to the remaining portion.

12.     If You refuse to respond to a Request, in whole or part, or refuse to produce all or any part of a Document for inspection and copying, for any reason, including any claim of privilege or other protection, (1) produce the Document if it contains any non-privileged content with only the purportedly privileged or otherwise protected portion redacted, and (2) clearly describe the asserted privilege or other reason for refusing to respond or produce, describing in detail facts sufficient for the Court to determine whether the claim of privilege or other protection is valid. In particular, for each Document:

        a.      state the date;

        b.      identify the author(s);

c.    identify all Persons who received copies;

d.    state the title, if any;

e.    state the type (e.g., email, report, agreement, etc.);

f.    describe the general subject matter (without revealing privileged or otherwise protected information);

g.    identify all Persons who have possession, custody, or control;

h.    identify all Persons who are attorneys or counsel for Your Company, whether they are in-house or external counsel, and state whether they hold or have held any non-attorney positions at Your Company, and, if so, the time period they have held those positions;

i.    describe the present location; and

j.    state the paragraph(s) of the Requests to which the Document is responsive.

13.    Produce all Documents not otherwise responsive to the Requests that mention, discuss, refer to, or explain any responsive Documents that are attached to the responsive Document (e.g., routing slip, transmittal memorandum, cover sheet, etc.).

14.    Do not separate Documents that are attached to each other, including hard-copy versions of Documents attached to hard-copy printouts of e-mails.

15.    In responding to the Requests, include all Documents: (a) obtained from witnesses who gave information to any governmental agency or investigatory body; (b) constitute, or refer or relate to, summaries of testimony or other statements in connection with any governmental agency's proceeding or investigation; or (c) obtained on Your

behalf by counsel in preparing for testimony or interviews before any governmental agency or investigatory body.

16.    Unless otherwise agreed, all ESI should be produced in native format on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

17.    Documents shall be produced in their entirety without deletion or redaction, except as provided in Instruction No. 12, regardless of whether You maintain only part of a Document to be responsive to the Requests. If You redact any portion of a Document, print or stamp "REDACTED" on each page of the Document which You have redacted.

18.    All Documents produced in paper form should be Bates-numbered sequentially, with a unique number on each page having a prefix that identifies the party producing the Document.

## **DOCUMENT REQUESTS**

### **Request No. 1**

To the extent not already produced to Plaintiffs in this action, all Documents produced in response to or relating to, any investigation by any Antitrust Regulatory Authority of the market for any of the Class Products in the United States or anywhere else.  This Request includes, but is not limited to, investigative demands or requests, written responses to any investigative demands or requests, documents produced in response to any investigative demands or requests, subpoenas, written responses to any subpoenas, documents produced in response to any subpoenas, deposition transcripts, interview notes or transcriptions, other notes, correspondence, emails, and summaries.

**Request No. 2**

Organizational charts or other Documents sufficient to show the organization and structure of Your Company, including any divisions, departments, units or other subdivisions that had any role or responsibility relating to the production, manufacture, distribution, marketing, pricing, purchase or sale of Urethanes anywhere in the world, and to describe the function of each.

**Request No. 3**

Organizational charts or other Documents sufficient to identify the Employees or Persons in Your Company who had any role or responsibility relating to the production, manufacture, distribution, marketing, pricing, purchase or sale of Urethanes anywhere in the world, and the positions, responsibilities, and authority held by each.

**Request No. 4**

All Documents relating to prices or pricing of Class Products by You or any other Defendant or entity that has produced, distributed, sold, purchased, or marketed Class Products in the United States, including without limitation Documents relating to the methods, practices, policies, or strategies for determining, setting, adjusting, or negotiating prices.

**Request No. 5**

All Documents relating to any considered or actual price increases or price changes for Class Products by You or any other Defendant, or by any other Person who sells, produces, or manufactures Class Products.

**Request No. 6**

All Documents relating to the announcement, publication or other Communication of Your, any other Defendant's, or any other Person's prices for Class Products to either customers or other Defendants, including without limitation price lists, price schedules, emails, letters, or press releases, and any Documents relating to announcements through news media or listservs, including without limitation ICIS or ICIS News, PU Daily, the "Urethane Blog," Everchem Specialty News, feedblitz, newsedge, Trade Association publications, or other services through which price announcements for You or another Defendant or other Person were published, circulated or received.

**Request No. 7**

All Documents relating to the announcement, publication or other Communication of Your, any other Defendant's, or any other Person's capacity, production, supply, or availability of Class Products to either customers or other Defendants, including any schedules, force majeure declarations or notifications, emails, letters, press releases, correspondence announcing capacity, production, supply, or availability actions, changes, or events, including but not limited to any Documents relating to announcements through news media or listservs, such as ICIS or ICIS News, PU Daily, the "Urethane Blog," Everchem Specialty News, feedblitz, newsedge, Trade Associations, or other services through which announcements for You or another Defendant or other Person were published, circulated or received.

**Request No. 8**

All Documents relating to costs of Urethane Raw Materials or other cost components

for production, distribution, transportation and sales of Class Products, including without limitation Documents that show the breakdown of costs for Class Products, and Documents relating to each component cost's share of total production, distribution, transportation and sales costs.

## Request No. 9

All Documents relating to actual or estimated production capacity and capacity utilization for Class Products sold, distributed or marketed anywhere in the world by You, any other Defendant, or any other Person, producer or seller of Class Products, or by the industry as a whole, including without limitation any Documents relating to:

       a.    any permanent closures of plants or other facilities used at any time to produce any Class Products;

       b.    any temporary closures of plants or other facilities used at any time to produce any Class Products;

       c.    any reductions in the utilization of plants or other facilities used at any time to produce any Class Products;

       d.    any declarations of a force majeure;

       e.    any other temporary or permanent reductions, shutdowns, downtime, outages, or turnarounds, affecting the supply or distribution of any Class Products;

       f.    the reason for each of the events listed above;

       g.    the date the decision was made to implement each of the events listed above;

h.    the date each of the events listed above began;

i.    the date the decision was made to end each of the events listed above;

j.    the date each of the events listed above ended;

k.    the date and method by which each of the events was announced to any customer, any other Defendant, any other producer or sellers, or any other Person;

l.    whether the reason for the event was planned or unplanned;

m.    any decisions to extend the time originally announced for completion of each of the events listed above, and any announcement of any such extension; and

n.    the identity and role of all Employees or other Persons involved in making any decisions regarding the beginning, extension, or end of each of the events listed above.

**Request No. 10**

All Documents relating to demand for Class Products produced, sold or marketed by You, any other Defendant, or any other producer or seller, and for the industry as a whole, including Documents relating to any determinants of demand.

**Request No. 11**

All Documents relating to the interchangeability or commodity nature of Class Products, including the interchangeability of Class Products produced or sold by any Defendant, or by any other Defendant or any other producer or seller.

**Request No. 12**

All Documents relating to Your direct purchaser customers or the direct purchaser customers of any other Defendant or other producer, distributor, supplier, or seller of Class Products in the United States, including Documents sufficient to show the identity of these customers and their uses of Class Products.

**Request No. 13**

All Documents relating to the categories, classes, types, grades, characteristics, or uses of Class Products that You or any other Defendant or other Person have produced, marketed, sold, or distributed in the United States, including any product tables or databases that identify any characteristics, classes, types, grades, categories, or uses by product number and any that cross-reference corresponding product characteristics, classes, types, grades, categories, or uses or numbers of any other Defendants or other producers or suppliers.

**Request No. 14**

All Documents relating to any contemplated, planned, pending or executed asset or stock purchases, sales, exchanges, acquisitions, mergers, joint ventures, divestitures, transfers, spinoffs or any other change in Your ownership or that of any of Your subsidiaries, departments, divisions or other units or other subdivisions, or any related entities relating to production, manufacture, distribution, marketing, pricing, sale or resale of Class Products, including any other Defendant or any other seller, producer or manufacturer of Urethanes, Urethane Raw Materials or Urethane Intermediates.

**Request No. 15**

Documents sufficient to identify each of the geographic regions, territories or markets

You differentiate or define for the purpose of producing, manufacturing, distributing, marketing, selling, reselling, swapping or supplying any Class Products.

**Request No. 16**

Documents sufficient to show the source, location, custody, and disposition (if applicable) of Documents produced in response to any of the Requests.

**Request No. 17**

All Documents relating to any Meeting or Communication between You and any other Defendant or other Person that manufactures Class Products, whether formal or informal, and for any business, social, or other purpose.

**Request No. 18**

All Documents relating to any Trade Association Meetings (including committees or subcommittees, boards, executive committees, steering committees or working groups) relating to Class Products that You attended.  This request includes Documents sufficient to identify Employees from Your Company who attended, the dates of attendance, and the subject matters discussed at the Meeting or in any Communications between those Employees and any Employee or other agent of another Defendant relating to Class Products.

**Request No. 19**

For each Person You and Plaintiffs agree upon as a Document custodian, or any other Person the Court orders You to collect and produce Documents from, produce the following:

    a.   The Person's electronic or hard copy diaries, calendars, appointment books, notebooks, to-do lists, Day Timers, day planners or appointment notes;

    b.   The Person's contact information maintained in Microsoft Outlook, similar programs, Rolodex cards, or any other format, for any Person who is or was an

owner, employee, consultant, officer, board member, representative, or agent of another Defendant;

c.  The Person's trip and travel logs, records, expenses or expense reports or summaries, entertainment reports, receipts, or other supporting Documents;

d.  Bills, statements, records, and supporting Documents concerning local, long distance, and cellular telephone calls by or to the Person, including calls made using telephones not paid for by You (such as home office, fax, and personal telephone numbers, personal cellphones, and temporary pay-as-you-go cellphones) if such telephones were used for business purposes;

e.  Documents relating to the Person's membership in any Trade Association or industry group or attendance at any industry meeting or industry conference;

f.  A copy of the Person's most recently created resume or curriculum vitae (CV);

g.  Copies of any transcripts or recordings of the Person's prior testimony relating to pricing, supplies, sales, purchases or competitive conditions in the market for Urethanes, such as testimony at a deposition, trial, or public hearing; and

h.  Documents sufficient to show the Person's complete contact information, including all phone numbers, social media names or "handles," text ids, and email addresses used by the Person for any business purposes, even if only sparingly.

**Request No. 20**

All Documents relating to any swaps, exchanges, purchases or sales between You and any other Defendant or other producer of Class Products of Class Products, Urethanes, Urethane Raw Materials, or Urethane Intermediates, including any contracts, purchase or sale Agreements, invoices, receipts, emails, or other documentation relating to the price of or the terms by which Class Products were swapped, exchanged, sold or purchased, including any drafts thereof.

**Request No. 21**

All Documents relating to Communications between You and Your customers related to the pricing, purchase, or sale of Class Products by You, any other Defendant, or any other

Person who sells or manufactures Class Products, including but not limited to any Documents in which a customer disagrees with, questions, complains about, or challenges the price or the availability of Class Products.

**Request No. 22**

All Documents relating to any data or information regarding price, capacity, production, supply, demand, customers, imports or exports, sales or purchases of Class Products  submitted to or received from any Trade Association or any data or statistics aggregating any service or program by You or any other Defendant or manufacturer, seller, or producer of Class Products.  This Request includes but is not limited to data or information submitted to or received from ICIS, ACC, PIPS, or any other Trade Association or entity that collects or aggregates data or information related to Class Products.

**Request No. 23**

Documents sufficient to show Your policies or practices directed toward compliance with antitrust laws, including but not limited to all written policies, presentations to employees, forms (such as forms to document a competitor meeting or agenda), and statements signed by Your Employees acknowledging their receipt of or compliance with Your antitrust compliance policies or guidelines.

**Request No. 24**

Documents sufficient to show Your actual or estimated percentage of share of industry production, capacity, sales or shipments of Class Products.

**Request No. 25**

For BASF, all Documents of the kind listed on Exhibit A, and all similar Documents.

19

**Request No. 26**

For Covestro, all Documents of the kind listed on Exhibit B, and all similar Documents.

**Request No. 27**

For Dow, all Documents of the kind listed on Exhibit C, and all similar Documents.

**Request No. 28**

For Huntsman, all versions of Documents of the kind listed on Exhibit D, and all similar Documents.

**Request No. 29**

For Wanhua, all versions of Documents of the kind listed on Exhibit E, and all similar Documents.

**Request No. 30**

All documents relating to any of the current or future named representatives of the putative class.

DATED:  January 30, 2020                          HARTLEY LLP


By: s/ *Jason S. Hartley*
            Jason S. Hartley
            HARTLEY LLP
            101 W. Broadway, Suite 820
            San Diego, CA 92101
            Telephone: (619) 400-5822
            Facsimile: (619) 400 5832
            hartley@hartleyllp.com

Megan E. Jones (CA 296274)
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel.: (415) 633-1908
Fax: (425) 358-4980
*mjones@hausfeld.com*

*Plaintiffs' Interim Co-Lead Counsel*
William Pietragallo II (PA 16413)
PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP
One Oxford Centre, 38th Floor
Pittsburgh, PA 15219
Tel.: (412) 263-2000
Fax: (412)263-2001
*wp@pietragallo.com*

*Plaintiffs' Interim Liaison Counsel*

**EXHIBIT A**

**BASF Documents**

| File Name (As Produced) or Other Title | Sample Bates Nos. |
|---|---|
| "[] MDI Price Increases.xls" | BC-0030907 (MDI, TDI, and Polyol); BC-0035128 (MDI, TDI, Polyol); BC-0039038 (MDI, TDI, Polyol) |
| "Tracking Price Increases.xls" | BC-0030907 (MDI, TDI, and Polyol); BC-0035128 (MDI, TDI, Polyol); BC-0039038 (MDI, TDI, Polyol) |
| "[]Isocyanates Market Update and Pricing Proposal" or Title "Monthly Isocyanates Overview." | BC-0023820 |
| "CM Divisional Meeting Report" | BC-0012904 |
| "BASF PU Competitive Prices[].xlsx" | BC-0000143 |
| "BASF PU Sales Forecast [].xlsx | BC-0000179 |
| "Clearance Meeting [].pptx" | BC-0015333 |
| "CMM_SC_[].pptx" or CMM Strategy (Deep Dive NA) | BC-0012504 |
| "[]Isocyanates Pricing Analysis" | BC-0037590 |
| BASF Monomers, CM Operational Plan | BC-0022302 |
| "Supply Agreement" or "Emergency Supply Agreement" | BC-0000767 |
| "[]Exchange Agreement" | BC-0024696 |
| "Product Exchange Agreement" | BC-0003996 |
| "PMDI 2016 vs 2015.xls" | BC-0037276 |
| "Iso Scorecard.xlsx" | BC-0030215 |

A-1

# EXHIBIT B

## Covestro Documents

| File Name (As Produced) or Other Title | Sample Bates Nos. |
|---|---|
| "MDI Shutdown Schedule Industry []" | COV000000395 |
| "TDI Industry Shutdown Schedule []" | COV000095958 |
| "Info Request Shutdown Schedule" | COV000085901 |
| "MDI World Shutdown Schedule []" | COV000000399 |
| "3_Manufacturing costs per plant_PeriodicUnitPrice_MDI.xlsb" | COV000108315 |
| 4_Manufacturing costs per plant_PeriodicUnitPrice_TDI.xlsb" | COV000108316 |
| 5_Manufacturing costs per plant_PeriodicUnitPrice_Raw_Materials.xlsb | COV000108317 |
| "Product Supply Contract" | COV0000000053 |
| "NAFTA PUR Price Increases" | COV000034321 |
| "Workbook Competitor strategy view MDI [].xlsx" | COV000009380 |
| MDI [or TDI]_Supply_Competitor_strategy_view_ [].xlsx" | COV000011266 |
| "RE: MDI / TDI competitor strategy view" | COV000011990 |
| "[] PUR Business Report.pptx" | COV000008143 |
| "Competitor Research.docx" | COV000167247 |

**EXHIBIT C**

**Dow Documents**

| File Name (As Produced) or Other Title | Sample Bates Nos. |
|---|---|
| "Monthly Sales Report [].docx" | DOW-000084249 |
| []Prices.xlsx" | DOW-000006416 |
| "Price Increase Implementation.xlsx" | DOW-000008709 |
| Price Increase Implementation NAA (Oct 2016).xlsx | DOW-000040296 |
| "2017 PU Raw Material Price Increases.xlsx" | DOW-000228832 |
| "[] MDI AUR.xlsx" | DOW-000082784 |
| "Competitor Meeting Agenda Form" | DOW-000244008 |
| "Total Cost Production YOY(LB) - ALL [].xlsx" | DOW-000034935 |
| Product Exchange or Swap Agreement or International MDI [or TDI] Swap Agreement | DOW-000211834 |
| "MDI Outages []" | DOW-000006585 |

**EXHIBIT D**

**Huntsman Documents**

| File Name (As Produced) or Other Title | Sample Bates Nos. |
|---|---|
| "DS Competitors Analysis [].pptx" | HTN-00016719 |
| Huntsman Product Exchange Agreement | HTN-00082791 |
| PU Americas Update | |
| Production and Capacity Charts (unnamed Excel) | HTN-00016479 |
| Polyol Price Increase - Customer List 09122017.xls | HTN-00016183 |
| MDI pricing tracker 2-10-2018.pdf | HTN-00016279 |
| [] SOP GLT Update [].pptx | HTN-00016922 |
| "MDI [or TDI] Capacity Review [].xlsx" | HTN-00020245 |

**EXHIBIT E**

**Wanhua Documents**

| File Name (As Produced) or Other Title | Sample Bates Nos. |
|---|---|
| "Top Priority List.xlsx" | WCA_CIV-000063305 |
| "万华化学（美国）有限公司[2016]年经营分析报告" | WCA_CIV-000086246 |
| Erling Weekly Report | WCA_CIV-000056312 |
| Erling Monthly Report | WCA_CIV-000062070 |
| Erling Price Chart | WCA_CIV-00000849 |
| Global Sales Report | WCA_CIV-000021030 |
| North America Sales and Forecast | WCA_CIV-000041166 |
| "Product Comparison Guide Isocyanates.xls" | WCA_CIV-000080484 |
| "Swap Agreement" | WCA_CIV-000070916 |
| Visit Reports | WCA_CIV-000088776 |

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2020, a copy of the foregoing document was served via U.S.

Mail and email on the counsel of record below:

| | |
|---|---|
| Mark Levinstein<br>John E. Schmidtlein<br>WILLIAMS & CONNOLLY LLP<br>725 12th Street, N.W.<br>Washington, D.C. 20005<br>Telephone: (202) 434-5000<br>Facsimile: (202) 434-5029<br>jschmidtlein@wc.com<br>zwarren@wc.com<br><br>James R. Miller<br>DICKIE, McCAMEY & CHILCOTE, P.C.<br>Two PPG Place, Suite 400<br>Pittsburgh, PA 15222<br>Telephone: (412) 281-7272<br>Facsimile: (888) 811-7144<br>jmiller@dmclaw.com<br><br>*Counsel for Huntsman International LLC and Huntsman Corporation*<br><br>Ryan Streit<br>David Bernick<br>Aidan Synnott<br>PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br>Tel: (212) 373-3000<br>rstreit@paulweiss.com<br>dbernick@paulweiss.com<br>asynnott@paulweiss.com<br><br>Wendy West Feinstein<br>MORGAN LEWIS & BOCKIUS LLP<br>One Oxford Centre, 32nd Fl.<br>Pittsburgh, PA 15219-6401<br>Tel: (412) 560-7455<br>wendy.feinstein@morganlewis.com<br><br>*Counsel for Defendant The Dow Chemical Company* | William S. Farmer<br>David C. Brownstein<br>David M. Goldstein<br>FARMER BROWNSTEIN JAEGER & GOLDSTEIN LLP<br>235 Montgomery Street, Ste. 835<br>San Francisco, CA 94104<br>Tel: (415) 962-2877<br>wfarmer@fbj-law.com<br>dbrownstein@fbj-law.com<br>dgoldstein@fbj-law.com<br><br>James A. Backstrom<br>JAMES A. BACKSTROM, COUNSELLOR AT LAW<br>1515 Market Street<br>Suite 1200<br>Philadelphia, PA 19102-1932<br>Tel: (215) 864-7797<br>jabber@backstromlaw.com<br><br>*Counsel for Mitsui Chemicals America, Inc. and Mitsui Chemicals, Inc.*<br><br>John F. Terzaken<br>Abram J. Ellis<br>SIMPSON THACHER & BARTLETT LLP<br>900 G Street NW<br>Washington, DC 20001<br>john.terzaken@stblaw.com<br>aellis@stblaw.com<br><br>*Counsel for Defendant Covestro LLC* |

Samuel W. Braver
Matthew C. Pilsner
BUCHANAN INGERSOLL & ROONEY PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
Tel: 412-562-8800
Fax: 412-562-1041
samuel.braver@bipc.com
matthew.pilsner@bipc.com

Allen C. Kim
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013
Tel: 213-896-6000
Fax: 213-896-6600
akim@sidley.com

Ryan M. Sandrock
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Tel: 415-772-1200
Fax: 415-772-7400
rsandrock@sidley.com

*Counsel for MCNS Polyurethanes USA Inc., Mitsui Chemicals & SKC Polyurethanes, Inc.*

Alden L. Atkins
Craig P. Seebald
Charles L. Wesley
VINSON & ELKINS LLP
2200 Pennsylvania Avenue, N.W.
Suite 500 West
Washington, DC 20037
Telephone: (202) 639-6500
Facsimile: (202) 879-8813

*Counsel for Wanhua Chemical (America) Co., Ltd. and Wanhua Chemical Group Co., Ltd.*

Andrew S. Marovitz
Britt M. Miller
Richard E. Nowak
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 782-0600
Facsimile: (312) 701-7711

Thomas L. Allen
Ginevra Ventre
REED SMITH
Reed Smith Centre
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Telephone: (412) 288-3131
Facsimile: (412) 288-3063

*Counsel for BASF Corporation*

s/Jason S. Hartley
Jason S. Hartley (CA 192614)
HARTLEY LLP
101 W. Broadway, Suite 820
San Diego, CA 92101
Tel.: (619) 400-5822
Fax: (619) 400-5832
*hartley@hartleyllp.com*