# EXHIBIT B



|  |  |
|---|---|
| SARAH R. LAFRENIERE<br>Associate | 888 16th Street, N.W.<br>Suite 300<br>Washington, DC 20006<br><br>(202) 540-7159 Direct<br>202-540-7200 Main<br>202-540-7201 Fax<br><br>slafreniere@hausfeld.com |

December 1, 2020

**All DOMESTIC DEFENDANTS' COUNSEL**

*VIA EMAIL*

> RE: Responses and Objections to Plaintiffs' First Set of Requests for Production - *In re Diisocyanates Antitrust Litigation*, MDL No. 2862

Dear Counsel:

Plaintiffs write in response to your November 12, 2020 letter regarding BASF Corporation, The Dow Chemical Company, Huntsman International LLC, Covestro LLC, and Wanhua Chemical (America) Co., Ltd. ("Defendants") search for and production of documents.

First, we have reviewed the search terms provided to the Defendants in light of your letter and will recirculate a revised list to each Defendant correcting the technical problems you identified imminently. You will note that because of the limitations regarding proximity searches, the number of search strings has expanded, but the substance has not. The extensive use of proximity connectors reflects a sincere effort by Plaintiffs to craft search terms which narrow and exclude irrelevant materials. Nevertheless, to the extent Defendants find the number of strings alone problematic, Plaintiffs are agreeable to having Defendants run any search term group independently, without proximity connectors, and eliminating any subsequent strings connecting other terms to those search term groups. For example, if Defendants prefer to search for the product names without terms or connectors, searches including those products can likely be eliminated as duplicative.

Second, regarding your request that Plaintiffs identify differences between the terms provided to each of the Defendants, Plaintiffs will standardize the search terms for all Defendants (except for searches of Defendants' own names/locations).

Third, regarding your request for a "global discussion of Plaintiffs' proposed search terms," we are amenable to meeting and conferring as a group at your earliest convenience. Please provide us with a proposed agenda of topics you would like to discuss during that meet and confer, and let us know your earliest availability for the call.

In addition, we understand that some Defendants are considering whether or not they should use technology assisted review ("TAR") to search for and produce documents. To the extent any Defendant plans to use TAR we ask that they inform us by December 14, 2020. If Defendants choose to use TAR it may eliminate the need to pre-cull documents using search terms entirely, and negotiations to narrow any overbreadth concerns regarding search terms will



be unnecessary. Instead, the parties will need to discuss disclosure of seed, training, or validation sets, appropriate precision and recall rates, and other considerations specific to using TAR. Plaintiffs request that Defendants inform Plaintiffs of the search methodology they intend to use so that future discussion will be appropriately focused and expeditious, recognizing that transparency is paramount in using TAR.[1] Accordingly, Plaintiffs will also inform Defendants if they intend to use TAR, along with any proposed revisions to Defendants' proposed search terms by December 14, 2020.

Last, we request that once Defendants receive Plaintiffs' revised search terms, they provide Plaintiffs with a hit report for Plaintiffs' proposed terms, and any proposed revisions and additions to Plaintiffs' terms within two weeks. Plaintiffs expect that each Defendant will propose additional, unique terms, based on its own understanding of its business operations, information systems, and collected documents in accordance with the parties' independent obligations under the Federal Rules and the ESI protocol to "identify and produce relevant and responsive documents." ECF No. 313 ¶ 5(a).

Very truly yours,

/s/ Sarah R. LaFreniere
Sarah R. LaFreniere
Associate

cc: Megan E. Jones
Jason S. Hartley
Jason Lindner
William Pietragallo, II

---

[1] Courts routinely recognize the importance of transparency in the TAR process: Bridgestone Ams., Inc. v. Int'l Bus. Machines Corp., Case No. 3:13- 1196, 2014 WL 4923014, at *1 (M.D. Tenn. July 22, 2014); Fed. Hous. Fin. Agency v. JPMorgan Chase & Co., No. 1:11-cv-06188- DLC (S.D.N.Y. July 24, 2012) (transcript at 9, 14).

AMSTERDAM  BERLIN  BOSTON  BRUSSELS  DÜSSELDORF  LONDON  NEW YORK
PARIS  PHILADELPHIA  SAN FRANCISCO  STOCKHOLM  WASHINGTON, DC

www.hausfeld.com