# EXHIBIT C



|  |  |
|---|---|
| SARAH R. LAFRENIERE<br>Associate | 888 16th Street, N.W.<br>Suite 300<br>Washington, DC 20006<br><br>(202) 540-7159 Direct<br>202-540-7200 Main<br>202-540-7201 Fax<br><br>slafreniere@hausfeld.com |

January 14, 2021

**All DOMESTIC DEFENDANTS' COUNSEL**

*VIA EMAIL*

>   RE:   Responses and Objections to Plaintiffs' First Set of Requests for Production - *In re Diisocyanates Antitrust Litigation*, MDL No. 2862

Dear Counsel:

I am writing to summarize our meet and confer conversation on Monday, January 11, 2021 regarding Defendants' approach to the search for and production of documents responsive to Plaintiffs' first set of requests for production of documents ("RFPs"), and to restate our requests for further information about Defendants' proposed search methodology.

In accordance with your November 12, 2020, request that the parties collectively negotiate search terms, and your identification of technical issues in Plaintiffs' initial terms, we provided revised search terms on December 2 and 16, 2020. On December 14, 2020, you raised objections to all of Plaintiffs' search terms, proposing to strike over half of Plaintiffs' search strings, and proposing modifications to all other strings. You did not agree to run a single term Plaintiffs provided, including the Plaintiffs' names.

Attached to this email is a further revised version of Plaintiffs' proposed search terms, initially provided to each Defendant individually during September and October 2020. Plaintiffs' initial terms and revisions are reflected in columns C, D, and E respectively of the attached revised search terms. Column F lists plaintiffs' proposed further revisions, in light of your representation during our meet and confer on January 6, 2021 that Defendants can run searches of terms in quotation marks.[1] Going forward and for the sake of clarity, we recommend continuing our discussions on the basis of column G, Plaintiffs' current proposed terms incorporating all

---

[1] In light of this, we were also able to revise the search term group [MDI or TDI 3] and eliminate search term groups including [MDI or TDI 4] and [MDI or TDI 5], these strings are deleted in the revised search terms, and the revised search term groups are re-inserted on the second tab of the spreadsheet. The systems and polyols strings have also been removed. In addition, we have re-inserted search strings missing the group [Producers 4], which was not included in the search terms provided to Defendant Huntsman, so as not to have the defendant search its own name. For the sake of clarity, we do not expect defendants to search the search strings where their own name is included in the producers search term group (e.g. Huntsman need not search strings including "Producers 4"). We have added six new strings, originally provided to Defendant Covestro, which we request all defendants now include in their searches.



revisions.

You indicated during Monday's meet and confer that it would be burdensome for Defendants to run hit reports on Plaintiffs' search terms. We disagree. You also indicated that all the search strings you proposed to strike were untethered to Plaintiffs' RFPs and would not uncover responsive information. We explained that the use of search terms to uncover responsive information is not a perfect science, and people communicate differently in email than in formal memoranda. For example, individuals may discuss the supply of MDI from a particular factory without using specific terms like "MDI" or the factory name. Nevertheless, we provided a justification for each search term and explained which RFPs each search term was responsive to. We also explained that our initial explanations as to which RFPs each term is responsive to was not exhaustive but only demonstrative, as many terms are tethered to multiple of the RFPs.

As we requested when we provided the initial terms in September and October, in our letters of December 2 and 14, 2020, and during our meet and confers of January 6 and January 11, 2021, we again request that each Defendant provide a hit report for Plaintiffs' search terms—including any disputed terms. We further requested that the hit reports include the number of unique hits for each term by custodian. As we explained, hit reports are necessary to evaluate the potential burden of searching for specific search strings, and running hit reports is not burdensome. We will gladly negotiate narrowing search terms once Defendants identify which terms are overly burdensome based on hit counts.

We also requested in our December 1, 2020 letter, numerous other letters, during individual meet and confers with Defendants, and during the meet and confers of January 6, and 11, that Defendants inform Plaintiffs whether they intend to use technology assisted review ("TAR") to search for and produce responsive documents. On Monday, we also asked which methodologies Defendants propose to use when implementing TAR. We reiterate our requests, and specifically ask that each Defendant inform Plaintiffs whether they intend to use TAR to search for and produce responsive documents by January 22, 2021.

As we explained during the meet and confers, disclosing whether Defendants will be using TAR is required by the ESI protocol, accords with best practices in e-discovery, and is essential for efficiently negotiating Defendants' search. Specifically, to the extent Defendants are using TAR, a narrowing of search terms is unnecessary because the use of algorithmic review will eliminate the need for Defendants to review a certain proportion of likely-unresponsive documents regardless of the terms used. It is also prejudicial. Indeed, some courts have held that *any* pre-culling of documents using search terms when implementing TAR is inappropriate. *FCA US LLC v. Cummins, Inc.*, No. 16-12883, 2017 WL 2806896, at *1 (E.D. Mich. Mar. 28, 2017); *In Progressive Casualty Insurance Company v. Delaney*, Case No. 2:11-cv-00678, 2014 WL 3563467 (D. Nev. July 18, 2014); *see also Rio Tinto PLC v. Vale S.A.,* Case No. 14 Civ. 3042, 2015 WL 4367250, at *1 (S.D.N.Y. July 15, 2015). It would therefore be highly inefficient and

# HAUSFELD

PAGE 3

improper to engage in substantial negotiations about search terms to the extent Defendants are using TAR.

As we disclosed on December 15, 2020, Plaintiffs intend to use TAR to search for and produce documents responsive to Defendants' requests for production, and will provide you with more detail on the TAR methodology we intend to use shortly. As we expressed on the call, we expect that Defendants will be similarly transparent as to their methodologies.

We indicated that Plaintiffs would respond to Defendants' proposed schedule, but that the schedule should also include dates for disclosures relating to TAR (both use of and methodologies for), and a date for rolling productions to begin. As we indicated on Monday, we cannot agree to a schedule until we have an understanding of what search method Defendants intend to use. Nevertheless, we propose the following, with minor modifications highlighted:

1. Finalize custodians by January 15, 2021;
2. Meet and confer regarding irrelevant search terms beginning Jan. 6, 2021;
3. Parties disclose use of search terms and/or TAR by January 22, 2021;
4. Agree on preliminary list of search terms and/or disclose TAR methodology by Jan. 29, 2021;
5. Provide hit reports of requested terms by February 12, 2021 (assuming vendors have finished collecting/processing data);
6. Meet and confer regarding overbroad/burdensome terms between February 5 and March 1, 2021;
7. 5-page simultaneous briefs regarding search term disputes filed on March 12, 2021; and
8. Begin rolling production of documents on March 29, 2021.

Very truly yours,

/s/ Sarah R. LaFreniere
Sarah R. LaFreniere
Associate

cc: Megan E. Jones
Jason S. Hartley
Jason Lindner
William Pietragallo, II