IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DIISOCYANATES ANTITRUST LITIGATION<br><br>This Document Relates to:<br>All Cases | Master Docket Misc. No. 18-1001<br><br>MDL No. 2862 |

AMBROSE, United States Senior District Judge

# OPINION
# AND
# ORDER OF COURT

This multi-district litigation stems from an alleged conspiracy to reduce supply and increase price for methylene diphenyl diisocyanate ("MDI") and toluene diisocyanate ("TDI"), precursor ingredients for the manufacture of polyurethane foam and thermoplastic polyurethanes.[1] Plaintiffs have filed a Motion to Compel Foreign Defendant, Wanhua Chemical Group Co., Ltd. ("Wanhua China"), to Produce Documents and Information Related to Subsidiaries, Wanhua Chemical US Holding Inc. ("Holding") and Wanhua Chemical US Operations LLC ("Operations").[2] (ECF No. 510). Specifically, Plaintiffs seek an order compelling Wanhua China to respond to Plaintiffs' Interrogatory Nos. 3 and 5 and Request for Production Nos. 6, 10,[3] 13, and 26 as it relates to Holding and Operations suggesting that the responses are relevant to the question of personal jurisdiction over Wanhua China and that such discovery is proportional. *Id.* at 2. Wanhua China has filed a Brief in Opposition to Plaintiffs' Motion. (ECF No. 525). The Motion is now ripe for review.[4]

---

[1] Unless otherwise noted, the facts are taken from the Consolidated Second Amended Class-Action Complaint ("SAC"). (ECF No. 377).

[2] Holding and Operations are non-parties to this matter.

[3] While the parties were attempting to negotiate a resolution to this matter, Plaintiffs proposed Wanhua China respond to either Interrogatory No. 3 or Request for Production No. 10, Plaintiffs now, however, seek to compel Wanhua China to answer both. (ECF No. 510-1 and No. 512, p. 8).

[4] All documents filed under seal and related hereto have been reviewed.

I.  **BACKGROUND**

On March 9, 2020, this Court issued an order permitting limited jurisdictional discovery from the foreign Defendants, including Wanhua China. (ECF No. 291). During this period, Plaintiffs filed a Motion to Compel Wanhua to answer jurisdictional discovery requests from the same set of discovery at issue here today. (ECF No. 391). On December 18, 2020, the Motion was granted in part and denied in part.  (ECF No. 431). The only request in dispute at that time that was relevant to the subsidiaries, Holding and Operations, was Interrogatory No. 1. Therein, Plaintiffs requested that Wanhua China identify all of its related entities located in and/or having conducted, advertised, promoted, or solicited any business in the United States; the amount of ownership in the same; and the nature of the busines. (ECF No. 394, pp. 13-14). I held, *inter alia,* that Interrogatory No. 1 as stated was overreaching but that a relevant and proportionate response would include the identification of Holding and Operations because "Holding and Operations were formed to evaluate, design, construct, and operate an MDI production plant in the U.S…." (ECF No. 431, p. 7). Therefore, I ordered Wanhua China to respond to Interrogatory No. 1 as it relates to Holding and Operations.

At a status conference after the ruling, Plaintiffs expressed that they intended Holdings and Operation to be included in all of the discovery requests and not limited to Interrogatory No. 1. In response, I stated that my order as it related to Holding and Operations only dealt with Interrogatory No. 1.[5] Thereafter, Plaintiffs contacted Wanhua China to request supplemental responses to eighteen of the previous jurisdictional discovery requests in relation to Holding and Operations. Wanhua China agreed to respond to five of the prior discovery requests as it relates to Holding and Operations. Plaintiffs now seek to compel responses to six of the prior discovery requests as they relates to Holding and Operation.

---

[5] Wanhua suggest Plaintiffs' current Motion is really a motion for reconsideration. Because Interrogatory No. 1 was the only discovery request I considered in my December 18, 2020, as it relates to Holding and Operations, I do not find the current Motion to be a motion for reconsideration.

2

*II.*     *ANALYSIS*

Federal Rule of Civil Procedure 37 governs motions to compel discovery, which directs that the scope and limits of discovery are defined by Rule 26(b)(1) of the Federal Rules of Civil Procedure. Rule 26(b)(1) provides, in relevant part: "Parties may obtain discovery regarding any nonprivileged **matter that is relevant to any party's claim or defense <u>and</u> proportional to the needs of the case**."[6] (Emphasis added).  The scope of discovery is broad, but it is not unlimited. *See,* FRCP 26(b)(2).   The 2015 Amendments to Rule 26(b)(1) were designed to restore proportionality factors into the consideration of defining discovery. *Id.* at 2015 Advisory Committee Notes.  "The court may limit discovery to ensure its scope is proportional to the needs of a case…." *Democratic Nat'l Comm. v. Republican Nat'l Comm.*, No. 18-1215, 2019 WL 117555, at *2 (3d Cir. Jan. 7, 2019).  Thus, the scope of relevant and proportionate jurisdictional discovery is necessarily more limited than merits discovery.

The determination of the limits of discovery is within the sound discretion of the court and is a case-specific determination.  *Id.*  Accordingly, a court may limit relevant discovery if it is not proportional to the needs of the case.  F.R.C.P. 26(b)(1).

The burden of establishing the relevance of discovery sought rests with the moving party.

> When deciding a motion to compel, "[t]he moving party bears the initial burden to prove that the requested discovery falls within the scope of discovery as defined by Rule 26(b)(1). If the moving party meets this initial burden, the burden then shifts to the opposing party to demonstrate that the requested discovery (i) does not fall within the scope of discovery contemplated by Rule 26(b)(1), or (ii) is not sufficiently relevant to justify the burden of producing the information." *Atkinson v. Luitpold Pharms., Inc.*, 414 F. Supp. 3d 742, 744 (E.D. Pa. 2019) (quoting *Wright v. City of Philadelphia*, 2017 WL 1541516, at *1 (E.D. Pa. Apr. 28, 2017)).

---

[6] Rule 26(b) provides as follows:

(b) Discovery Scope and Limits.
(1) *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

3

*Plump v. La Salle Univ.*, No. 19-CV-4579, 2020 WL 3250532, at *2 (E.D. Pa. June 15, 2020). "The parties and the court have the collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." F.R.C.P. 26(b)(1), 2015 Advisory Committee Notes.  It is worthy to note from the outset, discovery from a foreign defendant involving the collection, analyzing of documents, and production of the same is made more burdensome given that we are in the midst of a global pandemic hampering all efforts.

With that in mind, I turn now to the discovery requests at issue.

Plaintiffs argue that responses to Interrogatory Nos. 3 and 5 and Request for Production Nos. 6, 10, 13, and 26 as it relates to Holding and Operations are reasonable and proportionate. The requests provide as follows:

> **Interrogatory No. 3**:  Identify any of Your Employees who have also worked for or received any benefits from any Related Entity or other Entity identified in Your responses to Interrogatory Nos. 1 and 2, including the name of the Employee; the years that the Employee worked for You; the years that the Employee work for or received benefits from the Related Entity or other Entity; and the positions that the Employee held with You and with the Related Entity or other Entity.
>
> **Interrogatory No. 5**:  Identify any of Your Employees that have had any supervisory, managerial or other oversight responsibilities over the activities of any Related Entity or other Entity identified in Your response to Interrogatory Nos. 1 and 2.
>
> **Request No. 6**:  All Documents that relate to Your development or preparation with any Related entity located in and/or having conducted, advertised, promoted or solicited business in the United States of any joint business plans concerning, without limitation, manufacturing, sales, production, distribution, marketing or budgeting related to Class Products.
>
> **Request No. 10**:Documents sufficient ot identify any of Your present or former officers, directors or Employees who were also an officer, director or Employee of a Related Entity located in and/or having conducted, advertised, promoted or solicited business in the United States, either concurrently or during separate time periods.
>
> **Request No. 13**:  Documents related to Your knowledge or participation in the hiring, firing, promotion, discipline, demotion or other personnel decision or action with respect to any past or Employee of any Related Entity located in or having conducted, advertised, promoted, or solicited business in the United States.
>
> **Request No. 26**:  All Documents relating to any advice, supervision or control by You with respect to any Related Entity in the United States, including, but not

    limited to, Documents reflecting the extent to which You were informed regarding the day-to-day business operations of any Related Entity located in or having conducted, advertised, promoted, or solicited business in the United States.

(ECF No. 511-1 and No. 511-2).

  In support of their argument, Plaintiffs do not address each discovery request separately. Rather, Plaintiffs make two general arguments: 1) The information sought relative to Holding and Operations is relevant; and 2) The requested discovery is reasonable and proportionate. As to relevance, Plaintiffs more specifically argue that discovery sought goes to "core information" as it relates to jurisdiction because they concern Wanhua China's relationship to and control over domestic entities. With regard to reasonableness and proportionality, Plaintiffs focus on the small number of requests they are now seeking and suggest that because Wanhua China has already agreed to answer some requests it should not be burdensome to answer these other requests.

  In response, Wanhua China first argues that Plaintiffs have failed to meet their burden as the disputed discovery requests are not within the scope of Rule 26(b)(1) because they are not relevant to Plaintiff's claims. More specifically, Wanhua China suggests that because the MDI plants were never constructed, neither Holding nor Operations manufactured or sold MDI or TDI so their actions could not have given rise to Plaintiffs' conspiracy claim to fix MDI and TDI prices through "lockstep price increases." Nor could they have implemented an agreement "to limit production of MDI and TDI." Rather, Wanhua China submits they did the exact opposite by spending over $100 million dollars to expand production in the United States.

  Additionally, Wanhua China argues Plaintiffs have failed to meet their burden as the discovery requests are not proportionate because they impose a substantial burden that outweighs the benefits. To that end, Wanhua China points out that it has already agreed to answer requests related to ownership interests, distribution or transfer of cash or assets, and shared assets as it relates to Holding and Operations. The remaining requests, Wanhua China submits, go beyond the scope of reasonable discovery because they seek disproportionately wide-ranging information. For example, the requests seek details such as employees who have

"worked for or received any benefits" from Holding or Operations (Int. No. 3); "[a]ll documents" related to Wanhua China's "development or preparation with" Holding or Operations of "any joint business plans" (RFP No. 6); and "[a]ll documents relating to any advices, supervision or control" by Wanhua China with respect to Holding and Operations, "including, but not limited to documents reflecting the extent to which [Wanhua China was] informed regarding the day-to-day business operations" of Holding and Operations (RFP 26).  Wanhua China further argues that the expense and burden of answering these requests, when they have already responded to 56 other jurisdictional discovery requests is substantially outweighed by the highly speculative relevance and usefulness of such information.  Wanhua China also points out the further complicating issue that the documents sought are in Mandarin.

Upon careful consideration of the arguments of the parties and looking at the discovery requests at issue, I find that, while the discovery requests may be relevant, they are overbroad, overreach, and are not proportional to the needs of the case as stated.  That is not to say, however, that responses to significantly more limited and focused requests should not be made.  To that end, I am ordering the parties to meet and confer within the next 3 weeks to discuss more proportionate and specifically focused discovery requests as they relate to Holding and Operations in relation to Interrogatory Nos. 3 and 5 and Requests for Production Nos. 6, 13 and 26 only.  The parties are reminded that jurisdictional discovery is at issue, <u>not</u> merits discovery.  With that said, I am hopeful that the parties can now reach an agreement and will not need further court intervention.  If the parties cannot reach an agreement on more proportionate and specifically focused and limited requests as they relate to Holding and Operations, however, the parties may file a new motion with this Court.  Therein, the parties must delineate the newly specifically focused discovery request (pertaining to Interrogatory Nos. 3 and 5 and Requests for Production Nos. 6, 13, and 26 only) and the specific reason(s) each request is proportionate.

THEREFORE, this 21st day of September, 2021, upon consideration of Plaintiffs' Motion to Compel Foreign Defendant, Wanhua Chemical Group Co., Ltd. to Produce Documents and

Information Related to Subsidiaries, Wanhua Chemical US Holding Inc. and Wanhua Chemical US Operations LLC (ECF No. 510), it is ORDERED that said Motion is denied as stated herein above.

BY THE COURT:

_____
Donetta W. Ambrose
United States Senior District Judge