IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DIISOCYANATES ANTITRUST LITIGATION<br><br>This Document Relates to:<br>All Cases | Master Docket Misc. No. 18-1001<br><br>MDL No. 2862 |

AMBROSE, United States Senior District Judge

## OPINION
## AND
## ORDER OF COURT

      This multi-district litigation stems from an alleged conspiracy to reduce supply and increase price for methylene diphenyl diisocyanate ("MDI") and toluene diisocyanate ("TDI"), precursor ingredients for the manufacture of polyurethane foam and thermoplastic polyurethanes. Plaintiffs filed a Motion to Compel Defendants to Use Certain Search Terms and Technology Assisted Review ("TAR') Methodologies. (ECF No. 455). In opposition, Defendants filed a Joint Motion for Protective Order Regarding Certain Search Terms and TAR Methodologies. (ECF No. 470). Given the technical nature of the Motions, the parties agreed to the appointment of a special master. On May 7, 2021, I appointed Special Master James C. Francis IV to submit a report and recommendation regarding the same. After reviewing briefs, lengthy submissions, holding multiple meetings, and a hearing, the Special Master issued a Report and Recommendation ("R&R") on August 23, 2021. (ECF No. 529). Therein, the Special Master recommended that Plaintiffs' Motion to Compel (ECF No. 455) be denied and that Defendants' Motion for Protective Order (ECF No. 470) be denied. *Id.*

      Plaintiffs filed Objections to the Special Master's R&R (sealed at ECF Nos. 533 and 539 and errata at No. 535). To that end, "Plaintiffs do not object to Judge Francis's reasoning in the Report, only to his conclusion that Plaintiff's' Motion should be denied." In essence, Plaintiffs

request this Court to adopt Plaintiffs' TAR methodologies and search terms or order Defendant to produce all documents hit by Plaintiff's search terms.

Defendants filed a Response to the Special Master's R&R. (ECF No. 532). Defendants state that they do not object to the R&R. To that end, Defendants will "modify their TAR procedures to fully address the two steps that Judge Francis flagged and to conform to Judge Francis' R&R." In particular, they are willing to adopting the proposal suggested by the Special Master at a mediation session, which address the issues flagged in the R&R, and provide further details of how they intend to implement the same. *See,* ECF No. 532-6. Since they no longer seek to use the specific TAR procedures set forth in their Motion for Protective Order, they submit that their Motion (ECF No. 470) is now moot.

I have reviewed all related documents. After careful consideration and for the reasons set forth in the R&R, I am persuaded by the Special Master's R&R. It is well-reasoned and provides Defendants with a roadmap highlighting the potholes in Defendants' prior positions and how to proceed to achieve reasonable and proportionate search terms and TAR methodologies. Defendants are not compelled to adopt the Plaintiffs' search terms or TAR methodologies and Plaintiffs' objections are overruled.

Defendants are to proceed as they have outlined in their submissions forthwith. Importantly, once Defendants reach a point where they believe their search is complete, they shall provide to Plaintiffs (a) the Bates number of all relevant documents obtained from the last two batches searched, identify which of the batches these documents were found in, and identify the number of relevant but privileged documents withheld with respect to each of the two batches; and (b) the recall rate and all calculations used to derive that rate. If Plaintiffs agree, then Defendants may conclude their search. If Plaintiffs do not agree, the parties shall, after meeting and conferring, present their dispute to the Court for resolution by the Special Master.

THEREFORE, this 21st day of September, 2021, it is ordered as follows:

1. The Special Master's Report and Recommendation (ECF No. 529) is hereby adopted in its entirety as the opinion of this Court;

2. Plaintiffs' Objections to the Special Master's Report and Recommendation (sealed at ECF Nos. 533 and 539 and errata at No. 535) are overruled;

3. Plaintiffs' Motion to Compel Defendants to Use Certain Search Terms and TAR Methodologies (ECF No. 455) is denied;

4. Defendants' Joint Motion for Protective Order Regarding Certain Search Terms and TAR Methodologies (ECF No. 470) is denied as moot; and

5. Defendants are to proceed, forthwith, as they have outlined in their submissions. Importantly, once Defendants reach a point where they believe their search is complete, they shall provide to Plaintiffs the following: (a) the Bates number of all relevant documents obtained from the last two batches searched, identify which of the batches these documents were found in, and identify the number of relevant but privileged documents withheld with respect to each of the two batches; and (b) the recall rate and all calculation used to derive that rate. If Plaintiffs agree, then Defendants may conclude their search. If Plaintiffs do not agree, the parties shall, after meeting and conferring, present their dispute to the Court for resolution by the Special Master.

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose
United States Senior District Judge