# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DIISOCYANATES ANTITRUST LITIGATION<br><br>This Document Relates to:<br>All Actions | Master Docket Misc. No. 18-1001<br><br>MDL No. 2862 |

## DECLARATION OF SARAH R. LAFRENIERE IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEFENDANTS PRE-TAR APPLICATION OF DISPUTED SEARCH TERMS AND PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

I, Sarah R. LaFreniere, declare as follows:

1. I am over 18 years old and have personal knowledge regarding the facts contained in this Declaration.

2. I am an attorney at the law firm Hausfeld LLP, Interim Co-Lead Counsel for Plaintiffs in the above-captioned action. In my previous declarations, ECF Nos. 458, 494, and 536, I addressed the significant history of the Parties' negotiations regarding Plaintiffs' First Set of Requests for Production ("RFPs"). I incorporate those declarations by reference. I make this Declaration to provide additional information and introduce exhibits relevant to Plaintiffs' Motion to Compel Defendants Pre-TAR Application of Disputed Search Terms, and Plaintiffs' Opposition to Defendants' Motion for a Protective Order, ECF No. 582.

3. The Parties have been discussing, negotiating, and litigating search terms at length with Defendants[1] since October 2020.

**Plaintiffs ask for, and identify omissions from, Defendants' search terms.**

---

[1] Defendants" here refers only to: BASF Corporation, Covestro LLC, The Dow Chemical Company, Huntsman International LLC, and Wanhua Chemical (America) Co., Ltd.

1

4.     On September 21, 2021, the Court entered an Order adopting the Special Master's R&R in full permitting Defendants to adopt the Special Master's mediation Proposal. ECF No. 549. Three days later, on September 24, 2021, Counsel for Plaintiffs emailed Defendants asking Defendants to identify the search terms they intended to use, and invited Defendants to "please let us know if you believe it would be fruitful to meet and confer about the search terms." Email from Megan Jones to Alden Atkins, et. al., (Sept. 24, 2021, 4:24 pm). A true and correct copy of this email is attached as Exhibit B.

5.     Counsel for Defendants responded to this email on September 29, 2021 asking Plaintiffs to "provide any narrowly tailored search terms" by October 4—three business days later. Email from Alden Atkins to Megan Jones, et. al, (Sept. 29, 2021 3:21 pm). Defendants' counsel wrote "we will not delay the commencement of our reviews to engage in more rounds of meeting and conferring." A true and correct copy of this email is attached as Exhibit B.

6.     On October 4, 2021, Plaintiffs provided a revised set of search terms. In that email, Plaintiffs' counsel indicated they "would be happy to meet and confer about the terms." Email from Megan Jones to Alden Atkins, et. al., (October 4, 2021, 11:25 pm). A true and correct copy of this email is attached as Exhibit B.

7.     Defendants chose not to engage in a conversation about the terms, but instead responded "each Defendant will disclose the final terms it is using" and that "further testing is not required." Email from Alden Atkins to Megan Jones, et. al, (October 8, 2021 6:31 pm). A true and correct copy of this email is attached as Exhibit B.

8.     Defendants did not, in October 2021, raise their position that Defendants would not speak to Plaintiffs about search terms unless and until a protective order was resolved.

9.     One month after the Court entered the Order permitting Defendants to run their

chosen TAR methodologies, ECF No 549, between October 26, 2021 and October 29, 2021, Defendants disclosed to Plaintiffs the search terms they intended to apply to collect documents to be run through their Technology Assisted Review ("TAR") platforms. Each Defendant, except Dow, sent Plaintiffs a PDF of their search terms. Prior to this, Defendants had requested that the parties negotiate a single set of search terms to apply to all Defendants, rather than a single set of search terms for each. The parties had also generally exchanged excel spreadsheets, which allowed easier comparison between versions of the terms. Defendants' decision to provide individual PDF documents of search terms departed from the custom of the parties, and left Plaintiffs with over 2,500 search strings in individual PDFs to review and compare. Accordingly, Counsel for Plaintiffs asked Defendants to provide their terms in excel format, which they did between November 4 and 10, 2021.

10.     Shortly after Defendants provided the Excel search terms, a status conference was held. During the status conference, the Court instructed the parties to discuss the disputed search terms and reach out to Judge Francis if there was no agreement. A true and correct copy of the transcript from that status conference is attached to this declaration as Exhibit D.

11.     Plaintiffs undertook to re-create the prior spreadsheet, and compare all the terms. This took approximately two weeks.

12.     Upon initial review of the search terms, Plaintiffs noted that Defendants had added a number of search terms previously in dispute and had and added dozens of new terms as well. But upon further review, Plaintiffs identified discrete but meaningful changes. Numerous strings containing lengthy strings of synonyms had one or two critical words removed (such as "phone" or "visit"), and some changes were as minute as changing the proximity of a search from within 20 (w/20) to within five (w/5).

13. Plaintiffs identified eighty search strings Defendants had omitted or modified (the "disputed terms") that Plaintiffs believed were crucial to Defendants' document review and provided those terms to Defendants on November 23, 2021, and asked Defendants when they were available to discuss. Email from Megan Jones to Alden Atkins, et. al., (November 23, 2021, 10:05 pm). A true and correct copy of this email is attached as Exhibit C.

14. The terms (referred to as the "disputed terms" in Plaintiffs' filings, are attached as Exhibit A to this declaration, with the following minor changes:

- Term 66 was moved from Group 1 to Group 2
- Term 72 "MDI 1" was modified to "MDI 1-3"
- An asterisk was added before "Covestro.com" in Group 3
- Term 59.c, the terms "meet, met, minutes" were removed from the second string.

15. One of Plaintiffs' RFPs requests that Defendants produce calendar entries, a topic that was subject to a previous motion to compel. ECF No. 552. One of the parties subject to that motion, Dow, was able to produce its full calendars only two days after Plaintiffs entered a stipulation withdrawing the motion because Defendant Dow agreed to produce full calendars. Some Defendants have offered to apply the TAR-related search terms to their calendars, but Plaintiffs have explained that these search terms are deficient for the reasons explained in their Motion and Opposition, and are especially deficient for a linear review of the calendars. Plaintiffs' counsel has proposed including the names of custodians as search terms for calendar entries, as one of the potential manners of capturing calendar entries. While negotiations are ongoing, at least some Defendants have outright refused to meet and confer about this issue. For example, Plaintiffs inquired whether Defendant Wanhua would conduct a linear review of responsive calendar entries without search terms or TAR. Counsel for Defendant Wanhua responded, indicating "there is no need for further meeting and conferring." Letter from Alden Atkins to David Langer, Oct. 27,

2021. A true and correct copy of this email is attached as Exhibit F.

**The Parties schedule a meet and confer to discuss search terms, but Defendants do not engage.**

16. Defendants responded with their availability for a meet and confer and a conference with Judge Francis on December 1, 2021. Email from Alden Atkins to Megan Jones, et. al., (December 1, 2021, 1:29 pm). A true and correct copy of this email is attached as Exhibit C. The meet and confer was scheduled for December 6, and the conference with Judge Francis for December 9, 2021.

17. During the December 6, 2021 meet and confer Defendants were unwilling to discuss Plaintiffs' search terms. Each Defendant refused to engage in a substantive conversation about the terms dispute. Counsel for Defendants asked why Plaintiffs believed the Court's Order did not resolve the search term issue, and indicated their intention to file a motion for a protective order the next day. This was the first (and only) time Plaintiffs had notice of Defendants' intention to file a motion for a protective order. During the meet and confer Defendants asked Plaintiffs if they would consent to the motion being transferred to Judge Francis, and Plaintiffs said they would get back to Defendants. Defendants did not raise their intention to seek fees or cost-shifting during this call. Defendants filed their motion less than twenty-four hours after the meet and confer, and before Plaintiffs' counsel responded regarding the referral to Judge Francis.

18. During the meet and confer, Plaintiffs also asked for additional information about Defendants' search terms. For example, Plaintiffs asked if they would provide hit counts of the disputed terms. Defendants said they would get back to Plaintiffs about the request. Aside from the information provided in the Declaration of Alden Atkins in Support of Defendants' Motion to Compel, ECF No. 583, ("Atkins Declaration") Defendants have not responded to Plaintiffs' inquiries.

19. The only substantive information Defendants provided to Plaintiffs during the meet and confer about the search terms was that some of the search strings were broader than the terms initially discussed. Plaintiffs indicated that if that was the case, it was in error, and that Plaintiffs would happily correct such mistakes. Plaintiffs also asked Defendants to identify the search strings that were purportedly broader, as Plaintiffs meant to narrow any term provided to Defendants. Aside from the Atkins Declaration, Plaintiffs have not heard back from Defendants on this request.

20. During the December 6, 2021 meet and confer, Plaintiffs' counsel also expressed a desire to narrow the issues in dispute in multiple ways: by discussing the search terms, by discussing hit counts or search term testing, and by discussing the procedure by which the search term issue could be raised. Defendants would not agree to discuss those topics. Plaintiffs also asked Defendants to defer their motion to let the parties first speak with Judge Francis (scheduled two days later) so that he could be involved in crafting a solution. Prior to this meet and confer, Defendants never disclosed to Plaintiffs that they would not discuss search terms until a protective order was resolved.

**The Parties are negotiating interrogatory responses.**

21. Beyond document discovery, Plaintiffs have also served interrogatories, and are currently negotiating the scope of Defendants' responses to those interrogatories. One of the interrogatories asks for Defendants to identify meetings and communications with competitors regarding MDI and TDI products. Defendants are relying, in part, on their document productions to respond to this interrogatory. Indicating their document productions will "contain the information that Plaintiffs' seek in their interrogatories." Letter from Lincoln Wesley, Counsel for Defendant Wanhua, to David Langer, Counsel for Plaintiffs, Nov. 10, 2021. A true and correct copy of this email is attached as Exhibit E.

**Defendants ask Plaintiffs to add search terms, but will not do so themselves.**

22. On August 14, 2020, Defendants sent their initial list of proposed search terms to Plaintiffs. Plaintiffs accepted these search terms in full on December 15, 2020. Plaintiffs' counsel also proposed additional search terms to be included after consulting with Plaintiffs. On May 27, 2021, Defendants requested Plaintiffs add additional search terms, more than doubling the number of terms Plaintiffs previously agreed to run and asked Plaintiffs to provide another hit report. Plaintiffs agreed to include all of Defendants' proposed new terms except "iii." Counsel for Plaintiffs tested a sample of 100 unique documents identified by the term iii, none of them were relevant.

23. When Plaintiffs added new documents to the TAR review identified by Defendants' new search terms, Plaintiffs had already initiated and reviewed substantial portions of their document collections. Adding new documents to the TAR review was seamless and technically simple.

**Additional Exhibits**

24. A true and correct copy of the document with the bates number DOW-000049248 is attached as Exhibit G.

25. A true and correct copy of the document with the bates number DOW-000144693 is attached as Exhibit H.

26. A true and correct copy of the document with the bates number DOW-000005966 is attached as Exhibit I.

27. A true and correct copy of the document with the bates number WCA_CIV-000050281 is attached as Exhibit J.

28. A true and correct copy of the document with the bates number COV000009655 is

attached as Exhibit K.

29. A true and correct copy of the document with the bates number HTN-00083065 is attached as Exhibit L.

30. A true and correct copy of the document with the bates number BC-0011463 is attached as Exhibit M.

31. A true and correct copy of the document with the bates number HTN-00005684 is attached as Exhibit N.

32. A true and correct copy of the document with the bates number BC-0053726 is attached as Exhibit O.

33. Attached as Exhibit P is an excerpt of a true and correct copy of John Rosenthal, et. al., eds., Winston and Strawn, Synopses of Significant Decisions Touching on Issues Related to the Practice of Electronic Discovery, (Fall 2021).

34. A true and correct copy of the document with the bates number BC-0033891 is attached as Exhibit Q.

35. A true and correct copy of the document with the bates number DOW-000159129 is attached as Exhibit R.

36. A true and correct copy of the document with the bates number DOW-000218802 is attached as Exhibit S.

Executed this 15th day of December, 2021 at Washington, D.C.

/s/ Sarah R. LaFreniere
Sarah R. LaFreniere
HAUSFELD LLP
888 16th Street NW, Suite 300
Washington, DC 20006
Tel.: (202) 540-7200
Fax: (202) 540-7200
slafreniere@hausfeld.com