# Exhibit F

# Vinson&Elkins

Alden L. Atkins  aatkins@velaw.com
**Tel +**1.202.639.6613  **Fax +**1.202.879.8813

October 27, 2021

**Via Email**

David A. Langer
Berger Montague
1818 Market St., Suite 3600
Philadelphia, PA 19103
dlanger@bm.net

Re:   **Wanhua Chemical (America) Co., Ltd.'s Responses to Plaintiffs' Interrogatories;** *In Re Diisocyanates Antitrust Litig.*, **MDL No. 2862**

Dear Counsel:

I am writing in response to Plaintiffs' October 21, 2021 letter regarding Wanhua Chemical (America) Co., Ltd.'s ("WCA's") Responses and Objections to Plaintiffs' First Set of Interrogatories. Specifically, you say that Plaintiffs are reneging on two agreements that we reached after lengthy meet and confers: (1) for custodians whose primary responsibilities were for ADI, we agreed that we can use search terms to filter out documents unrelated to MDI or TDI; and (2) we agreed that we can use search terms to identify relevant calendar entries.[1]

Your letter says that Plaintiffs are available to meet and confer about these issues. As explained below, we have met and conferred about these issues. Repeatedly, by letter and by telephone. And we reached a compromise agreement on both issues. If Plaintiffs will no longer abide by those agreements, then we are at impasse and you should file your motion promptly. If you do, we will seek all appropriate costs, including our costs of responding. It is essential that we be able to rely upon the agreements we have reached with Plaintiffs as we proceed through discovery.[2]

---

[1] We will address your comments about specific interrogatory answers in separate correspondence.

[2] This is not the first time Plaintiffs have reneged on a discovery agreement. As we negotiated the scope of discovery requests, we agreed to broaden the scope of several requests, and not to insist on our well-founded objections, and in return Plaintiffs agreed our overbreadth concerns would be addressed by reasonable, narrow search terms. Our agreement is documented in correspondence we exchanged at the

**Vinson & Elkins LLP  Attorneys at Law**                                    2200 Pennsylvania Avenue NW, Suite 500 West
Austin  Dallas  Dubai  Houston  London  Los Angeles  New York               Washington, DC 20037-1701
Richmond  Riyadh  San Francisco  Tokyo  Washington                          **Tel** +1.202.639.6500  **Fax** +1.202.639.6604  velaw.com

**V&E**

**ADI Custodians**

On December 2, 2020, Plaintiffs proposed 19 WCA custodians, including Marc Block, Sam Maddox, Brian Morris, and Jon Palmer. As we explained in our letters dated December 11, 2020, January 5, 2021, and January 26, 2021, those four individuals were part of a separate business unit responsible for ADI, a chemical that is different from MDI or TDI. You referred to certain documents from WCA's DOJ production on which they were copied, and we explained that sometimes their ADI customers were interested in buying MDI or TDI. On those occasions, those ADI personnel occasionally responded to and facilitated incidental requests for MDI/TDI products from existing ADI customers, such as by coordinating with WCA's responsible MDI/TDI commercial team.

The ADI sales representatives are not relevant or proportional custodians because their responsibility for MDI and TDI sales were so limited. Nevertheless, Plaintiffs insisted on including them as custodians in letters dated December 18, 2020 and January 27, 2021. In a meet and confer on February 3, 2021, and in emails exchanged on February 11, 2021, WCA reluctantly agreed to include those persons as custodians, but *only if* search terms could be used to filter out documents unrelated to MDI or TDI. Plaintiffs agreed, and we reached an agreement on the search terms to be used during telephone conversations and an email dated February 19, 2021. In reliance on your agreement, we collected their documents and have begun our review of their filtered documents.

Your letter justifies reneging on our agreement—after we have already begun performance in reliance on it—by saying Plaintiffs have "grave concerns" that WCA's search terms and TAR process "will not result in an adequate search of the ADI custodial materials that is proportionate to the needs of the case." That is obviously a pretext. At no time during these negotiations did you raise any concern about our search procedures. Nor can you seriously contend that the search and TAR procedures we are using—which Judge Francis proposed and the Court instructed us to use—should require us to add documents unrelated to MDI or TDI to our TAR Review Set. It is quite obvious that Plaintiffs are intent on adding to the costs and burdens of discovery, having failed to impose the unreasonable costs and burdens of their TAR procedures.

---

time. After accepting our agreement regarding the scope of those requests, Plaintiffs then insisted on search terms that hit the overwhelming majority of WCA's documents.

V&E

**Custodian Calendars**

In Document Request No. 19, Plaintiffs requested the calendars for WCA's custodians, and we properly objected to the request as overbroad and unduly burdensome.  We said that we would limit our production to calendar entries that are relevant to this case, and that we would use search terms to identify potentially relevant entries.  We discussed our concerns during meet and confers on June 12 and 24, 2020, and Plaintiffs agreed.  As reflected in your July 23, 2020 letter summarizing our meet and confer, "Plaintiffs and WCA agreed that the types of documents requested by this RFP would be included in a search of each custodian who is a person [sic] based on an agreed upon search term protocol."  Plaintiffs explained that "based on the results of the search, Plaintiffs may have some additional follow-up requests for this RFP," and we agreed to consider reasonable follow-up requests.  This agreement was reiterated in WCA's August 6, 2020 letter, during the parties' August 27, 2020 meet and confer, in Plaintiffs' September 10, 2020 letter summarizing the meet and confer, and in WCA's September 18, 2020 letter.  Again, we have relied upon our agreement with Plaintiffs.

Now, a year later, your letter says that Plaintiffs are reneging on this agreement too.  Your letter says it is "improper to redact for relevance by withholding potentially irrelevant calendar entries," which is wrong and inconsistent with our agreement.  You also say that calendar entries "do not lend themselves toward a manual or algorithmic review," so therefore we must bear the unreasonable and substantial cost of reviewing every single calendar entry manually.  That contention is wrong too, in part because calendar entries contain text fields and often contain attachments, and in any event we said we would consider reasonable follow-up requests.  Plaintiffs did not raise these concerns when we negotiated our agreement.  Plaintiffs did raise some of these arguments in their September 21, 2021 motion to compel, but that motion was not filed against WCA.  Again, your concerns seem to be manufactured to add even more to our burdens and costs of discovery.



If you do not intend to abide by these agreements, then we are at impasse. File your motion promptly. We met and conferred at length and reached agreed compromises, so there is no need for further meeting and conferring. We have relied on our agreements, and we are performing our review in conformance with our agreements. If you file a motion to compel, we will seek all appropriate costs, including the costs for responding to any motion, and we will ask the Court to enforce our agreements.

Sincerely,

Alden L. Atkins

Cc:   Jason Hartley (via email)
      Jason Lindner (via email)
      Megan Jones (via email)
      Sarah LaFreniere (via email)