# Exhibit P

**SPECIAL EDITION**
2021 GEORGETOWN LAW ADVANCED E-DISCOVERY INSTITUTE

# Synopses of Significant Decisions Touching on Issues Related to the Practice of Electronic Discovery

**WINSTON & STRAWN LLP'S
E-DISCOVERY CASE LAW UPDATE**

## FALL 2021

**EDITORS**

John Rosenthal  \\  Christopher Costello  \\  Matthew Poplawski  \\  Jason Moore



# Table of Contents

**INTRODUCTION** ...................................................................................................................4

**TECHNOLOGY ASSISTED REVIEW** .................................................................................5
In re Diisocyanates Antitrust Litig. ...................................................................................5
In re Valsartan, Losartan, and Irbesartan Prods. Liab. Litig. ............................................6
Lawson v. Spirit AeroSystems, Inc. ..................................................................................7

**SCOPE OF DISCOVERY/PROPORTIONALITY** ...............................................................9
D'Agostin v. Fitness Int'l, LLC .........................................................................................9
Hurley v. BMW of N. Am. LLC .......................................................................................9
In re Freight Fuel Surcharge Antitrust Litig. ..................................................................10
Martinez-Sanchez v. Anthony Vineyards, Inc. ...............................................................11
Saleh v. Pfister ................................................................................................................11
Strike 3 Holdings, LLC v. Doe .......................................................................................12
Walls v. City of New York .............................................................................................12
Weidman v. Ford Motor Co. ...........................................................................................13

**PRESERVATION, SPOLIATION, AND SANCTIONS** .....................................................14
Charlestown Capital Advisors, LLC v. Acero Junction, Inc. .........................................14
Doubleline Capital LP v. Odebrecht Fin., Ltd. ...............................................................15
DR Distributors v. 21 Century Smoking, Inc. ................................................................16
Edwards v. Junior State of Am. Found. ..........................................................................17
FTC v. Noland ................................................................................................................18
FTC v. Vyera Pharms., LLC ..........................................................................................19
Optrics Inc. v. Barracuda Networks Inc. ........................................................................19
Rossback v. Montefiore Med Ctr. ..................................................................................20
Sanz v. Wells Fargo ........................................................................................................21
Torgersen v. Siemens Bldg. Tech., Inc. ..........................................................................21

**SEARCH AND PRODUCTION** ...........................................................................................23
Balderas v. Ill. Cent. R.R. Co. ........................................................................................23
Benebone llc v. Pet Qwerks, inc. ...................................................................................23
Cary v. Ne. Ill. Reg'l Commuter R.R. Corp. ..................................................................24
Laub v. Horbaczewski .....................................................................................................25

Marine Depot, Int'l, Inc. v. James River Grp., Inc. ...........................................................................................................25
Nichols v. Noom Inc. ...............................................................................................................................................................26
Optronic Techs., Inc. v. Ningbo Sunny Elec. Co. ..................................................................................................................27
Salinas v. Cornwell Quality Tools Co. ...................................................................................................................................27

# FORENSIC EXAMINATIONS ...................................................................................................29
Delta T, LLC v. Williams .........................................................................................................................................................29
In re: 3M Combat Arms Earplug Prods. Liab. Litig. ...........................................................................................................29
Measured Wealth Private Client, Grp., LLC v. Foster.........................................................................................................30

# RULE 34 .......................................................................................................................................32
Penn Eng'g & Mfg. Corp. v. Peninsula Components, Inc. ..................................................................................................32
Cody v. City of St. Louis.........................................................................................................................................................32

# MEET AND CONFER OBLIGATION ........................................................................................34
Trinidad v. Equilon Enters. LLC............................................................................................................................................34

# PRIVILEGE AND WAIVER .........................................................................................................35
E.E.O.C. v. George Washington Univ. ..................................................................................................................................35
Willis Elec. Co. v. Polygroup Trading, Ltd............................................................................................................................36
U.S. Bank Nat'l Ass'n v. Triaxx Asst Mgmt. LLC..................................................................................................................37

# POSSESSION, CUSTODY, OR CONTROL ..............................................................................39
Krishnan v. Cambia Health Sols., Inc. .................................................................................................................................39
Robinson v. Moskus.................................................................................................................................................................39

# AUTHENTICATION OF SOCIAL MEDIA EVIDENCE ............................................................41
U.S. v. Lamm.............................................................................................................................................................................41
State v. Acosta..........................................................................................................................................................................42

# CROSS-BORDER DISCOVERY..................................................................................................43
Irish High Court Rules DPC Can Continue Investigating Facebook..............................................................................43
European Commission Adopts New Standard Contractual Clauses .............................................................................43
The Sedona Conference Commentary on Cross-Border Discovery in Patent Cases ................................................44
China Finalizes the Personal Information Protection Law..............................................................................................44

# Introduction

Winston & Strawn LLP's eDiscovery & Information Governance Group is pleased to present the following update on important decisions and developments concerning a wide variety of electronic discovery and cross-border discovery issues.

We hope that the following summaries and information will continue to aid your understanding of these important and rapidly evolving areas of law, and we look forward to helping you stay abreast of upcoming e-discovery developments.

The arrival of the coronavirus has placed increasing emphasis on technologies that allow for remote work and communication platforms that increase productivity while protecting confidentiality and providing data security. As a result, companies and individuals have begun using messaging tools and platforms that provide the needed security and flexibility. However, the same basic discovery and e-discovery principles apply to these platforms: potentially relevant documents and information need to be preserved once the duty to preserve attaches, and organizations that use these platforms and tools need to be aware of their e-discovery capabilities and shortcomings. The **FTC v. Noland** case, discussed below, addresses the defendants' misuse of secure messaging and the sanctions that can result.

The interplay between the concepts of relevance and proportionality continues to generate significant discovery disputes and courts are being asked to make proportionality-based determinations on a regular basis. While most of these decisions address proportionality in the context of review and production, proportionality also applies to preservation decisions. Notably, while most courts are hesitant to allow "discovery on discovery," when the circumstances require it—i.e., the moving party can demonstrate the other party's discovery failures and/or the absence of documents that should have been produced, such discovery is permitted. In addition, where there is sufficient reason to allow it, courts will also order forensic examinations of specific data sources.

In addition, courts continue to struggle to define the contours of the acceptable use of Technology Assisted Review ("TAR") and what level of transparency is appropriate. We anticipate that courts will continue to be confronted with disputes concerning the use of TAR, as some requesting parties (particularly in asymmetrical litigation) are aggressively using such protocols to attempt to assert greater control over the TAR process. We also see continuing efforts to preclude the use of search terms in connection with the use of TAR.

On the Cross-Border Discovery and Privacy fronts, the European Data Protection Board ("EDPB") has issued a new set of modular Standard Contractual Clauses ("SCCs"), which went into effect on September 27, 2021. All new transfers seeking the protection of the SCCs must utilize the new form, and all transfers pursuant to the old forms must be transitioned to the new set by December 27, 2022. In addition, the People's Republic of China has finalized its new Personal Information Protection Law, which took effect on November 1, 2021.

# Technology Assisted Review

The decision to use Technology Assisted Review ("TAR") no longer requires an assessment of whether such technologies are an effective means of reducing the overall cost associated with the review of documents for production, nor does it require that the court explore whether the technology is effective. Instead, courts are now asked to determine the appropriate level of transparency that an opposing party should have into the operation of the specific TAR process, and whether a party wishing to use TAR can use search terms as a means of excluding irrelevant documents to reduce cost and allow the TAR engine to function appropriately. The following decisions are instructive, and organizations and counsel are encouraged to review them and understand the reasoning employed by the court and/or special master.

## IN RE DIISOCYANATES ANTITRUST LITIG.

In **In re Diisocyanates Antitrust Litig.**, 2021 WL 4295729 (W.D. Pa. Aug. 23, 2021), Special Master (and former Magistrate Judge) James C. Francis IV was asked to resolve the parties' disputes over their competing TAR protocols. Procedurally, the plaintiffs filed a motion pursuant to Federal Rules of Civil Procedure Rules 26 and 37 to require the defendants use certain search terms and TAR methodologies to identify responsive documents, and the defendants cross-moved for a Rule 26(c) protective order to allow them to use their own search terms and TAR methodologies. Special Master Francis issued a Report and Recommendation pursuant to Rule 53, recommending that both parties' provisions be denied. Key areas of dispute related to (i) the use of search terms before TAR; (ii) identification of the stopping point (when to stop human review); and (iii) validation.

With respect to search terms, the parties agreed that search terms could be used before TAR. However, the parties had competing search term proposals. The plaintiffs' proposal led to a broader set of documents for review (67% to 87% of the entire collection of documents), which defendants led to a smaller corpus (29% to 55%). However, Special Master Francis noted that hit rates themselves are not solely indicative of whether the search terms are reasonable. In matters involving search terms culling prior to TAR, he stated that "the function of search terms in this case is not *to identify documents for production or even to select those that will be provided directly to human reviewers; it is to narrow the universe of documents to which TAR will be applied. In this context, precision [of the search terms], which is what the defendants appear to seek, is relatively less important than recall*." 2021 WL 4295729 at *10 (emphasis added). In other words, when using search terms before TAR, Special Master Francis found that emphasis should be placed on confirming the search terms were not too narrow. Here, the defendants did not do any analysis of their own search terms as to if they were too narrow and did not provide meaningful information as to the additional review cost burdens of using plaintiffs' search terms. However, Special Master Francis also noted that he had no information to conclude the plaintiffs' search terms were reasonable.

With respect to stopping point, the plaintiffs demanded a highly academic, rigid, and close-to-perfection standard of measuring when to stop review. The plaintiffs sought to compel the defendants "to continue running their Continuous Active Learning ("CAL") tools until two sequential batches contain less than 5–10% responsive documents and no responsive documents that are novel or more than marginally relevant," and that the "TAR methodology must identify 'substantially all responsive non-privileged documents." Special Master Francis rejected these provisions outright, noting that "it would be

arbitrary to impose rigid stopping criteria," and that plaintiffs' "misstate the legal standard, which requires reasonableness, not perfection."

Finally, with respect to validation, Special Master Francis rejected both parties' proposals for validating search terms and TAR. Here, the issue came down to determining the reasonable way to calculate recall. Here, again, the plaintiffs proposed a highly academic and close-to-perfection standard of validation by requiring a global calculation of recall to cover the entire search and review process. Specifically at issue, plaintiffs demanded calculations of human error in document review. While recognizing that human error is part of the entire discovery process, including review, Special Master Francis rejected this demand, calling it an "overreach." ∎

### EDITOR'S NOTE

*The result of the report and recommendation seems to be the parties should continue to meet and confer on the areas of dispute using Special Master Francis's guidance. With respect to search terms and validation, we believe there are two key considerations that the parties did not present, and thus were not recognized by the Special Master. First, by requiring a global calculation of recall by combining TAR and search terms into a final recall number, the actual recall of the entire search and review process will not be known until the very end of the search and review process. As far as timing, that is the worst point in discovery to have disputes over the reasonableness of the search and review of documents, as the producing party will have incurred all of the cost, effort, and time to get to the end of search, review, and production.*

*In connection with this, and as to our second point, we believe too much emphasis is being placed on recall as a means of validating discovery, and not enough emphasis is being placed on the people, process, and technology. This is because recall can be a flawed calculation in e-discovery for the reason already identified by Special Master Francis. There is no gold standard, static answer grid for docu-*

*ments in a review set. To calculate recall is to generate an estimate that cannot achieve perfection. Here, the plaintiff's expert continues to take an unrealistic, unjustified, and academic view of validation of TAR. For this reason, the Special Master did not include measuring human accuracy in document review as part of the recall calculation.*

### IN RE VALSARTAN, LOSARTAN, AND IRBESARTAN PRODS. LIAB. LITIG.

In ***In re Valsartan, Losartan, and Irbesartan Prods. Liab. Litig.***, 337 F.R.D. 610 (D.N.J., Dec. 2, 2020), Magistrate Judge Joel Schneider was asked to either allow the defendant to avoid reviewing documents that had been identified as non-responsive by operation of the defendant's technology assisted review engine or to shift the cost of the review of those documents to the plaintiffs. Here, the defendants used CAL to conduct review, reached their own stopping point, and sought a protective order from the court to allow them to stop any additional human review of the documents the TAR model identified as non-responsive based upon the proportionality requirements in Federal Rules of Civil Procedure Rule 26. But, Magistrate Judge Schneider rejected the request, instead finding that the defendants violated the July 2019 court-entered electronically stored information ("ESI") protocol by failing to timely disclose their intent to use TAR to establish a cut-off point and avoid human review of documents. Specially, the ESI protocol required that the parties "will cooperate in good faith regarding the disclosure and formulation of appropriate search methodology, search terms and protocols, and any TAR/predictive coding prior to using any such technology," and "agree to meet and confer as early as possible to discuss ... technology assisted review/predictive coding." The history of discovery negotiations, summarized here, was important for understanding the court's decision:

- **JULY 2019** The court enters the ESI protocol.