IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: DIISOCYANATES | ) | Master Docket Misc. No. 18-1001 |
| ANTITRUST LITIGATION | ) | |
| | ) | MDL No. 2862 |
| This Document Relates to: | ) | |
| All Cases | ) | |

AMBROSE, United States Senior District Judge

## OPINION
## AND
## ORDER OF COURT

This multi-district litigation stems from an alleged conspiracy to reduce supply and increase price for methylene diphenyl diisocyanate ("MDI") and toluene diisocyanate ("TDI"), precursor ingredients for the manufacture of polyurethane foam and thermoplastic polyurethanes. Defendants filed a Motion for Protective Order Regarding Defendants' Search Terms. (ECF No. 582). Thereafter, Plaintiffs filed a Motion to Compel Defendants Pre-TAR Application of Disputed Search Terms. (ECF No. 592). I referred the Motions to the previously appointed Special Master, James C. Francis IV. On January 7, 2022, the Special Master issued a Report and Recommendation ("R&R"). (ECF No. 611). Therein, the Special Master recommended that Plaintiffs' Motion to Compel (ECF No. 592) be denied as it is precluded by the prior order of Court. (ECF No. 611, pp. 5-7). He additionally recommended that Defendants' Motion for Protective Order (ECF No. 582) be denied as moot as it seeks the same relief that necessarily flows from the denial of Plaintiffs' Motion. *Id.* at pp. 7-8. Finally, he recommended that Defendants' application for an award of expenses, including attorneys' fees, be denied. *Id.* at pp. 8-9.

The date for filing Objections was January 12, 2022. (ECF No. 596). Neither side filed objections. Plaintiffs, however, did file a Response. (ECF No. 614). Defendants filed a Response thereto. (ECF No. 617). Despite not objecting to the Special Master's R&R, Plaintiffs seem to

"renew" their request for this Court to order the use of their disputed search terms. (ECF No. 614, p. 4). As the Special Master pointed out, "that ship has sailed." (ECF No. 611, p. 5).

Plaintiffs further seek clarification that search terms can be challenged at a later date. (ECF No. 614, p. 4). My prior Order dated August 21, 2021, provides as follows:

> Defendants are to proceed, forthwith, as they have outlined in their submissions. Importantly, once Defendants reach a point where they believe their search is complete, they shall provide to Plaintiffs the following: (a) the Bates number of all relevant documents obtained from the last two batches searched, identify which of the batches these documents were found in, and identify the number of relevant but privileged documents withheld with respect to each of the two batches; and (b) the recall rate and all calculation used to derive that rate. If Plaintiffs agree, then Defendants may conclude their search. If Plaintiffs do not agree, the parties shall, after meeting and conferring, present their dispute to the Court for resolution by the Special Master.

(ECF No. 549, p. 3). As contemplated above, at the end of the Defendants' search and production, and after a meet and confer, there will be an opportunity for a challenge. *Id.* Indeed, the Special Master recognized that same. (ECF No. 611, p. 7).

> While the Court's Opinion forecloses the plaintiffs' current motion, it does not immunize the defendants' production from challenge at the end of the day. Indeed, the Opinion provides a method for resolving any dispute over the reasonableness of the defendants' search, and that includes any deficiencies that might result from inadequate search terms, a faulty TAR process, or any other source. (Opinion at 3). As the defendants note, this creates a powerful incentive for them not to use unduly narrow search terms. (Def, Resp. to R&R at 11). Thus, if at the point where the defendants seek to halt their search, the plaintiffs identify search term inadequacies that rendered the search unreasonable, remedies will be available. But the Court was clear: production needed to proceed immediately on the basis of the protocol outlined by the defendants in response to the 8/23/21 R&R.

*Id.* Thus, at the appropriate time, Plaintiffs will be permitted to challenge search term inadequacies they believe rendered the search unreasonable.

THEREFORE, this 19th day of January, 2022, after careful consideration of the R&R and for the reasons set forth therein, it is ordered as follows:

1. The Special Master's R&R (ECF No. 611) is hereby adopted in its entirety as the opinion of this Court;

2. Plaintiffs' Motion to Compel (ECF No. 592) is denied;

2

      3.      Defendants' Motion for Protective Order (ECF No. 582) is denied as moot, and Defendants' application for an award of expenses, including attorneys' fees, is denied.

BY THE COURT:

_____

Donetta W. Ambrose
United States Senior District Judge