IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DIISOCYANATES ANTITRUST LITIGATION<br><br>This Document Relates to ALL ACTIONS | Master Docket Misc. No. 18-1001<br><br>MDL No. 2862 |

### DECLARATION OF JASON S. HARTLEY IN SUPPORT OF MOTION FOR REAPPOINTMENT OF JASON HARTLEY AND MEGAN JONES AS INTERIM CO-LEAD COUNSEL AND REAPPOINTMENT OF WILLIAM PIETRAGALLO, II AS INTERIM LIAISON COUNSEL

I, Jason S. Hartley, declare as follows:

1. I am a partner at the law firm of Hartley LLP and Interim Co-Lead Counsel for Plaintiffs in the above-captioned action. I make this Declaration in support of Plaintiffs' Motion for Reappointment of Jason Hartley and Megan Jones as Interim Co-Lead Counsel and Reappointment of William Pietragallo, II as Interim Liaison Counsel. I, Megan Jones, and William Pietragallo, II, as well as our firms, are referred to herein as "Lead and Liaison Counsel."

2. In the period since our previous Motion for Reappointment, Lead and Liaison counsel have done the work described below, along with various filings documented by docket number references as set forth in our current Motion for Appointment, and numerous routine day-to-day tasks necessary to the continued progress of the case.

3. Lead and Liaison Counsel have prepared and sent regular status letters to the Court in advance of status conferences, confidentially describing the progress of the case and outstanding issues.

4. Lead and Liaison Counsel have supplemented Plaintiffs' Jurisdictional

1

Interrogatory Responses with identification of extensive documents produced by Covestro AG as well as other Defendants.

5. Lead and Liaison Counsel have continued to manage the review of large amounts of documents produced by Defendants including jurisdictional documents produced by Covestro AG and Wanhua Chemical Group Co. Ltd. (the "Non-Consenting Foreign Defendants") as well as documents produced by the domestic Defendants.

6. Lead and Liaison Counsel have continued to work with the named Plaintiffs to respond to discovery requests, including both domestic and jurisdictional discovery.

7. Lead and Liaison Counsel directly represent and have familiarity with all of the Plaintiffs, and I believe that a change in counsel would create confusion and negatively affect their representation in this matter.

8. Lead and Liaison Counsel conduct regular conference calls to discuss the case and manage pending projects. In this way, we ensure that work is fairly apportioned, that each necessary project is timely managed, and that duplicative effort is avoided. We have engaged experts, e-discovery vendors, and others to support the litigation. We also jointly engaged in negotiations with Defendants and continue to work within a professional and cordial relationship with them.

9. Other plaintiffs' firms that have contributed to Plaintiffs' efforts include Barrack, Rodos & Bacine, Berger Montague, Cohen Milstein, Edelson Lechtzin LLP, Joseph Saveri Law Firm, Karon LLC, Lieff Cabraser Heimann & Bernstein, LLP, Lite DePalma Greenberg & Afanador, LLC, Lockridge Grindal Nauen P.L.L.P., MoginRubin LLP, Nussbaum Law Group, PC., Paul LLP, Pittman, Dutton & Hellums, P.C., and Pogust Goodhead.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 1st day of February, 2023 at San Diego, California.

                                                      */s/ Jason S. Hartley*
                                                     Jason S. Hartley