**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: DIISOCYANATES | ) | Master Docket Misc. No. 18-1001 |
| ANTITRUST LITIGATION | ) | |
| | ) | MDL No. 2862 |
| This Document Relates to: | ) | |
| All Cases | ) | |

## MEMORANDUM AND ORDER OF COURT

Presently before the Court is Plaintiff NCP Coatings, Inc.'s ("NCP") Motion for Voluntary Dismissal without prejudice (ECF No. 906), Memorandum of Law in support (ECF No. 907), and declarations and supporting materials (ECF Nos. 908, 909). Defendants filed an Opposition and a declaration with supporting materials, assenting to NCP's requested dismissal but only upon specified conditions and with prejudice. (ECF No. 920). NCP filed a Reply and an additional declaration. (ECF Nos. 921, 922). The matter is fully briefed and ripe for disposition. For the reasons that follow, NCP's motion will be granted, with conditions.

### I.    BACKGROUND

NCP is one of five named Plaintiffs in this multi-district litigation claiming for themselves and on behalf of a class that Defendants conspired to reduce supply and increase prices for methylene diphenyl diisocyanate ("MDI") and toluene diisocyanate ("TDI"). (ECF No. 163). Thus far, the parties have undertaken voluminous written discovery and they will soon take an extensive number of depositions. (*See* ECF No. 843).

NCP has served as a putative class representative since the inception of this litigation. (ECF No. 163). Now, however, NCP wishes to cease serving in this capacity and simply wishes to participate in this litigation passively as an absent class member. (ECF Nos. 907; 909, ¶¶ 4-5). NCP is now under new ownership and management who seeks to "concentrate its energy and

vision entirely on its coatings business." (ECF No. 909, ¶ 5).  NCP represents that its request for dismissal is made in good faith, that Defendants will suffer no prejudice from its dismissal, and that the imposition of conditions is not warranted.

Defendants do not oppose NCP's dismissal from this case but do insist that its dismissal be conditional and with prejudice.  (ECF No. 920).  Defendants assert that NCP lacks standing and cannot be an appropriate class representative because NCP never purchased MDI or TDI from any of the Defendants, but merely purchased a prepolymer product containing MDI or TDI from Defendant Covestro LLC, which has been adjudged outside the scope of this case.  (ECF No. 430).  Nonetheless, Defendants contend that NCP has not addressed heretofore unanswered, supplemented, and unverified interrogatory responses, and that taking NCP's deposition remains important to discerning commonality, typicality, and class composition.  (ECF Nos. 908, ¶ 2; 920).  Defendants also contend that NCP should be dismissed with prejudice because they already suffered substantial costs and burdens due to NCP's litigation, and they risk suffering further expenses if NCP is permitted to reassert its claims in the future.  Finally, Defendants wish to reserve their right to seek costs from the remaining Plaintiffs, including from NCP for the time that NCP was a named Plaintiff.  (ECF No. 920).

## II.     DISCUSSION

NCP's Motion for Voluntary Dismissal is governed by Federal Rule of Civil Procedure 41(a)(2), which provides, in relevant part, "Except as provided in Rule 41(a)(1), an action may be dismissed at the Plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).  Voluntary dismissal of a class representative may be granted if the dismissal is sought in good faith and would not prejudice the defendants. *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 304 (D.D.C. 2000).  Dismissal without prejudice should be granted unless

doing so would subject "the defendant[s] to plain prejudice beyond the prospect of subsequent litigation." *In re Wellbutrin XL Antitrust Litig.*, 268 F.R.D. 539, 543 (E.D. Pa. 2010) (internal quotation marks and citation omitted).  When considering the effect of a voluntary dismissal, the Court "must evaluate the presence or extent of any prejudice to the defendants caused by the dismissal,"[1] and may impose terms and conditions for the protection of the defendants from such prejudice.  *Id.*  Such dismissals and the imposition of conditions, if any, lie within the sound discretion of the Court.  *See Sinclair v. Soniform, Inc.*, 935 F.2d 599, 603 (3d Cir. 1991).

Here, Defendants do not contest the propriety of permitting NCP's dismissal as a named plaintiff.  Indeed, the record supports doing so.  First, the Court agrees that NCP is seeking voluntarily to dismiss its claims in good faith because its new ownership and management have decided to focus the company's time, attention, and resources on its business.  (ECF No. 909).  There is no evidence in the record to suggest a different motive.  This case is not on the precipice of trial, nor are there any pending motions for class certification or summary judgment pertaining to NCP.  Rather, while the parties have exchanged extensive written discovery and document productions, they have yet to begin taking depositions in this case.  Moreover, there would remain several other putative class representatives, who, along with NCP, have prosecuted their claims fulsomely and without undue delay.  Defendants would "not suffer the sort of prejudice that might stem from a later-stage withdrawal of a class representative."  *Doe v. Arizona Hosp. & Healthcare*

---

[1]    Factors courts often consider in determining whether prejudice may result from a voluntary dismissal of a class plaintiff under Rule 41(a)(2) include: (i) the defendants' effort and expense for trial preparation; (ii) excessive delay or lack of diligence on the plaintiff's part in prosecuting the action; (iii) the adequacy of the plaintiff's explanation of the need for dismissal; and (iv) the stage of the litigation at the time the request is made, specifically whether a motion for summary judgment is pending. *In re Vitamins Antitrust Litig.*, 198 F.R.D. at 304; *see also Plavin v. Group Health Inc.*, No. 3:17-CV-1462, 2022 WL 2310183, at *6 (M.D. Pa. June 27, 2022) (collecting cases applying these considerations)).

*Ass'n*, No. CV 07-1292-PHX-SRB, 2009 WL 1423378, at *13 (D. Ariz. March 19, 2009). Accordingly, all considerations support voluntary dismissal of NCP as a class representative.

Even so, Defendants contend that such dismissal should be conditioned on NCP's obligation to complete certain outstanding discovery and to sit for a future deposition.  The Court agrees that the risk of prejudice can be avoided by conditioning NCP's dismissal upon its completion of any outstanding discovery items currently pending and any necessary supplementation pursuant to Federal Rule of Civil Procedure 26(e), which includes furnishing signed verifications pursuant to Federal Rule of Civil Procedure 26(g).

Defendants' contention that NCP's dismissal be conditioned upon the taking of its deposition is a different matter, however.  First, the parties have yet to notice any depositions at this juncture and, in fact, currently dispute the number of depositions they each will be permitted to take, among other related protocols.  (*See*, *e.g.,* ECF No. 843).  Second, many putative class representatives remain available for their depositions.  However, if Defendants believe in good faith that NCP possesses evidence that is relevant and not cumulative with other testimonial evidence it intends to elicit from the remaining class representatives, then it can exercise its allotment of depositions[2] accordingly, but NCP's dismissal need not be conditioned upon it.

Finally, Defendants contend that NCP should be dismissed with prejudice principally because they suffered substantial costs and burdens as a result of NCP's litigation.  Although Defendants contend that they incurred significant expense and efforts litigating "*just* NCP's claims," Defendants do not specify how the burdensomeness of their efforts regarding NCP's

---

2        The parties' proposed deposition protocols are currently pending before the Court, and Plaintiffs propose that Defendants may notice and take up to 275 hours of deposition testimony from the Plaintiffs' side, whereas Defendants propose that they be permitted to notice and take up to 50 total depositions from Plaintiffs' side.  (ECF No. 843). While different, both proposals would impose limitations on the number or duration of depositions and thus necessitate that the parties prioritize their deposition targets.

claims are uniquely different from the other Plaintiffs' claims, particularly since they characterize NCP's action against them as a "copycat complaint."  (ECF No. 920 at 12).  Considering the facts and circumstances currently reflected in the record before the Court, in conjunction with the factors set forth in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984), the Court concludes that the "drastic" sanction of dismissal with prejudice is not justified here, particularly where there is no basis to conclude that NCP's request for dismissal was untimely or made in bad faith, several representative Plaintiffs remain in the case, and the timing and procedural posture of the case do not prejudice Defendants.

### III.    CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Voluntary Dismissal without prejudice is granted, with conditions.

### <u>ORDER OF COURT</u>

Accordingly, this 9th day of June, 2023, upon consideration of Plaintiff NCP Coatings, Inc.'s Motion for Voluntary Dismissal without prejudice (ECF No. 906) and the parties' filings in support thereof and in opposition thereto, IT IS HEREBY ORDERED that said Motion is GRANTED, WITH CONDITIONS.  It is FURTHER ORDERED that Plaintiff NCP Coatings, Inc. and its claims at 2:18-cv-1457 are dismissed without prejudice, subject to the following conditions consistent with this Memorandum  and Order of Court:

1. NCP Coatings, Inc. shall complete any outstanding discovery items currently pending and any necessary supplementation pursuant to Fed. R. Civ. P. 26(e), which includes furnishing signed verifications pursuant to Fed. R. Civ. P. 26(g); and

2. NCP Coatings, Inc. and Defendants shall each bear their own fees and costs without prejudice to Defendants' reservation of rights to seek costs from remaining Plaintiffs, including, but not limited to the time that NCP Coatings, Inc. was a named Plaintiff.


*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record