IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DIISOCYANATES ANTITRUST LITIGATION<br><br>This Document Relates to All Actions | Master Docket Misc. No. 18-1001<br><br>MDL No. 2862 |

**MEMORANDUM IN SUPPORT OF MOTION FOR REAPPOINTMENT OF JASON HARTLEY AND MEGAN JONES AS INTERIM CO-LEAD COUNSEL AND REAPPOINTMENT OF WILLIAM PIETRAGALLO, II AS INTERIM LIAISON COUNSEL**

**I.    INTRODUCTION**

The Court initially appointed Jason Hartley ("Hartley") of Hartley LLP and Megan Jones ("Jones") of Hausfeld LLP as interim co-lead counsel and William Pietragallo, II ("Pietragallo") of Pietragallo Gordon Alfano Bosick & Raspanti, LLP as interim liaison counsel, and has confirmed their reappointment in every subsequent year. Since that time, these firms have continued to work cooperatively and expended substantial effort to advance this litigation. These attorneys and their firms remain as eminently qualified to hold these positions as they did at the time of appointment, and their efforts should continue uninterrupted. Accordingly, this Court should reappoint them to these positions.

**II.    PROCEDURAL BACKGROUND**

On November 19, 2018, Hartley and Jones both moved to be appointed as interim lead counsel. Dkt. Nos. 81, 82. On that same date, Pietragallo moved to be appointed co-lead counsel, or alternatively, liaison counsel. Dkt. No. 71. On November 28, 2018, this Court appointed Jones, Hartley, and their firms as interim co-lead counsel, setting forth their duties and responsibilities for the management of this action. Dkt. No. 107. The Court also appointed

Pietragallo to act as interim liaison counsel. *Id.* The Court further required that "Interim Co-Lead and Interim Liaison Counsel must, on or before February 1, 2020, and each year thereafter, reapply to be reappointed as Co-Lead and Liaison Counsel." *Id.* In accordance with that order, Hartley, Jones, and Pietragallo have moved for reappointment of their positions every year between 2020 and 2023, and the Court granted each of those Motions (Dkt. Nos. 273, 444, 624, and 845). Hartley, Jones, and Pietragallo now reapply to continue their positions, in order to most efficiently continue litigation of this matter and to protect the interests of Plaintiffs and putative class members.

### III.     ANALYSIS

The qualifications of Hartley, Jones, Pietragallo, and their firms have not changed since appointment. Moreover, they have demonstrated their capability and commitment to cooperatively prosecute this action. In addition, as promised, they have taken care to include other plaintiff firms in the litigation as needed and intend to continue to do so in the future. Interruption of their responsibilities as co-lead counsel and liaison counsel would create untenable delay and inefficiency. For these reasons, the Court should grant this Motion and reappoint them as interim co-lead and liaison counsel.

    **A.     Hartley, Jones, Pietragallo, and Their Firms Remain Qualified to Lead This Litigation.**

The applications originally submitted by interim co-lead and liaison counsel set forth in detail their qualifications and experience, explaining why they meet the requirements of Fed. R. Civ. P. 23(g)(2) to represent the putative class in this litigation. *See* Dkt. Nos. 71, 81, and 82. The qualifications of Hartley, Jones, and Pietragallo and their firms have not changed or lessened since that time; if anything, counsel have only continued to gain experience through litigation of this and similar actions. In addition, interim co-lead counsel continue to represent all of the

named individual plaintiffs in this case. As the Court previously found these qualifications sufficient to act as interim co-lead and liaison counsel, there is no reason to reconsider those appointments.

### B.     Interim Co-Lead and Liaison Counsel Have Diligently Litigated This Action.

In part, this reapplication serves to update the Court on the efforts that interim co-lead and liaison counsel have undertaken on behalf of the putative class since their appointment. Over the last year, interim co-lead and liaison counsel have:

- Briefed proposed Case Management Orders to set litigation deadlines for this action (Dkt. Nos. 848, 995);

- Briefed disputed aspects of the Deposition Protocol in this case (Dkt. No. 867);

- Opposed the Renewed Motion to Dismiss brought by Wanhua Chemical Group Co. Ltd., ("Wanhua China"), including analysis and explanation of a large documentary record (Dkt. No. 878);

- Brought a Motion to exclude the testimony of Wanhua China's expert, Jonathan Macey (Dkt. No. 875);

- Brought various Motions to Compel against Defendants regarding their discovery responses and privilege claims (Dkt. Nos. 880, 944, 986, 1004);

- Briefed the appropriate scope of Plaintiff depositions (Dkt. No. 973);

- Stipulated to the dismissal of Defendants Mitsui Chemicals, Inc. and SK pucore after extended discussions and information exchanges with those Defendants, in order to avoid unnecessary cost and inefficiency (Dkt Nos.918, 919);

- Continued to submit status letters and status reports in advance of Status Conferences before this Court (Hartley Decl. at ¶ 3; Dkt. No. 959);

- Appeared at Status Conferences before the Court and discussed various pending issues (Dkt. Nos. 889, 956);

- Continued to manage the review and analysis of hundreds of thousands of documents produced by Defendants (Hartley Decl. at ¶ 4); and

- Began taking the depositions of Defendants and defending the depositions of Plaintiffs (Hartley Decl. at ¶ 5).

As set forth more fully in the previous Motions for Reappointment, among other duties, from November 28, 2018 to January 31, 2024 interim co-leads have, among other duties:

- Appeared at regular Status Conferences before the Court and discussed various pending issues (Dkt. Nos. 635, 652; 673; 727; 820);

- Negotiated a case schedule with Defendants and ultimately submitted briefing regarding the different proposals of the parties (Dkt. Nos. 639, 645);

- Brought various Motions to Compel against Defendants (Dkt. Nos. 665, 705, 758, 788, 552, 455, 395, 391, 138);

- Supplemented Plaintiffs' Jurisdictional Interrogatory Responses with identification of extensive documents produced by Covestro AG as well as other Defendants;

- Opposed foreign Defendant Covestro AG's Motion to Dismiss for Lack of Jurisdiction, including an extensive documentary record (Dkt. Nos. 717, 718);

- Brought a Motion to Strike the testimony of Covestro AG's expert (Dkt. No. 719);

- Opposed Covestro AG's Motion to Exclude Plaintiffs' Second Supplemental Objections and Responses to Foreign Defendants' Interrogatories (Dkt. No. 770);

- Managed the review of large amounts of documents produced by Defendants, including jurisdictional documents produced by Covestro AG and Wanhua Chemical Group Co.

Ltd. (the "Non-Consenting Foreign Defendants") as well as documents produced by the domestic Defendants;

- Worked with the named Plaintiffs to respond to discovery requests, including both domestic and jurisdictional discovery;

- Vetted candidate plaintiffs and selected appropriate class representatives for inclusion in the Consolidated Amended Class-Action Complaint ("CAC") (Dkt. No. 163);

- Prepared and filed the detailed seventy-five page CAC (Dkt. No. 163);

- Served all foreign Defendants with the CAC pursuant to the provisions of the Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (Dkt. Nos. 201, 258);

- Negotiated a stipulation with Defendants regarding expert materials and communications (Dkt. No. 238);

- Negotiated with Defendants the majority of the provisions in an Order Governing the Protection and Exchange of Confidential Materials, and successfully argued the disputed provisions of that Order to this Court (Dkt. Nos. 236, 239);

- Engaged an expert economist for damage and antitrust impact evaluation;

- Opposed Defendants' Joint Rule 12(b)(6) Motion to Dismiss the Corrected Consolidated Amended Class-Action Complaint, including Defendants' six separate Supplemental Memoranda (Dkt. Nos. 243, 244);

- Opposed Foreign Defendants' Motion to Dismiss Under Rule 12(b)(2) for Lack of Personal Jurisdiction (Dkt. No. 245);

- Prepared and served Requests for Production on Defendants;

- Filed a Case Management Order setting the schedule for responsive pleadings and jurisdictional discovery (Dkt. No. 292);

- Negotiated and filed the protocol for Electronically Stored Information (Dkt. Nos. 298, 299, 309, 313);

- Negotiated various issues with Defendants regarding structured data, including the temporal scope (Dkt. Nos. 348, 353), and the relevant data fields;

- Opposed production of "downstream" data from Plaintiffs (Dkt. No. 349);

- Opposed a Motion to Compel by Defendants (Dkt. No. 364);

- Brought a Motion to Amend to add an additional plaintiff to ensure that all aspects of the class were properly represented (Dkt. No. 360) and filed a Second Amended Complaint after that Motion was granted (Dkt. No. 377);

- Negotiated with the Non-Consenting Foreign Defendants regarding their responses to jurisdictional discovery;

- Negotiated with the remaining Defendants regarding their discovery responses, including negotiations regarding custodians, TAR, and search terms for document production;

- Cooperatively selected and agreed upon a Special Master for this case with Defendants (Dkt. Nos. 488, 489, 503);

- Opposed Motions for Protective Orders by Defendants (Dkt. No. 493, 589); and

- Negotiated search terms and custodians with the Non-Consenting Foreign Defendants, including translations of search terms into Chinese and German.

In summary, Plaintiffs and the putative class have been well served by interim co-lead and liaison counsel's substantial efforts to date. As shown above, they have satisfied the duties and responsibilities required of co-lead and liaison counsel by this Court's Orders. *See* Dkt. Nos. 107,

6

273, 444, 624, 845. It would create inefficiency if the Court chose not to reappoint these firms, as any other counsel have not been as immersed in the day-to-day litigation of this action and would need significant time to learn the intricacies of the case to date. Further, interim co-lead counsel also directly represent and have familiarity with all of the Plaintiffs and a change in counsel would create confusion and negatively affect their representation in this matter. Hartley Decl. at ¶ 6.

      **C.    Interim Co-Lead and Liaison Counsel Have Worked Cooperatively Among Themselves and With Other Plaintiffs' Counsel.**

Since their appointment, interim co-lead and liaison counsel have enjoyed a professional, cordial and highly effective working relationship in this case. They conduct weekly conference calls to ensure that work is fairly apportioned, that each necessary project is timely managed, and that duplicative effort is avoided. Hartley Decl. at ¶ 7. They have engaged experts, e-discovery vendors, and others to support the litigation. *Id.* They have reviewed hundreds of thousands of documents to investigate and ultimately prove the allegations in the Complaint and respond to Defendants' discovery requests. They have also jointly engaged and negotiated with Defendants in a professional manner throughout this litigation. *Id.*

Interim co-lead and liaison counsel have efficiently utilized and managed the tremendous talent and resources of other Plaintiffs' counsel on projects such as document review, legal or factual research, and discovery negotiations. Firms that have contributed to Plaintiffs' efforts include Barrack, Rodos & Bacine, Berger Montague, Cohen Milstein, Edelson Lechtzin LLP, Joseph Saveri Law Firm, Karon LLC, Lieff Cabraser Heimann & Bernstein, LLP, Lite DePalma Greenberg & Afanador, LLC, Lockridge Grindal Nauen P.L.L.P., MoginRubin LLP, Nussbaum Law Group, PC., Paul LLP, Pittman, Dutton & Hellums, P.C., and Pogust Goodhead. Hartley

7

Decl. at ¶ 8. Interim co-lead and liaison counsel intend to continue these efforts to be inclusive of other co-counsel, while still managing the case in the most efficient manner possible.

### III.   CONCLUSION

Hartley, Jones, Pietragallo, and their firms have diligently and efficiently prosecuted this action since their appointment. Reappointment of their positions as co-lead and liaison counsel serves the interests of the putative class and of judicial efficiency and economy. Accordingly, this Motion should be granted.

DATED:  January 31, 2024                                        Respectfully submitted,

/s/ *William Pietragallo II*

William Pietragallo II (PA 16413)
PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP
One Oxford Centre, 38th Floor
Pittsburgh, PA 15219
Tel.: (412) 263-2000
Fax: (412)263-2001
*wp@pietragallo.com*
*Plaintiffs' Interim Liaison Counsel*

Jason S. Hartley (CA 192614)
HARTLEY LLP
101 W. Broadway, Suite 820
San Diego, CA 92101
Tel.: (619) 400-5822
Fax: (619) 400-5832
*hartley@hartleyllp.com*

Megan E. Jones (CA 296274)
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel.: (415) 633-1908
Fax: (425) 358-4980
*mjones@hausfeld.com*
*Plaintiffs' Interim Co-Lead Counsel*