IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: DIISOCYANATES ANTITRUST LITIGATION | ) ) ) ) ) ) | Master Docket Misc. No. 18-1001<br><br>MDL No. 2862 |
| This Document Relates to: All Cases | | |

### MEMORANDUM ORDER

Presently before the Court is Plaintiffs' Discovery Motion No. 2 (ECF No. 986) seeking to compel Defendant Covestro LLC ("Covestro") to produce documents withheld or redacted pursuant to the attorney-client privilege or work-product doctrine. The Court also considered the legal memoranda, declarations, and other documentation the parties filed in support of their respective positions. (ECF Nos. 989; 990; 1017; 1023; 1024).

At the center of this dispute is the privilege log Covestro produced on June 27, 2022, and subsequently updated on May 10, 2023, and again on December 8, 2023 (collectively, the "Log"). (ECF Nos. 989-1; 989-2; 989-3; 989-4; 989-5). Plaintiffs contend that Covestro's Log deficiently provides vague and conclusory descriptions of 818 separate documents that prevent Plaintiffs from evaluating the privilege claims in the following four categories: (1) documents that facially appear to contain routine business communications rather than legal advice; (2) communications that appear to not involve an attorney at all; (3) communications not prepared in anticipation of litigation; and (4) communications disclosed to third parties. In response, Defendants contend that Plaintiffs fail to demonstrate that any of the 818 "unique privilege assertions" are improper because Plaintiffs never identified with particularity what their objections are to any specific Log entries and instead assert categorical challenges and thus fail to make serious efforts to "resolve or narrow the challenge[s]" pursuant to the Stipulated Order Regarding Discovery of Electronically Stored

1

Information ("ESI") (the "ESI Protocol").  (ECF No. 313).  The parties' dispute persists despite extensive conferrals.  (*See* ECF Nos. 990; 1017-1; 1026).

The Court notes that the ESI Protocol requires a party seeking to withhold production of a document on the basis of attorney-client privilege or the work-product doctrine to "produce privilege/privilege-redaction logs that comply with the Federal Rules of Civil Procedure"[1] and generally shall "be detailed enough to enable other parties to assess the applicability of the privilege asserted; shall identify the custodian(s), author(s), last author, any and all recipient(s), date, filename, beginning and ending Bates or Document identification numbers, privilege and/or doctrine relied upon, and subject matter of the Document; and shall provide a description of the Document and/or Document family by type and content in conformity with the Federal Rules of Civil Procedure."  (ECF No. 313, ¶ 10).  The ESI Protocol also contemplates logging privilege claims categorically and prescribes additional requirements for logging privileged emails.  (*Id.*).

The attorney-client privilege "serves laudable purposes and thus is worthy of maximum legal protection" but nonetheless "obstructs the truth-finding process and is to be construed narrowly."  *Endeavor Energy Res., L.P. v. Gatto & Reitz, LLC*, No. 2:13-cv-542, 2017 WL 1190499, at *4 (W.D. Pa. Mar. 31, 2017) (internal quotation marks and citation omitted).  The burden of proving that the privilege applies is placed on the party asserting the privilege.  *Id.*  Once the privilege-invoking party provides facts showing the privilege is applicable, the burden shifts to the party seeking disclosure to set forth facts showing that disclosure will not violate the privilege.  *Id.*

---

[1]  *See* Fed. R. Civ. P. 26(b)(5).

Here, Plaintiffs contend that Defendants failed to provide sufficient detail in the Log to enable them to assess the applicability of the privilege, whereas Defendants contend that despite lengthy conferral efforts Plaintiffs failed to articulate their objections with particularity as to each specific Log entry being challenged. The Court undertook an independent review of Covestro's Log and reviewed the parties' conferral efforts documented in the record and concludes that the necessary assessment of these shifting burdens cannot be completed absent an *in camera* inspection of the underlying documents. *See In re: Bevill, Bresler & Schulman Asset Mgmt. Corp.*, 805 F.2d 120, 125 n. 2 (3d Cir. 1986) (stating that "*in camera* review is frequently the only way to resolve whether in fact the privilege asserted applies") (citing *United States v. Nixon*, 418 U.S. 683, 713-14 (1974)). Given the volume of documents involved and the current procedural posture of this case, it is the Court's judgment that appointing a special master pursuant to Federal Rule of Civil Procedure 53 to conduct an *in camera* inspection of the documents referenced in the Log would be the most just, speedy, inexpensive, and effective means for resolving this dispute. *See* Fed. R. Civ. P. 1; 53(a)(1)(C).

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 15th day of February 2024, IT IS HEREBY ORDERED that the parties shall confer and file a Joint Report by **February 29, 2024** proposing one or more neutrals for the Court's consideration and indicating whether the parties mutually agree to their appointment as a special master to conduct an *in camera* inspection of the documents referenced in Covestro's privilege log.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All Counsel of Record