**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: DIISOCYANATES ANTITRUST LITIGATION | Master Docket Misc. No. 18-1001 |
| This Document Relates to All Actions | MDL No. 2862 |

**DECLARATION OF CARLA A. PEAK OF KROLL SETTLEMENT ADMINISTRATION LLC REGARDING PROPOSED SETTLEMENT NOTICE PLAN**

I, Carla A. Peak, declare as follows:

1. I am a Managing Director of Kroll Notice Media Solutions ("Kroll Media"),[1] a business unit of Kroll Settlement Administration LLC ("Kroll"), the proposed Settlement Administrator to be appointed in the above-captioned case, whose principal office is located at One World Trade Center, 285 Fulton Street, 31st Floor, New York, New York 10007. I am over 21 years of age and am authorized to make this declaration on behalf of Kroll and myself. The following statements are based on my personal knowledge and information provided by other experienced Kroll employees working with me and/or under my general supervision.

2. I am a nationally recognized expert in the field of legal notice and I have served as an expert in countless federal and state cases involving class action notice plans.

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Settlement Agreement between Plaintiffs Utah Foam Products, Inc., Rhino Linings Corporation, Tri-Iso Tryline LLC, and American Polymers Corp. and Defendant Covestro LLC (the "Settlement Agreement") entered into in the Class Actions.

3. Kroll has extensive experience in all types of class action matters, having managed more than 4,000 settlements, designed over 1,000 multi-media campaigns, processed more than 100 million claims, and distributed over $30 billion in payments over the past 50 years.

4. The purpose of this declaration is to provide information related to the qualifications and experience of Kroll and myself, as well as to detail the proposed Notice Plan designed to provide notice to Settlement Class Members about this Settlement. Kroll will work with Class Counsel to implement the Notice Plan, as well as assist in making any decisions about notice and administration.

**BACKGROUND AND EXPERIENCE**

5. Kroll has administered class action notice plans for numerous antitrust matters. Examples include *In re PVC Pipe Antitrust Litig.*, No. 24-cv-07639 (N.D. Ill.); *In re Actos Antitrust Litig.*, No. 1:13-cv-09244 (S.D.N.Y); *In re Currency Conversion Fee Antitrust Litig.*, No. 1:01-md-01409 (S.D.N.Y.); *In re Dental Supplies Antitrust Litig.*, No. 1:16-cv-696 (E.D.N.Y.); *In re Domestic Air Transportation Antitrust Litig.*, No. 1:90-cv-2485 (S.D.N.Y.); *In re Google Digital Publishers Antitrust Litig.*, No. 1:21-md-03010 (S.D.N.Y.); *In re Nasdaq Market-Makers Antitrust Litig.*, MDL No. 1023, No. 1:94-cv-03996 (S.D.N.Y.); *In re Packaged Seafood Products Antitrust Litig.*, No. 3:15-md-02670 (S.D. Cal.); *In re Telescopes Antitrust Litig.* (Direct Purchasers), No. 5:20-cv-03639 (N.D. Cal.); and *Smart v. National Collegiate Athletic Assoc.*, No. 22-cv-02125 (E.D. Cal.).

6. I have personally been involved in a variety of antitrust cases, such as *Fond Du Lac Bumper Exchange, Inc. v. Jui Li Enterprises Insurance Co*., No. 2:09-cv-00852 (E.D. Wis.), *In re California Gasoline Spot Market Antitrust Litig.*, No. 3:20-cv-03131 (N.D. Cal.), *In re Caustic Soda Antitrust Litig.*, No. 1:19-cv-00385 (W.D.N.Y.), *In re College Athlete NIL Litig*., No. 4:20-cv-03919 (N.D. Cal.), *In re Hypodermic Products Antitrust Litig.*, MDL No. 1730, No. 2:05-cv-01602 (D.N.J.), *In re Intuniv Antitrust Litig*., No. 1:16-cv-12396 (D. Mass.), *In re Lidoderm Antitrust Litig*., No. 3:14-md-02521 (N.D. Cal.), *In re Remicade Antitrust Litig*., No. 2:17-cv-04326 (E.D. Pa.), *In re Solodyn (Minocycline Hydrochloride) Antitrust Litig.*, No. 1:14-md-02503

(D. Mass.), *In re Skelaxin (Metaxalone) Antitrust Litig*., No. 1:12-md-02343 (E.D. Tenn.), *In re Telescopes Antitrust Litig*., No. 5:20-cv-03639 (N.D. Cal.), and *In re Thalomid and Revlimid Antitrust Litig*., No. 2:14-cv-06997 (D.N.J.). Additional information regarding Kroll's experience is attached as **Exhibit A**.

7. In forming my opinions, I draw from my in-depth class action case experience. I have worked in the class action notification field for more than 20 years. During that time, I have been involved in all aspects of the design and implementation of class action notice planning, as well as the drafting of plain language notice documents that satisfy the requirements of Federal Rule of Civil Procedure 23 and adhere to the guidelines set forth in the Manual for Complex Litigation, Fourth and by the Federal Judicial Center ("FJC").

8. The anticipated reach of the proposed Notice Plan is consistent with other effective court-approved notice programs. Additionally, the proposed Notice Plan is intended to comply with the FJC's 2010 Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide (the "FJC Checklist"), which considers 70-95% reach among class members to be reasonable.

**NOTICE PLAN**

9. The objective of the proposed notice plan is to provide the best practicable notice under the circumstances of the proposed settlement, to potential members of the Settlement Class.

10. The Class is defined in the Settlement Agreement as:

> All persons and entities in the United States, its territories, and/or the District of Columbia who purchased or received directly (including through controlled subsidiaries, agents, affiliates and/or joint ventures) the Products from any of (1) Defendants,[2] Covestro AG, Wanhua Chemical Group Co., Ltd., Mitsui Chemicals, Inc., Mitsui Chemicals America, Inc., MCNS (a.k.a. Mitsui Chemicals & SKC Polyurethanes, Inc.), or MCNS Polyurethanes USA Inc., or (2) the subsidiaries, affiliates, or successors of any of the foregoing, at any time during the Class Period.
>
> The Class excludes the defendants named in the Complaint and/or any complaint filed in the Class Actions, alleged co-conspirators, and any of their parents,

[2] "Defendants" means all those entities set forth in Paragraph 13 of the Covestro Settlement Agreement.

subsidiaries or affiliates. The Class further excludes state and federal governmental entities. The Class also excludes all judicial officers presiding over this action and their immediate family members and staff, and any juror assigned to this action.

11. The proposed notice plan includes direct notice by mail and/or email to members of the Settlement Class, along with a website and call center as described below.

12. It is Kroll's understanding that it will be provided with information necessary to provide notice to the Settlement Class. This information will include, where applicable, the names, addresses, and email addresses of Settlement Class Members (as reasonably available and in Covestro's possession) (the "Class List").

***CAFA Notice***

13. On behalf of Covestro, Kroll will provide notice of the proposed Settlement pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715(b) (the "CAFA Notice"). At Covestro's counsel's direction, Kroll will send the CAFA Notice, which identifies how to access required documents relating to the Settlement, via first-class certified mail to (a) the Attorney General of the United States; and (b) the applicable state and territorial Attorneys General. The CAFA Notice will direct the recipients to the website www.CAFANotice.com, a site that will contain all the documents relating to the settlement referenced in the CAFA Notice.

***Direct Notice***

14. Direct Notice will be effectuated primarily by the United States Postal Service. Prior to mailing, known postal addresses will be checked against the National Change of Address (NCOA)[3] database maintained by the USPS; certified via the Coding Accuracy Support System (CASS);[4] and verified through Delivery Point Validation (DPV).[5]

---

[3] The NCOA database contains records of all permanent change of address submissions received by the USPS for the last four years. The USPS makes this data available to mailing firms and lists submitted to it are automatically updated with any reported move based on a comparison with the person's name and last known address.

[4] CASS is a certification system used by the USPS to ensure the quality of ZIP+4 coding systems.

[5] Records that are ZIP+4 coded are then sent through DPV to confirm known USPS addresses, as well as identify potential addressing issues that may hinder delivery.

15. Direct notice will be provided via a Long Form Notice (attached as **Exhibit B**), and, where applicable, a pre-populated Claim Form (the "Notice Packet") that will be mailed to potential Settlement Class Members with a known mailing address. Notice Packets returned by the USPS as undeliverable will be re-mailed to any address available through the postal service forwarding order information. For any returned mailing that does not contain an expired forwarding order with a new address indicated, Kroll will conduct further address searches using credit and other public source databases to attempt to locate new addresses and will re-mail these notices where possible.

16. Kroll will also use the Class List to distribute the short-form notice via email (the "Email Notice") to all Settlement Class Members for which an email address is available.

17. Prior to distributing the Email Notice, all email addresses will be subject to a cleaning and validation process to, among other things, remove extra spaces and fix common domain name errors, as well as compare addresses against known bad email addresses and verify email existence with Internet Service Providers ("ISPs").

18. The Email Notice will be formatted to avoid common "red flags" that could cause the email to be blocked by spam filters. For example, the content of the notice will be placed in the body of the email rather than as an attachment to avoid spam filters and improve deliverability. A draft of the proposed Email Notice is attached hereto as **Exhibit C**.

19. The email delivery will be attempted multiple times over a 48-hour period. The email campaign will return data regarding the number of emails successfully delivered and email bounce backs. Successfully delivered emails are not retried. Initial bounce backs are either permanent or temporary in nature. Permanent bounces are caused by mailboxes being nonexistent or defunct and are not retried. Temporary bounces consist primarily of those that are caused by temporary technical difficulties, traffic overloads, and blocking by the receiving systems. Any temporary bounces determined to be potentially deliverable are retried. Those caused by blocking are retried after the block has been removed.

20. The proposed Notice Plan contemplates receiving a robust Class List that will allow for direct Class Notice to reach the vast majority of Settlement Class Members through direct email and postal mail, consistent with due process. Based upon information provided by the Parties' counsel, and assuming data received is relatively up to date, Kroll estimates that direct notice will likely reach over 90% of the Class. The reach may be higher as a result of the address searches and remains current as contemplated. These assumptions are subject to the accuracy and quality of the data received. Kroll's estimated reach for direct notice is consistent with other court-approved, best-practicable notice programs and FJC Checklist, which state that a notice plan that reaches over 70% of targeted class members is considered a high percentage and the "norm" of a notice campaign.

21. The results of the mailing efforts will be continuously monitored and analyzed to confirm that the results fall within or exceed expectations. If the results are less than expected, Kroll will meet and confer with Class Counsel to discuss what, if any, additional notification methods will be employed to ensure class notice is achieved consistent with established best practices under Rule 23.

22. The Long Form and Email Notices sent directly to potential members of the Settlement Class will include summary information about the Settlement and claims process, including: that this is a class action; the settlement amount; the Settlement Class definition in plain and engaging language; that the Action alleges antitrust violations and price-fixing claims; that a member of the Settlement Class may appear through an attorney, ask to be excluded from the Settlement Class, and/or object to the Settlement; that a member of the Settlement Class can file a claim, and/or submit a purchase audit request to supplement or correct their known purchase information; the maximum amount of attorney's fees and expenses and service awards to be sought; the time and manner to request exclusion or submit an objection, claim, and/or purchase audit request; important dates and deadlines; the binding effect of a judgment on the Settlement Class; and that, if the Court grants final approval, the case will be dismissed against the settling Defendant.

23. Kroll will work with Class Counsel to create a dedicated website. The website URL will be determined and approved by Class Counsel. The website will contain a summary of the Settlement, answers to frequently asked questions, will allow Settlement Class Members to contact the Settlement Administrator with any questions, provide notice of important dates such as the Fairness Hearing, and the deadlines to object to, or opt out of the Settlement, and downloadable copies of relevant documents including the Complaint, Settlement Agreement, preliminary approval order, Long Form Notice, and Purchase Audit Request Form, and any other materials agreed upon and/or required by the Court. The website will also allow Settlement Class Members to file their claim online and supplement their claim with purchase audit details using their Unique ID Number as described below. Drafts of the Pre-Populated Claim Form and Purchase Audit Request Form are attached hereto as **Exhibits D** and **E**.

24. Kroll will establish a toll-free telephone number for the Settlement. The toll-free telephone number will allow Settlement Class Members to call and obtain information about the Settlement through an Interactive Voice Response ("IVR") system with the option to speak to a live operator.

25. Kroll will designate a post office box to receive requests for exclusion and correspondence from Settlement Class Members.

26. Kroll will establish a case-specific email address to receive and respond to Settlement Class Member inquiries.

27. Kroll will process all Claim Forms in accordance with the Settlement Agreement and Plan of Allocation. Settlement Class Members who disagree with or wish to supplement their purchase information can complete an audit form available on the settlement website. The Purchase Audit Request Form is attached as **Exhibit E**.

28. The proposed forms of Class Notice to be used in this matter are designed to be "noticed," reviewed, and by presenting the information in plain language, understood by Class Members. The design of the notices follows the principles embodied in the FJC's illustrative "model" notices posted at www.fjc.gov. The Class Notice forms contain plain-language

summaries of key information about Class Members' rights and options pursuant to the terms of the Settlement. All information required by Rule 23, as well as the Manual for Complex Litigation, Fourth, has been incorporated into the notice documents. Many courts, as well as the FJC, have approved notices that have been written and designed in a similar fashion.

29. The Long Form Notice includes specific instructions on how to request exclusion from the Settlement Class. Kroll will receive, track, and report all exclusion requests and circulate copies to the parties.

***Claims***

30. Settlement Class Members must submit a timely, valid claim through the case-specific website or by mail to be eligible to get a payment from this Settlement.

31. To the extent possible, the Claim Form sent to potential members of the Settlement Class will be pre-populated to include each Settlement Class Member's purchase information with respect to each Defendant and Co-Conspirator, based on the Defendants' and Co-Conspirators' records. The Claim Form will also contain a personal Unique ID Number that the Settlement Class Member can use to file claims online through the case website. Prepopulating the Claim Form with known purchase information, where possible, will simplify the claims process for most Settlement Class Members by eliminating the need for them to independently verify all Settlement Class purchases.

32. Settlement Class Members who disagree with or wish to supplement their known purchase information will be able to do so by completing a Purchase Audit Request as part of their Claim Form submission.

33. Settlement Class Members for which purchase information with respect to each Defendant and Co-Conspirator, based on Defendants' and Co-Conspirator's records is not available, will be assigned a Unique ID Number as part of the Email Notice and Long Form Notice they receive. These Settlement Class Members may use their Unique ID Number to file their Claim Form online along with documentation supporting their claim.

34. Kroll will process and pay all claims in accordance with the Settlement Agreement and Plan of Allocation. Kroll, in consultation with the parties, performs an extensive initial analysis of claims in order to preliminarily identify and reject fraudulent claims prior to performing a more traditional review of claim eligibility. Kroll's proprietary method of review for fraud is centered on technology and automation and is bolstered by its extensive experience in administering thousands of other settlements. Kroll continually reviews and adjusts its fraud review process to keep pace with evolving tactics used by bad actors and believes that its methods represent the best practical way to identify fraudulent claims filed electronically.

35. Payments to eligible Settlement Class Members will be made by secure bank wire transfer or hard copy check but will not be distributed until the Court grants final approval of the Settlement, any objections and appeals are resolved, and the Court approves distribution of the Settlement funds.

**CONCLUSION**

36. In my opinion, the proposed Notice Plan is consistent with other effective settlement notice programs. It is the best notice practicable and meets the "reasonably certain to inform" due process communications standard of *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 315 (1950). The proposed Notice Plan is designed and expected to meet or exceed the guidelines set forth in Rule 23, the Manual for Complex Litigation (Fourth), and the FJC Checklist. To the extent possible, Kroll will work with Settlement Class Counsel to combine notice and claims administration efforts for both the BASF Corporation and Covestro LLC Settlements, to economize the parties' and the Court's time and resources.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on May 22, 2026, in Ocean City, New Jersey.

Carla Peak

Carla A. Peak

# Exhibit A

KROLL

# Judicial Recognition

### *In re T-Mobile Customer Data Security Breach Litigation*

**No. 4:21-md-03019**

*District Judge Brian C Wimes, United States District Court, Western District of Missouri (June 29, 2023):* "The preliminarily approved Notice Plan has been implemented by the Settlement Administrator and the Parties in accordance with the requirements of the Settlement Agreement, and that such Notice Plan, including the utilized forms of Notice, constitutes the best notice practicable under the circumstances and satisfies due process and the requirements of Rule 23 of the Federal Rules of Civil Procedure. The Court finds that the Settlement Administrator and Parties have complied with the directives of the Preliminary Approval Order, and the Court reaffirms its findings concerning notice as set forth in paragraph 8 thereof."

### *Ariza v. Luxottica Retail North America*

**No. 1:17-cv-05216**

*The Honorable Pamela K. Chen, United States District Court, Eastern District of New York (September 27, 2024):* "The Court finds that the Notice to the Class of the Proposed Settlement and Settlement Fairness Hearing constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully complied with the requirements of due process and all applicable statutes and laws.

*September 20, 2023:* The Court finds that the dissemination of the Notices in the manner set forth in paragraph 25 below constitutes the best notice practicable under the circumstances as well as valid, due, and sufficient notice to all persons entitled thereto and complies fully with Federal Rule of Civil Procedure 23 and the Due Process Clause of the United States Constitution."

### *Smith-Washington v. TaxAct, Inc.*

**No. 3:23-cv-00830**

*The Honorable Vince Chhabria, United States District Court, Northern District of California (December 30, 2024):* "The Court finds that the Notice Plan constituted the best notice practicable under the circumstances to all Settlement Class Members and fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process."

### *Head v. Citibank, N.A.*

**No. 3:18-cv-08189**

*Honorable Roslyn O. Silver, United States District Court, District of Arizona* (January 28, 2022): "The Court considers Peak's experience more than adequate for her to serve as a notice expert, especially given the complex and technical nature of notice for large plaintiff classes under Rule 23(b)(3).

Peak's testimony is based on sufficient facts. The notice system she proposes is consistent with notice [the administrator] has implemented in the past. Moreover, it appears that Peak's four-page-long

KROLL

proposed notification process has been tailored to the circumstances of this case and is sufficiently resilient to withstand possible informational deficiencies in Citibank's records."

### *Beltran v. Sony Pictures Entertainment*

**No. 1:22-cv-04858**

*The Honorable Sara L. Ellis, United States District Court, Northern District of Illinois (March 28, 2025):* "The notice provided to the Settlement Class pursuant to the Settlement Agreement (ECF No. 46-1) and order granting Preliminary Approval (ECF No. 48) – including (i) direct notice to the Settlement Class via email, based on the comprehensive subscriber list provided by Defendant, and (ii) the creation of the Settlement Website – fully complied with the requirements of FED. R. CIV. P. 23 and due process, and was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, their right to object to or to exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing."

### *In re College Athlete NIL Litigation*

**No. 4:20-cv-03919**

*The Honorable Claudia Wilken, United States District Court, Northern District of California (October 7, 2024):* "The Court further finds the proposed contents of these notices (as modified by the Court), and the proposed plan of notice described in the Peak Declaration and Plaintiffs' Supplemental Brief in Support of Preliminary Approval of Settlement submitted on September 26, 2024, meet the requirements of Federal Rule of Civil Procedure 23 and due process, and are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto."

### *In re Yahoo! Inc. Customer Data Security Breach Litigation*

**No. 5:16-md-02752**

*The Honorable Lucy H. Koh, United States District Court, Northern District of California (July 22, 2020):* "[T]he Court concludes that the notice program provided the best notice that is practicable under the circumstances and complied with due process."

*July 20, 2019:* "The Court finds that the Approved Notices and Notice Plan set forth in the Amended Settlement Agreement satisfy the requirements of due process and Federal Rule of Civil Procedure 23 and provide the best notice practicable under the circumstances."

### *Beaver v. Nissan of North America, Inc.*

**No. 3:22-cv-00785**

*The Honorable Eli J. Richardson, United States District Court, Middle District of Tennessee (December 5, 2024):* "The Court finds that Notice to the Class is warranted and has considered the Notice provisions in the Settlement Agreement, the Notice methodology set forth in the Declaration of Carla Peak (the "Notice Program"), and the Long Form Notice and Summary Notice, attached as Exhibits C and D to the Settlement Agreement, respectively. The Court finds that the direct mailing of Summary Notice in the manner set forth in the Notice Program combined with publication of the Long Form Notice, the Settlement Agreement and its other exhibits, and this Order on the Settlement Website is the best notice practicable under the circumstances; constitutes due and sufficient notice of the Settlement and

this Order to all persons entitled thereto; and is in full compliance with the requirements of FED. R. CIV. P. 23(c), applicable law, and due process."

### *Hightower v. Receivables Performance Management LLC*

**No. 2:22-cv-01683**

*The Honorable Ricardo S. Martinez, United States District Court, Western District of Washington (December 6, 2024):* "The Court finds that the dissemination of the Notice: (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances."

### *Orr v. Intercontinental Hotels Group, PLC*

**No. 1:17-cv-01622**

The Honorable Michael L. Brown, United States District Court, Northern District of Georgia (September 2, 2020): "The Court finds that the Court-approved Notice Program was the best notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B)."

### *In re MCG Health Data Security Issue Litigation*

**No. 2:22-cv-00849**

*The Honorable Ricardo S. Martinez, United States District Court, Western District of Washington (October 9, 2024):* "The Settlement Administrator maintained the Settlement Website, which provided information about the Settlement, including copies of relevant Court documents, the Settlement Agreement, the Long Form Notice, and the Claim Form. The Settlement Administrator also maintained a toll-free help line with interactive voice response and FAQs to address Settlement Class Members' inquiries.

*Findings Concerning Notice:* The Court finds and determines that the Notice Program, preliminarily approved on May 1, 2024, and implemented on May 31, 2024, constituted the best notice practicable under the circumstances, constituted due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfies the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and all other applicable laws and rules."

### *Faulkner v. Acella Pharmaceuticals, LLC*

**No. 2:22-cv-00092**

*The Honorable Richard W. Story, United States District Court, Northern District of Geogia (February 7, 2024):* "The Court approves the proposed Notice Plan for giving notice to the Settlement Class as set forth in the Declaration of Carla A. Peak. The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 and due process and constitutes the best notice practicable under the circumstances."

### *In re CorrectCare Data Breach Litigation*

**No. 5:22-cv-00319**

KROLL

*The Honorable Danny C. Reeves, United States District Court, Eastern District of Kentucky (September 17, 2024):* "For those that were returned as undeliverable, Kroll promptly remailed notices to any new address available through USPS information and by using an advanced address search."

***Hameed-Bolden v. Forever 21 Retail, Inc.***

**No. 2:18-cv-03019**

*The Honorable George H Wu, United States District Court, Central District of California (October 11, 2022):* "Based upon the evidence submitted by the Parties to the Settlement Agreement, the Settlement Agreement, the arguments of counsel, and all the files, records and proceedings in this case, the Court finds that the Notice and notice methodology implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order: (a) constituted methods that were reasonably calculated to inform the members of the Settlement Class of the Settlement and their rights thereunder; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Final Approval Hearing; (c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law."

***Charlie v. Rehoboth McKinley Christian Health Care Services***

**No. 1:21-cv-00652**

*The Honorable Steven C. Yarbrough, United States District Court, District of New Mexico (May 25, 2023):* "The Court finds that such Notice as therein ordered, was the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B)."

***Wesley v. Snap Finance LLC***

**No. 2:20-cv-00148**

*The Honorable Robert J. Shelby, Unted States District Court, District of Utah (September 21, 2021):* "Wesley has demonstrated Peak's testimony is admissible under Rule 702 and Daubert. First, Wesley has demonstrated Peak is qualified to serve as an expert for class action notice plans. Experts are qualified "by knowledge, skill, experience, training, or education" to render an opinion."

***Chacon v. Nebraska Medicine***

**No. 8:21-cv-00070**

*The Honorable Robert F. Rossiter, Jr., United States District Court, District of Nebraska (September 15, 2021):* "The Court finds that such notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Rule 23(c)(2)."

***In re UNITE HERE Data Security Incident Litigation***

**No. 1:24-cv-01565**

*The Honorable Jed S. Rakoff, United States District Court, Southern District of New York (May 15, 2025):* "The Court finds that the Notice Plan, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances,

KROLL

was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class Members of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement, their right to exclude themselves, their right to object to the Settlement and to appear at the Final Fairness Hearing, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable laws."

### *Engle v. Talbert House*

**No. A2103650**

*The Honorable Jennifer L. Branch, Court of Common Pleas, Hamilton County, Ohio (February 13, 2023):* "The Court has reviewed the forms of the Notice provided to potential Class Members, including the written and electronic forms of Notice and the Settlement Website, and concludes that the Notice Program implemented by Kroll Administration, LLC and Class Counsel in this matter was fair and reasonable, satisfies Rule 23 and due process, and constitutes adequate notice to the Class of the settlement of this Action."

### *Summers v. Sea Mar Community Health Centers*

**No. 22-2-00773-7**

*The Honorable Suzanne R. Parisien, Superior Court for the State of Washington, County of King (December 20, 2022):* "The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Washington Civil Rule 23(c)(2)."

### *In re Tenet Healthcare Corporation Data Breach Litigation*

**No. DC-22-07513**

*The Honorable Bridgett N. Whitmore, District Court of Dallas County, Texas, 193rd Judicial District (June 5, 2024):* "The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due and sufficient notice to all Settlement Class Members."

### *In Re: Rust-Oleum Restore Marketing, Sales Practices & Products Liability Litigation*

**No. 15-cv-01364**

*The Honorable Amy J. St. Eve, United States District Court, Northern District of Illinois (October 20, 2016):* "The Notices of Class Action and Proposed Settlement (Exhibits A and B to the Settlement Agreement) and the method of providing such Notices to the proposed Settlement Class (as described in Settlement Agreement ¶6 and in the Declaration of Carla A. Peak on Settlement Notice Plan, filed on October 19, 2016), comply with Fed. R. Civ. P. 23(e) and due process, constitute the best notice practicable under the circumstances, and provide due and sufficient notice to all persons entitled to notice of the settlement of this Action."

### *Aberl v. Ashley Global Retail LLC*

**No. 37-2023-000115360**

*The Honorable Cynthia A. Freeland, Superior Court of the State of California, County of San Diego (January 19, 2024):* "The Notice: (i) fully and accurately informed Class Members about the Action and Settlement; (ii) provided sufficient information so that Class Members could decide whether to accept

the benefits offered, opt-out and pursue their own remedies, or object to the Settlement; (iii) provided procedures for Class Members to submit written objections to the proposed Settlement, to appear at the Fairness Hearing, and to state objections to the proposed Settlement; and (iv) provided the time, date, and place of the final Fairness Hearing."

### *In re Procter & Gamble Aerosol Products Marketing and Sales Practices Litigation*

**No. 2:22-md-03025**

*The Honorable Michael H. Watson, United States District Court, Southern District of Ohio (June 16, 2023):* "The Court finds that the Notice program, including the approved forms of notice: (a) constituted the best notice that is practicable under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the nature of the Actions and the MDL... and met all applicable requirements of Federal Rule of Civil Procedure 23, due process under the U.S. Constitution, and any other applicable law."

### *Hesse v. Godiva Chocolatier, Inc.*

**No. 1:19-cv-00972**

*The Honorable Loretta A. Preska, United States District Court, Southern District of New York (April 20, 2022):* "The notice provided to the Class pursuant to the Settlement Agreement and Preliminary Approval Order—including (i) repeated direct notice to the Class via email, (ii) the creation of the Settlement Website, and (iii) the dissemination of notice via publication and digital media notice—fully complied with the requirements of Fed. R. Civ. P. 23 and due process, was reasonably calculated under the circumstances to apprise the Class of the pendency of the Action, their right to object or exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing. In particular, through a multi-media channel approach to notice, which employed direct notice, digital, social and mobile media, an estimated 82 percent of targeted Class Members were reached by the notice program, on average 2.8 times. Declaration of Jeanne C. Finegan ("Finegan Decl.") ¶33 (ECF No. 86). Godiva possessed email addresses for 8,235,538 potential class members. Finegan Decl. ¶ 17. Accordingly, Kroll Settlement Administration ("Kroll") emailed direct notice to each of these individuals, i.e., approximately 46% of the Class. It then sent another 7,692,027 reminder emails. Id. ¶ 20. In conjunction with this direct notice, Kroll implemented a state-of-the-art publication notice plan, which consisted of 35 million media impressions, including on Facebook and Instagram, and the creation of a settlement website and IVR phone support for Class Members to contact if they had any questions about the Settlement or the case. Id. ¶¶ 21-25."

### *In re The Bank of New York Mellon ADR FX Litigation*

**No. 1:16-cv-00212**

*The Honorable J. Paul Oetkin, United States District Court, Southern District of New York (June 17, 2019):* "The dissemination of notice constituted the best notice practicable under the circumstances."

### *In re ZF-TRW Airbag Control Units Products Liability Litigation*

**No. 2:19-ml-02905**

*The Honorable John A Kronstadt, United States District Court, Central District of California (November 28, 2023):* "Notice of the settlement was administered by Kroll Settlement Administration LLC (the "Administrator"). Declaration of Jeanne Finegan, Dkt. 815-2 1. The Administrator effected both direct

KROLL

mailed notice and additional multimedia efforts to raise awareness about the Settlement Agreement. The Administrator estimated that, as a result of its efforts, it reached over 95% of the class members."

### *Simerlein v. Toyota Motor Corporation*

**No. 3:17-cv-01091**

*The Honorable Victor Bolden, United States District Court, District of Connecticut (January 14, 2019)*: "In finding that notice is sufficient to meet both the requirements of Rule 23(c) and due process, the Court has reviewed and appreciated the high-quality submission of proposed Settlement Notice Administrator Jeanne C. Finegan."

### *Fitzhenry-Russell v. Keurig Dr. Pepper Inc.*

**No. 5:17-cv-00564**

*The Honorable Nathanael Cousins, United States District Court, Northern District of California (April 10, 2019)*: "The reaction of class members to the proposed Settlement is positive. The parties anticipated that 100,000 claims would be filed under the Settlement (see Dkt. No. 327-5 ¶ 36)—91,254 claims were actually filed (see Finegan Decl ¶ 4). The 4% claim rate was reasonable in light of Heffler's efforts to ensure that notice was adequately provided to the Class."

### *Pettit v. Procter & Gamble Co.*

**No. 3:15-cv-02150**

*The Honorable Richard Seeborg, United States District Court, Northern District of California (March 28, 2019)*: "The Court finds that the Notice Plan set forth in the Settlement Agreement, and effectuated pursuant to the Preliminary Approval Order, constituted the best notice practicable under the circumstances and constituted due and sufficient notice to the Settlement Class. ...the number of claims received equates to a claims rate of 4.6%, which exceeds the rate in comparable settlements."

### *Carter v. Forjas Taurus S.A.*

**No. 1:13-cv-24583**

*The Honorable Patricia Seitz, United States District Court, Southern District of Florida (March 28, 2019)*: "The Court considered the extensive experience of Jeanne C. Finegan and the notice program she developed. There is no national firearms registry and Taurus sale records do not provide names and addresses of the ultimate purchasers... Thus, the form and method used for notifying Class Members of the terms of the Settlement was the best notice practicable. ...The court-approved notice plan used peer-accepted national research to identify the optimal traditional, online, mobile and social media platforms to reach the Settlement Class Members."

Additionally, in January 20, 2016, Transcript of Class Notice Hearing, p. 5 Judge Seitz, noted: "I would like to compliment Ms. Finegan and her company because I was quite impressed with the scope and the effort of communicating with the Class."

### *Cook v. Rockwell International Corporation*

**No. 90-cv-00181**

*The Honorable John L. Kane, United States District Court, District of Colorado (April 28, 2017)*: "The Court-approved Notice Plan, which was successfully implemented by [Kroll predecessor company] (see

KROLL

Doc. 2432), constituted the best notice practicable under the circumstances. In making this determination, the Court finds that the Notice Plan that was implemented, as set forth in Declaration of Jeanne C. Finegan, APR Concerning Implementation and Adequacy of Class Member Notification (Doc. 2432), provided for individual notice to all members of the Class whose identities and addresses were identified through reasonable efforts, … and a comprehensive national publication notice program that included, inter alia, print, television, radio and internet banner advertisements. …Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Notice Plan provided the best notice practicable to the Class."

### *In re Domestic Drywall Antitrust Litigation*

**No. 2:13-md-02437**

*The Honorable Michael M. Baylson, United States District Court, Eastern District of Pennsylvania*: "For each of the four settlements, Finegan implemented and extensive outreach effort including traditional, online, social, mobile and advanced television and online video."

In the Order Granting Preliminary Approval to the IPP Settlement, Judge Michael M. Baylson stated: "The Court finds that the dissemination of the Notice and summary Notice constitutes the best notice practicable under the circumstances; is valid, due, and sufficient notice to all persons… and complies fully with the requirements of the Federal rule of Civil Procedure."

### *Warner v. Toyota Motor Sales, U.S.A. Inc.*

**No. 2:15-cv-02171**

*The Honorable Fernando M. Olguin, United States District Court, Central District of California (May 21, 2017)*: "Finegan, the court-appointed settlement notice administrator, has implemented the multiprong notice program. …the court finds that the class notice, and the notice process fairly and adequately informed the class members of the nature of the action, the terms of the proposed settlement, the effect of the action and release of claims, the class members' right to exclude themselves from the action, and their right to object to the proposed settlement."

### *Allagas v. BP Solar International, Inc.*

**No. 3:14-cv-00560**

*The Honorable Susan Illston, United States District Court, Northern District of California, San Francisco Div (December 22, 2016)*: "Class Notice was reasonable and constituted due, adequate and sufficient notice to all persons entitled to be provided with notice; and d. fully satisfied the requirements of the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 23(c)(2) and (e), the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law."

### *Foster v. L-3 Communications EOTech, Inc.*

**No. 6:15-cv-03519**

*The Honorable Judge Brian Wimes, United States District Court, Western District of Missouri (July 17, 2017)*: "The Court has determined that the Notice given to the Settlement Class fully and accurately informed members of the Settlement Class of all material elements of the Settlement and constituted the best notice practicable."

KROLL

### *In re Skechers Toning Shoes Products Liability Litigation*

**No. 3:11-md-02308**

*The Honorable Thomas B. Russell, United States District Court, Western District of Kentucky*: "The comprehensive nature of the class notice leaves little doubt that, upon receipt, class members will be able to make an informed and intelligent decision about participating in the settlement."

### *Brody v. Merck & Co., Inc.*

**No. 3:12-cv-04774**

*The Honorable Peter G. Sheridan, United States District Court, District of New Jersey (September 17, 2012)*: "Ms. Finegan did a great job in testifying as to what the class administrator will do. So, I'm certain that all the class members or as many that can be found, will be given some very adequate notice in which they can perfect their claim."

### *Quinn v. Walgreen Co.*

**No. 7:12-cv-08187**

*The Honorable Vincent L. Briccetti, United States District Court, Southern District of New York (March 5, 2012)*: "The notice plan was the best practicable under the circumstances. … [and] "the proof is in the pudding. This settlement has resulted in more than 45,000 claims which is 10,000 more than the Pearson case and more than 40,000 more than in a glucosamine case pending in the Southern District of California I've been advised about. So the notice has reached a lot of people and a lot of people have made claims."

### *In re TracFone Unlimited Service Plan Litigation*

**No. 13-cv-03440**

*The Honorable Edward M. Chen, United States District Court, Northern District of California (July 2, 2015)*: "...[D]epending on the extent of the overlap between those class members who will automatically receive a payment and those who filed claims, the total claims rate is estimated to be approximately 25-30%. This is an excellent result..."

### *In re Blue Buffalo Company, Ltd., Marketing and Sales Practices Litigation*

**No. 4:14-md-02562**

*The Honorable Rodney Sippel, United States District Court, Eastern District of Missouri (May 19, 2016)*: "It is my finding that notice was sufficiently provided to class members in the manner directed in my preliminary approval order and that notice met all applicable requirements of due process and any other applicable law and considerations."

### *DeHoyos v. Allstate Insurance Co.*

**No. SA-01-CA-1010**

*The Honorable Fred Biery, United States District Court, Western District of Texas*: "[T]he undisputed evidence shows the notice program in this case was developed and implemented by a nationally

KROLL™

recognized expert in class action notice programs. … This program was vigorous and specifically structured to reach the African American and Hispanic class members. Additionally, the program was based on a scientific methodology which is used throughout the advertising industry and which has been routinely embraced routinely [sic] by the Courts. Specifically, in order to reach the identified targets directly and efficiently, the notice program utilized a multi-layered approach which included national magazines; magazines specifically appropriate to the targeted audiences; and newspapers in both English and Spanish."

***In re Reebok Easytone Litigation***

**No. 10-cv-11977**

*The Honorable F. Dennis Saylor IV, United States District Court, District of Massachusetts:* "The Court finds that the dissemination of the Class Notice, the publication of the Summary Settlement Notice, the establishment of a website containing settlement-related materials, the establishment of a toll-free telephone number, and all other notice methods set forth in the Settlement Agreement and [Ms. Finegan's] Declaration and the notice dissemination methodology implemented pursuant to the Settlement Agreement and this Court's Preliminary Approval Order… constituted the best practicable notice to Class Members under the circumstances of the Actions."

***Bezdek v. Vibram USA Inc.***

**No. 1:12-cv-10513**

*The Honorable Douglas P. Woodlock, United States District Court, District of Massachusetts:* "[O]n independent review I find that the notice program was robust, particularly in its online presence, and implemented as directed in my Order authorizing notice. …I find that notice was given to the Settlement class members by the best means "practicable under the circumstances."

***Gemelas v. The Dannon Company, Inc.***

**No. 1:08-cv-00236**

*The Honorable Dan A. Polster, United States District Court, Northern District of Ohio:* "In accordance with the Court's Preliminary Approval Order and the Court-approved notice program, [Ms. Finegan] caused the Class Notice to be distributed on a nationwide basis in magazines and newspapers (with circulation numbers exceeding 81 million) specifically chosen to reach Class Members. … The distribution of Class Notice constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, 28 U.S.C. 1715, and any other applicable law."

***Pashmova v. New Balance Athletic Shoe, Inc.***

**No. 1:11-cv-10001**

*The Honorable Leo T. Sorokin, United States District Court, District of Massachusetts:* "The Class Notice, the Summary Settlement Notice, the web site, and all other notices in the Settlement Agreement and the Declaration of [Ms Finegan], and the notice methodology implemented pursuant to the Settlement Agreement: (a) constituted the best practicable notice under the circumstances; (b) constituted notice that was reasonably calculated to apprise Class Members of the pendency of the Actions, the terms of the Settlement and their rights under the settlement … met all applicable requirements of law, including, but not limited to, the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and the Due Process Clause(s)

KROLL

of the United States Constitution, as well as complied with the Federal Judicial Center's illustrative class action notices."

### *Hartless v. Clorox Company*

**No. 3:06-cv-02705**

*The Honorable Cathy N. Bencivengo, United States District Court, Southern District of California:* "The Class Notice advised Class members of the terms of the settlement; the Final Approval Hearing and their right to appear at such hearing; their rights to remain in or opt out of the Class and to object to the settlement; the procedures for exercising such rights; and the binding effect of this Judgment, whether favorable or unfavorable, to the Class. The distribution of the notice to the Class constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, 28 U.S.C. §1715, and any other applicable law."

### *Elliott v. Toys "R: Us, Inc.*

**No. 2:09-cv-06151**

*The Honorable Anita Brody, United States District Court, Eastern District of Pennsylvania:* "The Court finds that the Notice provided constituted the best notice practicable under the circumstances and constituted valid, due and sufficient notice to all persons entitled thereto."

### *In re Pre-Filled Propane Tank Marketing & Sales Practices Litigation*

**No. 4:09-md-02086**

*The Honorable Gary A. Fenner, United States District Court, Western District of Missouri:* "The notice program included individual notice to class members who could be identified by Ferrellgas, publication notices, and notices affixed to Blue Rhino propane tank cylinders sold by Ferrellgas through various retailers. ... The Court finds the notice program fully complied with Federal Rule of Civil Procedure 23 and the requirements of due process and provided to the Class the best notice practicable under the circumstances."

### *Stern v. AT&T Mobility Wireless*

**No. 1:09-cv-01112**

*The Honorable Christina A. Snyder, United States District Court, Central District of California:* "[T]he Court finds that the Parties have fully and adequately effectuated the Notice Plan, as required by the Preliminary Approval Order, and, in fact, have achieved better results than anticipated or required by the Preliminary Approval Order."

### *In re Processed Egg Prods. Antitrust Litigation*

**MDL No. 2:08-md-02002**

*The Honorable Gene E.K. Pratter, United States District Court, Eastern District of Pennsylvania:* "The Notice appropriately detailed the nature of the action, the Class claims, the definition of the Class and Subclasses, the terms of the proposed settlement agreement, and the class members' right to object or request exclusion from the settlement and the timing and manner for doing so.... Accordingly, the Court determines that the notice provided to the putative Class Members constitutes adequate notice in satisfaction of the demands of Rule 23."

KROLL

### *Polyurethane Foam Antitrust Litigation*

**No. 1:10-md-02196**

*The Honorable Jack Zouhary, United States District Court, Northern District of Ohio*: "The notice program included individual notice to members of the Class who could be identified through reasonable effort, as well as extensive publication of a summary notice. The Notice constituted the most effective and best notice practicable under the circumstances of the Settlement Agreements and constituted due and sufficient notice for all other purposes to all persons and entities entitled to receive notice."

### *Rojas v. Career Education Corporation*

**No. 1:10-cv-05260**

*The Honorable Virgina M. Kendall, United States District Court, Northern District of Illinois (October 25, 2012)*: "The Court Approved notice to the Settlement Class as the best notice practicable under the circumstance including individual notice via U.S. Mail and by email to the class members whose addresses were obtained from each Class Member's wireless carrier or from a commercially reasonable reverse cell phone number look-up service, nationwide magazine publication, website publication, targeted on-line advertising, and a press release. Notice has been successfully implemented and satisfies the requirements of the Federal Rule of Civil Procedure 23 and Due Process."

### *Golloher v. Todd Christopher International Inc. dba Vogue International*

**No. 3:12-cv-06002**

*The Honorable Richard Seeborg, United States District Court, Northern District of California*: "The distribution of the notice to the Class constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, 28 U.S.C. §1715, and any other applicable law."

### *McGee v. Continental Tire North America, Inc.*

**No. 2:06-cv-06234**

*The Honorable Garrett E. Brown, Jr, United States District Court, District of New Jersey (March 4, 2009)*: "The Class Notice, the Summary Settlement Notice, the web site, the toll-free telephone number, and all other notices in the Agreement, and the notice methodology implemented pursuant to the Agreement: (a) constituted the best practicable notice under the circumstances; (b) constituted notice that was reasonably calculated to apprise Class Members of the pendency of the Action, the terms of the settlement and their rights under the settlement, including, but not limited to, their right to object to or exclude themselves from the proposed settlement and to appear at the Fairness Hearing; (c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notification; and (d) met all applicable requirements of law, including, but not limited to, the Federal Rules of Civil Procedure, 20 U.S.C. Sec. 1715, and the Due Process Clause(s) of the United States Constitution, as well as complied with the Federal Judicial Center's illustrative class action notices."

### *Varacallo v. Massachusetts Mutual Life Insurance Company*

**No. 2:04-cv-02702**

*The Honorable Jose L. Linares, United States District Court, District of New Jersey*: "[A]ll of the notices are written in simple terminology, are readily understandable by Class Members, and comply with the

KROLL

Federal Judicial Center's illustrative class action notices. ... By working with a nationally syndicated media research firm, [Finegan's firm] was able to define a target audience for the MassMutual Class Members, which provided a valid basis for determining the magazine and newspaper preferences of the Class Members. (Preliminary Approval Order at p. 9). ... The Court agrees with Class Counsel that this was more than adequate. (Id. at § 5.2)."

### *Mayo v. Walmart Stores and Sam's Club*

**No. 5:06-cv-00093**

*The Honorable Thomas B. Russell, United States District Court, Western District of Kentucky:* "According to defendants' database, the Notice was estimated to have reached over 90% of the Settlement Class Members through direct mail. The Settlement Administrator ... has classified the parties' database as 'one of the most reliable and comprehensive databases [she] has worked with for the purposes of legal notice.'... The Court thus reaffirms its findings and conclusions in the Preliminary Approval Order that the form of the Notice and manner of giving notice satisfy the requirements of Fed. R. Civ. P. 23 and affords due process to the Settlement Class Members."

### *Fishbein v. All Market Inc.*

**No. 1:11-cv-05580**

*The Honorable J. Paul Oetken, United States District Court, Southern District of New York:* "The Court finds that the dissemination of Class Notice pursuant to the Notice Program...constituted the best practicable notice to Settlement Class Members under the circumstances of this Litigation ... and was reasonable and constituted due, adequate and sufficient notice to all persons entitled to such notice, and fully satisfied the requirements of the Federal Rules of Civil Procedure, including Rules 23(c)(2) and (e), the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable laws."

### *In re Expedia Hotel Taxes and Fees Litigation*

**No. 05-02060-1**

*The Honorable Monica Benton, Superior Court of Washington, King County:* "The Notice of the Settlement given to the Class ... was the best notice practicable under the circumstances. All of these forms of Notice directed Class Members to a Settlement Website providing key Settlement documents including instructions on how Class Members could exclude themselves from the Class, and how they could object to or comment upon the Settlement. The Notice provided due and adequate notice of these proceeding and of the matters set forth in the Agreement to all persons entitled to such notice, and said notice fully satisfied the requirements of CR 23 and due process."

### *James Hardie Roofing Litigation*

**No. 00-2-17945-65SEA**

*The Honorable Steven Scott, Superior Court of Washington, King County:* "The notice program required by the Preliminary Order has been fully carried out...[and was] extensive. The notice provided fully and accurately informed the Class Members of all material elements of the proposed Settlement and their opportunity to participate in or be excluded from it; was the best notice practicable under the circumstances; was valid, due and sufficient notice to all Class Members; and complied fully with Civ. R. 23, the United States Constitution, due process, and other applicable law."

KROLL

### *Marenco v. Visa Inc.*

**No. 2:10-cv-08022**

*The Honorable Victor B. Kenton, United States District Court, Central District of California:* "[T]he Court finds that the notice plan…meets the requirements of due process, California law, and other applicable precedent. The Court finds that the proposed notice program is designed to provide the Class with the best notice practicable, under the circumstances of this action, of the pendency of this litigation and of the proposed Settlement's terms, conditions, and procedures, and shall constitute due and sufficient notice to all persons entitled thereto under California law, the United States Constitution, and any other applicable law."

### *Palmer v. Sprint Solutions, Inc.*

**No. 09-cv-01211**

*The Honorable James L. Robart, United States District Court, Western District of Washington:* "The means of notice were reasonable and constitute due, adequate, and sufficient notice to all persons entitled to be provide3d with notice."

### *In re Tyson Foods, Inc., Chicken Raised Without Antibiotics Consumer Litigation*

**No. 1:08-md-01982**

*The Honorable Richard D Bennett, United States District Court, District of Maryland:* "The notice, in form, method, and content, fully complied with the requirements of Rule 23 and due process, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled to notice of the settlement."

# Exhibit B

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

United States District Court for the Western District of Pennsylvania
*In re: Diisocyanates Antitrust Litigation*, Master Docket Misc. No. 18-1001, MDL No. 2862

# If you purchased certain chemical Products at any time from January 1, 2016 through May 8, 2026, you could be eligible for benefits from a class action settlement.

*A federal Court authorized this Notice. It is not a solicitation from a lawyer. You are not being sued.*

- A proposed Settlement has been reached with Covestro LLC (the "Settling Defendant" or "Covestro") in a consolidated class action lawsuit that alleges that, from January 1, 2016 through May 8, 2026, Covestro conspired with other chemical manufacturer Defendants to fix prices and restrict the supply of methylene diphenyl diisocyanate (MDI) and toluene diisocyanate (TDI) (the "Products"). The Products are industrial chemicals widely used in the production of polyurethanes for construction, automotive, furniture, and consumer goods. Covestro has denied these allegations and any wrongdoing. To avoid the risks and costs of continuing the Litigation, both sides have agreed to a Settlement.
- The Litigation will continue against the other Defendants: BASF Corporation, BASF SE, Dow Chemical Company, Huntsman Corporation, Huntsman International LLC, and Wanhua Chemical (America) Co., Ltd.
- The Covestro Settlement Class includes all persons and entities in the United States, its territories, and/or the District of Columbia who purchased or received directly (including through controlled subsidiaries, agents, affiliates and/or joint ventures) the Products[1] from any of (1) Defendants,[2] Covestro AG, Wanhua Chemical Group Co., Ltd., Mitsui Chemicals, Inc., Mitsui Chemicals America, Inc., MCNS (a.k.a. Mitsui Chemicals & SKC Polyurethanes, Inc.) or MCNS Polyurethanes USA Inc., or (2) the subsidiaries, affiliates, or successors of any of the foregoing, at any time during the Class Period.[3] The Covestro Settlement Class excludes the defendants named in the Complaint and/or any complaint filed in the Class Actions, alleged co-conspirators, and any of their parents, subsidiaries or affiliates. The Class further excludes state and federal government entities. The Covestro Settlement Class also excludes all judicial officers presiding over this action and their immediate family members and staff, and any juror assigned to this action.
- Under this Settlement, Covestro has agreed to pay $7,000,000 into a Fund for payments to Covestro Settlement Class Members, court-approved attorneys' fees, costs, and expenses, service awards, and notice and administration costs. Covestro has also agreed to use reasonable best efforts to authenticate a number of documents previously provided in the Litigation.
- Your legal rights are affected whether you act or do not act, so please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **ASK TO BE EXCLUDED BY MONTH XX, 2026** | If you decide to exclude yourself, you will keep the right to sue Covestro in a separate lawsuit about the claims this Settlement resolves. This is the only option that allows you to sue, continue to sue, or be part of another lawsuit against Covestro related to the legal claims released by this Settlement. |
| **OBJECT TO THE SETTLEMENT BY MONTH XX, 2026** | If you do not exclude yourself from the Covestro Settlement Class, you may object to it and tell the Court what you do not like about it. You may also ask the Court for permission to speak about your objection at the Fairness Hearing. |
| **SUBMIT A CLAIM BY MONTH XX, 2026** | Submit a claim to receive a distribution from the Fund as outlined in the Settlement Agreement and Court-approved Plan of Allocation. |

[1] Products mean any and all kinds of methylene diphenyl diisocyanate ("MDI") and toluene diisocyanate ("TDI"), no matter the trade name under which such product is sold.
[2] "Defendants" means all those entities set forth in Paragraph 13 of the Covestro Settlement Agreement.
[3] The Class Period runs from January 1, 2016 up to and including the Execution Date of the Settlement, which is May 8, 2026.

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **GO TO A HEARING ON MONTH XX, 2026** | You may attend the Fairness Hearing where the Court will address any objections and determine whether the Settlement is fair, reasonable, and adequate and whether it should be approved by the Court. |
| **DO NOTHING** | If you do nothing, you remain a Covestro Settlement Class Member, you give up the right to sue Covestro about the claims resolved by this Settlement, and you will be legally bound by the Court's decisions and orders. |

- These rights and options—**and the deadlines for exercising them**—are explained in this Notice.
- The Court in charge of this case still must decide whether to approve the Settlement.

## WHAT THIS NOTICE CONTAINS


**Basic Information………………………………………………………………………….. 3**

1. Why was this Notice issued?
2. What is this Litigation about?
3. What is a class action?
4. Why is there a Settlement?

**Who is in the Class?......................................................................................................... 3**

5. Who is included in the Class?
6. Are there exceptions to being included?

**The Settlement……………………………………………………………………………. 4**

7. What does the Settlement provide?
8. What claims am I releasing if I stay in the Class?

**How to Get a Payment – Making a Claim………………………………………………… 4**

9. How do I submit a claim for payment?
10. When will payments be distributed?

**The Lawyers Representing You………………………………………………………… 5**

11. Do I have a lawyer in this case?
12. Should I get my own lawyer?
13. How will the lawyers be paid?

**Excluding Yourself from the Settlement……………………………………………….. 5**

14. How do I opt out of the Settlement?

**Objecting to the Settlement……………………………………………………………... 6**

15. How do I tell the Court if I do not like the Settlement?
16. What is the difference between objecting and opting out?

**The Court's Fairness Hearing………………………………………………………….... 7**

17. When is the Court's Fairness Hearing?
18. Do I have to come to the Fairness Hearing?

**If You Do Nothing……………………………………………………………………….. 7**

19. What happens if I do nothing at all?

**Getting More Information………………………………………………………………. 7**

20. How do I get more information?

# BASIC INFORMATION

**1. Why was this Notice issued?**

A federal Court authorized this notice because you have a right to know about the proposed Settlement of this class action (the "Litigation") and about all of your options before the Court decides whether to grant final approval of the Settlement. This Notice explains the Litigation, the Settlement, what the Settlement provides, and your legal rights.

Judge W. Scott Hardy of the United States District Court for the Western District of Pennsylvania is overseeing this Litigation which is called *In re: Diisocyanates Antitrust Litigation*, Master Docket Misc. No. 18-1001, MDL No. 2862. The companies or entities that filed this Litigation are called the "Plaintiffs" and the companies they sued are called the "Defendants." In this case, the Defendants are BASF Corporation, BASF SE, Covestro LLC, Dow Chemical Company, Huntsman Corporation, Huntsman International LLC, and Wanhua Chemical (America) Co., Ltd.

This proposed Settlement is with Covestro LLC (the "Settling Defendant" or "Covestro"). The Litigation will continue against the other Defendants.

**2. What is this Litigation about?**

In this multi-district antitrust litigation, the Plaintiffs allege that, from January 1, 2016 through May 8, 2026, Covestro conspired with other chemical manufacturer Defendants to fix prices and restrict the supply of methylene diphenyl diisocyanate (MDI) and toluene diisocyanate (TDI) (the "Products") resulting in higher prices for purchasers. The Products are industrial chemicals widely used in the production of polyurethanes for construction, automotive, furniture, and consumer goods. The Plaintiffs claim that the conspiracy included fixing, raising, maintaining, and/or stabilizing the price of the Products sold in or shipped to the United States through agreements to limit supply of MDI and TDI by planned manufacturing shutdowns at plants worldwide and implementing coordinated pricing increases, in violation of the Sherman Act, 15 U.S.C. § 1.

Covestro has denied any liability and any wrongdoing. Both sides have agreed to a Settlement to avoid the risks and costs of continuing the Litigation.

**3. What is a class action?**

In a class action, one or more individuals sue on behalf of other people or entities with similar claims. These individuals who sue are known as "class representatives" or, in this case, the Plaintiffs. Together, the people included in the class action are called a "Class" or "Class Members." One court resolves the lawsuit for all Class Members, except for those who exclude themselves (sometimes called, "opting out") from a settlement.

In this Litigation, the Named Plaintiffs are Utah Foam Products, Inc., Rhino Linings Corporation, Tri-Iso Tryline LLC, and American Polymers Corporation.

**4. Why is there a Settlement?**

The Court did not decide in favor of the Plaintiffs or Covestro. Covestro denies all claims and contends that it has not violated any laws. The Plaintiffs and Covestro agreed to a Settlement to avoid the costs and risks of a trial. The Plaintiffs and their attorneys, who also represent Class Members as "Class Counsel," think the Settlement is best for all Class Members.

# WHO IS IN THE SETTLEMENT CLASS?

**5. Who is included in the Settlement Class?**

All persons and entities in the United States, its territories, and/or the District of Columbia who purchased or received directly (including through controlled subsidiaries, agents, affiliates and/or joint

ventures) the Products[4] from any of (1) Defendants,[5] Covestro AG, Wanhua Chemical Group Co., Ltd., Mitsui Chemicals, Inc., Mitsui Chemicals America, Inc., MCNS (a.k.a. Mitsui Chemicals & SKC Polyurethanes, Inc.) or MCNS Polyurethanes USA Inc., or (2) the subsidiaries, affiliates, or successors of any of the foregoing, at any time during the Class Period.[6]

### 6. Are there exceptions to being included?

Yes, excluded from the Covestro Settlement Class are (1) the Defendants named in the Complaint and/or any complaint filed in the Class Actions, alleged co-conspirators, and any of their parents, subsidiaries or affiliates, (2) state and federal governmental entities, (3) all judicial officers presiding over this action and their immediate family members and staff, and any juror assigned to this action, and (4) any Class Members who timely and validly exclude themselves from the Covestro Settlement Class.

## THE SETTLEMENT

### 7. What does the Settlement provide?

Under this Settlement, Covestro has agreed to pay $7,000,000 into a Fund for payments to Covestro Settlement Class Members, Court-approved attorneys' fees, costs, and expenses, service awards, and notice and administration costs. Covestro has also agreed to use reasonable best efforts to authenticate a number of documents previously provided in the Litigation.

Covestro Settlement Class Members may submit a Claim Form to receive a *pro rata* (proportional) share of the Fund after court-approved attorneys' fees, costs, and expenses, service awards, and notice and administration costs are deducted (the "Net Fund"). Payment amounts will be based on the court-approved Plan of Allocation and the amount of the Products purchased. "Products" means any and all kinds of methylene diphenyl diisocyanate ("MDI") and toluene diisocyanate ("TDI"), no matter the trade name under which the purchased product was sold.

### 8. What claims am I releasing if I stay in the Class?

Unless you exclude yourself, you are staying in the Covestro Settlement Class. If the Settlement is approved and becomes final, all of the Court's orders will apply to you and legally bind you. You will not be able to sue, continue to sue, or be part of any other lawsuit against Covestro and the certain released parties (the "Releasees") for the claims made in this Litigation or released by the Settlement Agreement. The Release and Discharge section in the Settlement Agreement describes the legal claims that you give up if you remain in the Covestro Settlement Class. The Settlement Agreement can be found at www.[website].com.

## HOW TO GET A PAYMENT – MAKING A CLAIM

### 9. How do I submit a claim for a payment?

You must submit a Claim Form or Purchase Audit Request Form by **Month XX, 2026** to receive a payment from the Settlement. Both forms may be submitted online at www.[website].com or mailed to the Settlement Administrator at:

*In re: Diisocyanates Antitrust Litigation*
c/o Kroll Settlement Administration LLC
P.O. Box XXXXXX
New York, NY 10150-XXXX

Each Covestro Settlement Class Member was sent a Class Notice and a Claim Form that included the amount(s) of the Products they purchased, if known, from the Defendants during the Class Period based

[4] Products mean any and all kinds of methylene diphenyl diisocyanate ("MDI") and toluene diisocyanate ("TDI"), no matter the trade name under which such product is sold.
[5] "Defendants" means all those entities set forth in Paragraph 13 of the Covestro Settlement Agreement.
[6] The Class Period runs from January 1, 2016 up to and including the Execution Date of the Settlement, which is May 8, 2026.

on the Defendants' records. If you agree with the amount(s), no additional documentation is required. To receive a *pro rata* payment, simply complete, sign, and submit the Claim Form.

If you wish to amend and/or supplement the purchase amount(s) provided on your Claim Form, you must complete a Purchase Audit Request Form and provide supporting documentation (e.g., purchase orders, sales receipts, etc.). If you do not, your *pro rata* payment amount will be based on the amounts provided in the Class Notice according to the Defendants' records.

**The easiest way to submit a Claim Form or amend your purchase amount(s) is online at www.[website].com using the Class ID number provided on the Class Notice you received.**

Please visit the Settlement Website or contact the Settlement Administrator to request a Claim Form, Purchase Audit Request Form, or your Class ID number.

### 10. When will payments be distributed?

The short answer is – after the Settlement is "finally approved" and challenges, if any, to that approval are finally resolved. The Court is scheduled to hold a Fairness Hearing on **Month XX, 2026, at XX:00 x.m.**, to decide whether to approve the Settlement, how much attorneys' fees, costs, and expenses (including fees, costs, and expenses of experts) to award to Class Counsel for representing the Class, and Service Award payments to the Class Representatives who brought this Litigation on behalf of the Covestro Settlement Class.

If the Court approves the Settlement, there may be appeals. It is always uncertain whether appeals will be filed and, if so, how long it will take to resolve them. The Plan of Allocation will be implemented and payments distributed as soon as possible, if and when the Court grants final approval of the Settlement and after any appeals are resolved.

## THE LAWYERS REPRESENTING YOU

### 11. Do I have a lawyer in this case?

Yes, the Court appointed Jason S. Hartley of Hartley LLP and Megan E. Jones of Hausfeld LLP as Class Counsel. You will not be charged directly for these lawyers. They will receive compensation from the Fund, as approved by the Court. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 12. Should I get my own lawyer?

It is not necessary for you to hire your own lawyer because Class Counsel works for you. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 13. How will the lawyers be paid?

Class Counsel will ask the Court to approve attorneys' fees, costs, and expenses, including fees, costs, and expenses of experts, of up to one-third of the Fund (the "Fee and Expense Award"), for representing the Plaintiffs and the Covestro Settlement Class in this Litigation. Class Counsel will also ask the Court to approve $15,000 Service Awards for each of the Named Plaintiffs for their efforts in representing the Covestro Settlement Class.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 14. How do I opt out of the Settlement?

If you want to keep the right to sue or continue to sue Covestro for the claims in this Litigation or released by the Settlement Agreement, you must take steps to get out of the Settlement. This is called excluding yourself or "opting out" of the Settlement.

To exclude yourself from the Covestro Settlement Class, you must submit a written request for exclusion that includes:

- A statement indicating that you want to be excluded from the Covestro Settlement Class, such as, "I hereby request to be excluded from the proposed Covestro Settlement Class in *In re: Diisocyanates Antitrust Litigation*, Master Docket Misc. No. 18-1001, MDL No. 2862";
- Your name, company name, address, telephone number, and email address; and
- Your signature.

Your request for exclusion must be mailed to the Settlement Administrator at the address below, postmarked no later than **Month XX, 2026**.

*In re: Diisocyanates Antitrust Litigation*
c/o Kroll Settlement Administration LLC
ATTN: Request for Exclusion
P.O. Box XXXXXX
New York, NY 10150-XXXX

If you submit a request for exclusion from the Covestro Settlement Class, you may revoke that request and remain in the Covestro Settlement Class by mailing a written revocation of your request for exclusion to the Settlement Administrator at the address above, provided that your written request for revocation is received no later than **<<two (2) days before the Fairness Hearing date>>**.

Covestro and Class Counsel may dispute requests for exclusion in accordance with the Notice Plan approved by the Court.

If you are a member of the Covestro Settlement Class and exclude yourself, you may be eligible to participate in (or exclude yourself from) any additional settlements which may arise with any other Defendants in the case.

## OBJECTING TO THE SETTLEMENT

### 15. How do I tell the Court if I do not like the Settlement?

If you are a Covestro Settlement Class Member and you do not opt out, you can choose (but are not required) to object to the Settlement if you do not like it or a portion of it. Through an objection, you can give reasons why you think the Court should not approve the Settlement. You may also appear at the Fairness Hearing, either in person or through an attorney, at your own expense. Objections must be submitted in writing and must include:

- The case name and number *In re: Diisocyanates Antitrust Litigation*, Master Docket Misc. No. 18-1001, MDL No. 2862;
- Your name, address, telephone number, and email address and the name, address, and telephone number of your attorney (if any);
- A statement of whether you intend to appear at the Fairness Hearing, either personally or through an attorney;
- Proof of membership in the Covestro Settlement Class;
- The specific grounds for your objection and any reasons why you want to appear and be heard, as well as all documents or writings that you want the Court to consider; and
- Your signature.

Objections must be filed with the Court no later than **Month XX, 2026**.

Courthouse Name
Clerk of the Court
Street Address
City, PA Zip Code

A copy of your objection also must be mailed to Class Counsel, counsel for Covestro, and the Settlement Administrator at the addresses below, postmarked no later than **Month XX, 2026**.

| Co-Lead Class Counsel | Counsel for Covestro | Settlement Administrator |
|---|---|---|
| Jason S. Hartley<br>HARTLEY LLP<br>101 W. Broadway, Suite 820<br>San Diego, CA 92101<br><br>Megan E. Jones<br>HAUSFELD LLP<br>580 California St., 12th Fl.<br>San Francisco, CA 94104 | John F. Terzaken<br>T&T LAW GROUP, PLLC<br>1717 K Street NW, Suite 900<br>Washington, DC 20006<br><br>Abram J. Ellis<br>SIMPSON THACHER &<br>BARTLETT LLP<br>1900 G Street NW<br>Washington, DC 20001 | *In re: Diisocyanates Antitrust Litigation*<br>c/o Kroll Settlement Administration LLC<br>ATTN: Objections<br>P.O. Box XXXXXX<br>New York, NY 10150-XXXX |

### 16. What is the difference between objecting and opting out?

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from it. Excluding yourself from the Settlement means telling the Court you do not want to be part of the Settlement. If you exclude yourself or opt out of the Settlement with Covestro, you cannot object to it because the Settlement with Covestro no longer affects you.

## THE COURT'S FAIRNESS HEARING

### 17. When and where is the Court's Fairness Hearing

The Court is scheduled to hold a Fairness Hearing on **Month XX, 2026, at XX:X0 x.m. ET,** at the United States District Court for the Western District of Pennsylvania, Name of Courthouse, Street Address, PA Zip Code, to address any written objections from Covestro Settlement Class Members who included their intent to appear in their objection (see Question 15). The Court will also decide whether to approve the proposed Settlement as fair, reasonable, and adequate to the Covestro Settlement Class, the request for attorneys' fees, costs, and expenses of up to one-third of the Fund and the $15,000 Service Awards for each of the Named Plaintiffs. The date and time of this hearing may change without further notice. Please check www.[website].com for updates.

### 18. Do I have to come to the Fairness Hearing?

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense. If you file an objection, you may, but you do not have to come to the Fairness Hearing to talk about it. If you file your written objection on time and in accordance with the requirements above, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

## IF YOU DO NOTHING

### 19. What happens if I do nothing?

If you are a Covestro Settlement Class Member and you do nothing, you will give up your right to start a lawsuit, continue a lawsuit, or be part of any other lawsuit against Covestro and the Releasees, as defined in the Settlement Agreement, about the legal issues resolved by this Settlement. In addition, you will be bound by the Release and Discharge in the Settlement Agreement.

## GETTING MORE INFORMATION

### 20. How do I get more information?

This notice summarizes the proposed Settlement. Complete details are provided in the Settlement Agreement and Plan of Allocation. The Settlement Agreement, Plan of Allocation, and other related documents are available at the Settlement Website, www.[website].com.

If you have additional questions or need to update your address, you may contact the Settlement Administrator toll free at (XXX) XXX-XXXX or by mail at *In re: Diisocyanates Antitrust Litigation*, c/o Kroll Settlement Administration LLC, P.O. Box XXXX, New York, NY 10150-XXXX.

# Exhibit C

From: Administrator@XXXX.com
To: SettlementClassMemberName@domain.com
Re: Legal Notice: *Diisocyanates Antitrust Settlement*

---

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

*In re: Diisocyanates Antitrust Litigation*, No. 18-1001, MDL No. 2862
United States District Court for the Western District of Pennsylvania

**Records show you purchased certain diisocyanate chemical Products from January 1, 2016 through May 8, 2026 and you could be eligible for a payment from a class action settlement.**

*A Federal court authorized this Notice. You are not being sued. This is not a solicitation from a lawyer.*

**Name:** <<First Name>> <<Last Name>>

**Class Member ID:** <<RefNum>>

A proposed Settlement has been reached with Covestro LLC (the "Settling Defendant" or "Covestro") in a consolidated class action lawsuit that alleges that, from January 1, 2016 through May 8, 2026, Covestro conspired with other chemical manufacturer Defendants to fix prices and restrict the supply of methylene diphenyl diisocyanate (MDI) and toluene diisocyanate (TDI), no matter the trade name under which such product is sold (the "Products"). The Products are industrial chemicals widely used in the production of polyurethanes for construction, automotive, furniture, and consumer goods. Covestro has denied these allegations and any wrongdoing.

To avoid the risks and costs of continuing the Litigation, both sides have agreed to a Settlement. The Litigation will continue against the other Defendants: BASF Corporation, BASF SE, Dow Chemical Company, Huntsman Corporation, Huntsman International LLC, and Wanhua Chemical (America) Co., Ltd.

**Am I included?** You are receiving this notice because Covestro's records show you are included in the Covestro Settlement Class. The Covestro Settlement Class includes all persons and entities in the United States, its territories, and/or the District of Columbia who purchased the Products, directly (including through controlled subsidiaries, agents, affiliates and/or joint ventures) from any of (1) Defendants,[1] Covestro AG, Wanhua Chemical Group Co., Ltd., Mitsui Chemicals, Inc., Mitsui Chemicals America, Inc., MCNS (a.k.a. Mitsui Chemicals & SKC Polyurethanes, Inc.), or MCNS Polyurethanes USA Inc., or (2) the subsidiaries, affiliates, or successors of any of the foregoing, at any time from January 1, 2016 through May 8, 2026.

**What does the Settlement provide?** Under this Settlement, Covestro has agreed pay $7,000,000 into a Fund for payments to Class Members, court-approved attorneys' fees, costs and expenses, service awards, and notice and administration costs. Covestro has also agreed to use reasonable best efforts to authenticate a number of documents previously provided in the Litigation.

---

[1] "Defendants" means all those entities set forth in Paragraph 13 of the Covestro Settlement Agreement.

**How do I get a payment?** You must submit a Claim Form online by clicking **here** or by U.S. Mail postmarked by **Month XX, 2026** to receive a payment. Your *pro rata* payment under the Settlement will be based on your validated direct purchases of MDI and/or TDI from any of the Defendants listed above (or their subsidiaries, affiliates, or successors) at any time from January 1, 2016 through May 8, 2026. Your purchase amounts, if known, have been provided in the mailed Notice you will or have received and may also be viewed by starting the Claim Form process online. If no amount is listed, you will need to provide this information, along with supporting documentation, to receive a payment. If you believe your purchase amounts are inaccurate, you may provide additional information when submitting your claim online or by including a Purchase Audit Form with your mailed Claim Form. To request a form, click here or call (XXX) XXX-XXXX.

**What are my other rights and options?** If you do nothing, you will not receive a payment, you will remain a Covestro Settlement Class Member, and you will give up your rights to sue Covestro for the claims resolved by this Settlement. If you do not want a payment, but you want to keep your right to sue Covestro for the claims resolved by this Settlement, you must exclude yourself from the Covestro Settlement Class (called "opting out"). If you do not opt out, you may object to the Settlement and ask the Court for permission to speak at the Fairness Hearing. The exclusion and objection deadline is **Month XX, 2026**.

**The Fairness Hearing.** The Court will hold a hearing on **Month XX, 2026** to decide whether to approve the Settlement and up to one-third of the Fund in attorneys' fees, costs, and expenses, and $15,000 Service Awards for each of the Named Plaintiffs. The Named Plaintiffs are Utah Foam Products, Inc., Rhino Linings Corporation, Tri-Iso Tryline LLC, and American Polymers Corp. You or your lawyer may attend the hearing at your own expense. The date and time of this hearing may change without further notice. Please check the settlement website for updates.

**To get more information or change your address:** Visit www.[website].com for complete details about the Settlement and instructions on how to act on your rights and options. You may also call (XXX) XXX-XXXX for more information or write to *In re: Diisocyanates Antitrust Litigation*, c/o Kroll Settlement Administration LLC, P.O. Box XXXXXX, New York, NY, 10150-XXXX.

# Exhibit D

*4330600000000*
4 3 3 0 6 0 0 0 0 0 0 0 0

| |
|---|
| **Your Claim Form must be submitted online or <u>postmarked by</u>: Month XX, 2026** |

# FULL-LENGTH CLAIM FORM

*In re: Diisocyanates Antitrust Litigation*
Master Docket Misc. No. 18-1001
MDL No. 2862
United States District Court for the Western District of Pennsylvania

## GENERAL INSTRUCTIONS

To receive a payment under this Settlement, you must file a claim. If you file a validated claim and it is approved, you will receive a *pro rata* share of the Net Fund based on your validated direct purchases of methylene diphenyl diisocyanate ("MDI") and/or toluene diisocyanate ("TDI") ("the Products"), no matter the trade name under which such Product is sold from any of (1) Defendants,[1] Covestro AG, Wanhua Chemical Group Co., Ltd., Mitsui Chemicals, Inc., Mitsui Chemicals America, Inc., MCNS (a.k.a. Mitsui Chemicals & SKC Polyurethanes, Inc.), or MCNS Polyurethanes USA Inc., or (2) the subsidiaries, affiliates, or successors of any of the foregoing, at any time from January 1, 2016 up to and including May 8, 2026.

Please refer to the Notice posted on the Settlement Website (**www.[website].com**), for more information.

**Important: Claim Forms must be submitted online or by mail by Month XX, 2026.**

This Claim Form may be mailed to the address below. Please type or legibly print all requested information, in blue or black ink. Mail your completed Claim Form, postmarked by **Month XX, 2026**, by U.S. mail to:

*In re: Diisocyanates Antitrust Litigation*
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

## I. CLASS MEMBER INFORMATION

____________________ ___ ____________________
First Name MI Last Name

________________________________________
Street Address

________________________ __ __ __ __ __ __ __
City State Zip Code

Email Address: ____________________@________________

**Class Member ID: 4 3 3 0 6** ___ ___ ___ ___ ___ ___ ___ ___

[1] "Defendants" means all those entities set forth in Paragraph 13 of the Covestro Settlement Agreement.

## II. PAYMENT SELECTION

If you would like to elect to receive your Settlement Payment through electronic transfer, please visit the Settlement Website and timely file your Claim Form. The Settlement Website includes a step-by-step guide for you to complete the electronic payment option.

## III. PURCHASE AMOUNT(S)

Your *pro rata* payment under the Settlement will be based on your validated direct purchases of MDI and/or TDI from any of the Defendants listed above (or their subsidiaries, affiliates, or successors) at any time from January 1, 2016 up to and including May 8, 2026. Your purchase amounts are noted below.

**Total purchase amounts based on Defendants' records**:

**MDI**: <<$TotalPurchaseMDI>>

**TDI**: <<$TotalPurchaseTDI>>

Check the appropriate box to indicate whether you agree with the purchase amount(s) listed above or you want to amend the purchase amount(s) listed above.

☐ Yes, I agree with the purchase amount(s) listed above and would like to receive a *pro rata* payment based on those purchase amount(s). No additional documentation is required.

☐ No, I wish to amend and/or supplement the purchase amount(s) listed above and have enclosed a Purchase Audit Request Form with supporting documentation.

If you wish to amend and/or supplement your purchase amounts, the easiest way is to complete a Purchase Audit Request Form and Claim Form is online at **www.[website].com** using your Class Member ID number.

Note: If you do not submit a Purchase Audit Request Form with supporting documentation to validate the claim amount, your *pro rata* payment amount will be based on the purchase amount(s) mentioned above.

## IV. ATTESTATION & SIGNATURE

I declare under penalty of perjury under the laws of the United States that the information supplied in this Claim Form is true and correct to the best of my knowledge and that this form was executed on the date below.

| | |
|---|---|
| ______________________________ | ____ ____ / ____ ____ / ____ ____ ____ ____ |
| Your Signature | Date (mm/dd/yyyy) |
| ______________________________ | ______________________________ |
| Print Name | Title |

# Exhibit E

*4330600000000*
4 3 3 0 6 0 0 0 0 0 0 0 0

**Your Claim Form must be submitted online or <u>postmarked by</u>: Month XX, 2026**

## PURCHASE AUDIT REQUEST FORM

*In re: Diisocyanates Antitrust Litigation*
Master Docket Misc. No. 18-1001
MDL No. 2862
United States District Court for the Western District of Pennsylvania

## GENERAL INSTRUCTIONS

You must complete and submit the Purchase Audit Request Form to amend and/or supplement the amounts of your eligible direct purchases of methylene diphenyl diisocyanate ("MDI") and/or toluene diisocyanate ("TDI"), no matter the trade name under which such product is sold (the "Products"). Eligible direct purchases of MDI and TDI mean purchases of the Products from any of (1) Defendants,[1] Covestro AG, Wanhua Chemical Group Co., Ltd., Mitsui Chemicals, Inc., Mitsui Chemicals America, Inc., MCNS (a.k.a. Mitsui Chemicals & SKC Polyurethanes, Inc.) or MCNS Polyurethanes USA Inc., or (2) the subsidiaries, affiliates, or successors of any of the foregoing, at any time from January 1, 2016 up to and including May 8, 2026.

Please refer to the Notice posted on the Settlement Website (www.[website].com), for more information.

**Important: Purchase Audit Request Forms must be submitted online or by mail by Month XX, 2026.**

This Purchase Audit Request Form may be mailed to the address below. Please type or legibly print all requested information, in blue or black ink. Mail your completed form, postmarked by Month XX, 2026, by U.S. mail to:

*In re: Diisocyanates Antitrust Litigation*
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

### I. CLASS MEMBER INFORMATION

________________________ ___ ________________________
First Name MI Last Name

________________________________________________
Street Address

________________________ ___ ___ ___ ___ ___ ___ ___
City State Zip Code

Email Address: ________________________@________________________

**Class Member ID: 4 3 3 0 6 ____ ____ ____ ____ ____ ____ ____ ____**

[1] "Defendants" means all those entities set forth in Paragraph 13 of the Covestro Settlement Agreement.

## II. PAYMENT SELECTION

If you would like to elect to receive your Settlement Payment through electronic transfer, please visit the Settlement Website and timely file your Purchase Audit Request Form. The Settlement Website includes a step-by-step guide for you to complete the electronic payment option.

## III. PURCHASE AMOUNT

Along with this Purchase Audit Request Form, you must submit supporting documentation to validate the claim amount(s) below. Such records may include purchase orders, receipts, business records, or the like. Please summarize the purchase amounts you are claiming and the supporting documentation you are submitting the table below. You may add additional pages as needed.

**Total claimed purchase amount(s)**:

**MDI**: $______________________

**TDI**: $______________________

Please confirm that you have attached supporting documentation for your claim by checking the box below:

☐ I have attached supporting documentation of purchases to validate the claim amount(s) above.

| **Date of Purchase** | **Amount of Purchase** | **Description of Record or Documentation** (Identify the purchase and what you are attaching, e.g., purchase order for MDI) |
|---|---|---|
| ___ ___/ ___ ___/ ___ ___ (mm/dd/yy) | $ | |
| ___ ___/ ___ ___/ ___ ___ (mm/dd/yy) | $ | |
| ___ ___/ ___ ___/ ___ ___ (mm/dd/yy) | $ | |

## IV. ATTESTATION & SIGNATURE

I declare under penalty of perjury under the laws of the United States that the information supplied in this Purchase Audit Request Form is true and correct to the best of my knowledge and that this form was executed on the date below.

____________________________________ ____ ____/ ____ ____/ ____ ____ ____ ____

Your Signature Date (mm/dd/yyyy)

____________________________________ ______________________________

Print Name Title