**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: DIISOCYANATES ANTITRUST LITIGATION<br><br>This Document Relates to:<br>All Cases | Master Docket Misc. No. 18-1001<br><br>MDL No. 2862<br><br>Judge W. Scott Hardy |

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Settlement," "Settlement Agreement" or "Agreement") is made and entered into this May 8, 2026, (the "Execution Date"), by and between Plaintiffs Utah Foam Products, Inc., Rhino Linings Corporation, Tri-Iso Tryline LLC, and American Polymers Corporation (collectively "Plaintiffs"), individually and on behalf of the Class in the above Actions, and defendant Covestro LLC ("Covestro," and with Plaintiffs, the "Parties"), by and through, respectively, Class Counsel and Covestro Counsel.

WHEREAS, Plaintiffs are prosecuting the Class Actions on behalf of themselves and on behalf of the Class against Covestro, among others;

WHEREAS, Plaintiffs allege, among other things, that Covestro and certain of its affiliates, among others, participated in an unlawful conspiracy to fix prices, reduce supply, and/or allocate markets for the Products in violation of Sections 1 and 3 of the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.*;

WHEREAS, Covestro vigorously denies Plaintiffs' allegations and maintains that it has meritorious defenses to the claims of liability and damages made by the Plaintiffs in the Actions, to the maintenance of the Actions as a class action, and to all charges of liability and damages against it arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Actions;

WHEREAS, Plaintiffs and Defendants have engaged in extensive discovery regarding the facts pertaining to Plaintiffs' claims and Defendants' defenses;

WHEREAS, Class Counsel have thoroughly analyzed the facts and the law regarding the claims asserted in the Class Actions and have concluded, after due investigation, that a settlement with Covestro, which sold Products in the U.S., according to the terms set forth below, is (1) in the best interest of Plaintiffs and the Class to avoid the uncertainties of litigation and to assure that the benefits reflected herein, including the value of the Settlement Amount to be paid by Covestro under this Settlement Agreement and the cooperation to be provided to the Plaintiffs by Covestro under this Settlement Agreement, are obtained for the Class; and (2) the settlement set forth in this Settlement Agreement is fair, reasonable, and adequate and in the best interests of the Class;

WHEREAS, Covestro has concluded, despite its belief that it has no liability with respect to the Class Actions and has good defenses to the claims asserted, that it will enter into this Settlement Agreement to protect its reputation and to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation and to obtain complete dismissal of the Actions as to Covestro and a release of the claims as set forth herein;

WHEREAS, arm's-length settlement negotiations have taken place between Class Counsel and Covestro Counsel, and this Settlement Agreement, which embodies all of the terms and conditions of the settlement between Covestro and Plaintiffs, both for themselves individually and on behalf of the Class, has been reached as a result of the Parties' negotiations, subject to approval of the Court;

WHEREAS, Plaintiffs, on behalf of themselves and the Class, and Covestro agree that neither this Settlement Agreement nor any statement made in negotiation thereof shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability

or wrongdoing by Covestro or of the truth of any of Plaintiffs' claims or allegations in the above-captioned Action or any other actions;

NOW, THEREFORE, in consideration of the covenants, terms, and releases set forth herein and for other good and valuable consideration, which the Parties expressly agree are sufficient to support the release by the Releasors of all Released Claims as to all Releasees, it is agreed by and between the Plaintiffs, individually and on behalf of the Class and Covestro, by and through the undersigned, that the Class Actions be dismissed on the merits with prejudice as to Covestro and the other Releasees only, without costs as to Plaintiffs, the Class, or Covestro, and releases be extended, subject to the approval of the Court, on the following terms and conditions.

**Definitions**

The following terms, as used in this Settlement Agreement, have the following meanings:

1. "Authorized Claimant" means any Class Member who is entitled to a distribution from the Fund pursuant to the Plan of Allocation approved by the Court in accordance with the terms of this Agreement.

2. "Claim Form" means the form approved by the Court by which a Claimant makes a claim to share in the Fund.

3. "Claimant" means a person or entity who or which submits a Claim Form to the Settlement Administrator seeking to be eligible to share in the Fund.

4. "Class" means all persons and entities in the United States, its territories, and/or the District of Columbia who purchased or received directly (including through controlled subsidiaries, agents, affiliates and/or joint ventures) the Products from any of (1) Defendants, Covestro AG, Wanhua Chemical Group Co., Ltd., Mitsui Chemicals, Inc., Mitsui Chemicals America, Inc., MCNS (a.k.a. Mitsui Chemicals & SKC Polyurethanes, Inc.), or MCNS Polyurethanes USA Inc., or (2) the subsidiaries, affiliates, or successors of any of the foregoing,

at any time during the Class Period. The Class excludes the defendants named in the Complaint and/or any complaint filed in the Class Actions, alleged co-conspirators, and any of their parents, subsidiaries or affiliates. The Class further excludes state and federal governmental entities. The Class also excludes all judicial officers presiding over this action and their immediate family members and staff, and any juror assigned to this action.

5. "Class Actions" or "Actions" means the class action filed by Plaintiffs in the above-captioned multi-district litigation and all cases coordinated or consolidated therein as well as any constituent matters now existing or later added.

6. "Class Counsel" means the law firms of Hausfeld LLP, Hartley LLP, and Pietragallo Gordon Alfano Bosick & Raspanti, LLP. "Additional Plaintiffs' Counsel" means counsel who have appeared for plaintiffs and who were not appointed lead or liaison counsel.

7. "Class Member" means each member of the Class who has not timely elected to be excluded from the Class.

8. "Class Notice" means the form of notice of the Settlement approved by the Court and sent to members of the Class.

9. "Class Period" means the period from and including January 1, 2016 up to and including the Execution Date.

10. "Complaint" means the Consolidated Second Amended Class-Action Complaint dated September 10, 2020 (ECF Nos. 377, 378).

11. "Covestro" means Covestro LLC together with any and all of its respective past and present, direct and indirect, corporate parents (including but not limited to Covestro AG and Covestro Deutschland AG), subsidiaries, related entities, divisions, joint ventures, affiliates, officers, directors, employees, agents, attorneys, associates, trustees, partners, managing directors,

shareholders, managers, members, attorneys, equity holders, beneficiaries, insurers, advisors, servants, and legal or other representatives (and the parents', subsidiaries', related entities', divisions', joint ventures', and affiliates' past and present officers, directors, employees, agents, attorneys, associates, trustees, partners, managing directors, shareholders, managers, members, attorneys, equity holders, beneficiaries, insurers, advisors, servants, and legal or other representatives), and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

12. "Covestro Counsel" means the law firms of T&T Law Group, PLLC and Simpson Thacher & Bartlett LLP.

13. "Defendants" means BASF Corporation, BASF SE, Covestro LLC, Dow Chemical Company, Huntsman Corporation, Huntsman International LLC, and Wanhua Chemical (America) Co., Ltd.

14. "Escrow Account" means the escrow account to be maintained by the Escrow Agent on behalf of the Class, whose account information Class Counsel shall provide to Covestro Counsel within thirty (30) days of the Execution Date.

15. "Escrow Agent" means the escrow agent for the Escrow Account. Class Counsel shall identify the Escrow Agent to Covestro Counsel within thirty (30) days of the Execution Date.

16. "Fairness Hearing" means any hearing ordered by the Court to determine whether to grant final approval to the Settlement.

17. "Fee and Expense Award" means any portion of the Fund approved by the Court for payment to Class Counsel and Additional Plaintiffs' Counsel in connection with their representation of Plaintiffs and the Class in the Class Actions, including such counsel's attorneys'

fees, costs, and litigation expenses, including fees, costs, and expenses of experts (excluding Notice and Administration Expenses).

18. "Fund" means the Settlement Amount and any interest earned, less Court-approved expenses, on the Settlement Amount.

19. "Notice and Administration Expenses" means the reasonable costs and expenses (not to exceed $350,000) that are incurred in connection with locating members of the Class in accordance with the Notice Plan; preparing, printing, disseminating, and publishing notice under the Notice Plan; soliciting the submission of Claim Forms; assisting with the submission of Claim Forms; processing Claim Forms; administering and distributing the Fund to Authorized Claimants pursuant to the Plan of Allocation; and paying escrow fees and costs for the Escrow Agent (if any). All such Notice and Administration Expenses shall be paid from the Fund in accordance with the terms of this Agreement and Orders of the Court.

20. "Notice Plan" means any plan and methodology used to notify members of the Class of this Settlement that is approved by the Court.

21. "Plan of Allocation" means the plan of allocation approved by the Court for the allocation of the Fund whereby the Fund shall be distributed to Authorized Claimants.

22. "Products" means any and all kinds of methylene diphenyl diisocyanate ("MDI") and toluene diisocyanate ("TDI"), no matter the trade name under which such product is sold.

23. "Protective Order(s)" means any protective order entered in the Actions, including, but not limited to, each of the Order Governing the Protection and Exchange of Confidential Material (ECF No. 239), Supplemental Order Governing the Protection and Exchange of Confidential Material (ECF No. 824), and Deposition Protocol Order (ECF No. 958).

24. "Released Claims" means those claims released pursuant to Paragraphs 4041 of this Settlement Agreement.

25. "Releasees" means jointly and severally, individually and collectively, Covestro LLC, Covestro Deutschland AG, and Covestro AG, and each of their respective past and present, direct and indirect, corporate parents (including holding companies), subsidiaries, related entities, divisions, joint ventures, affiliates, officers, directors, employees, agents, attorneys, associates, trustees, partners, managing directors, shareholders, managers, members, attorneys, equity holders, beneficiaries, insurers, advisors, servants, and legal or other representatives (and the parents', subsidiaries', related entities', divisions', joint ventures', and affiliates' past and present officers, directors, employees, agents, attorneys, associates, trustees, partners, managing directors, shareholders, managers, members, attorneys, equity holders, beneficiaries, insurers, advisors, servants, and legal or other representatives), and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

26. "Releasors" means jointly and severally, individually and collectively, Plaintiffs, the Class Members, and each of their respective past and present, direct and indirect, parents (including holding companies), subsidiaries, associates, affiliates, officers, directors, employees, agents, attorneys, servants, and representatives (and the parents', subsidiaries', and affiliates' past and present officers, directors, employees, agents, attorneys, servants, and representatives), and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

27. "Service Award" means the Court-approved monetary award for Plaintiffs paid from the Fund, as further discussed in Paragraphs 70-73.

28. "Settlement Administration" means any and all services conducted by the Settlement Administrator.

29. "Settlement Administrator" means the professional and independent entity or entities retained by Class Counsel and appointed by the Court in connection with the Class Actions, including dissemination of any Class Notice and administration of any distribution to the Class Members, including all matters related thereto.

30. "Settlement Amount" means seven million United States dollars ($7,000,000).

31. "Tax Expenses" means expenses and costs incurred in connection with the operation and implementation of Paragraphs 51-55 (including, without limitation, expenses of tax attorneys and/or accountants, and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in Paragraphs 51-55).

32. "Taxes" means taxes (including any interest or penalties) arising with respect to the income earned by the Fund, including any taxes or tax detriments that may be imposed upon Covestro with respect to any income earned by the Fund for any period during which the Fund does not qualify as a qualified settlement fund for Federal or state income tax purposes.

**Approval of this Settlement Agreement and Dismissal of Claims**

33. Class Counsel and Plaintiffs agree to recommend approval by the Court and by Class Members of this Settlement Agreement. Plaintiffs and Covestro shall use their best efforts to effectuate this Settlement Agreement, and shall cooperate to promptly seek and obtain the Court's preliminary and final approvals of this Settlement Agreement (including with respect to Plaintiffs providing class notice under Federal Rules of Civil Procedure 23(c) and (e)) and to secure the prompt, complete, and final dismissal with prejudice of the Class Actions as to Covestro and the Releasees only.

34. Except to the extent expressly authorized in this Settlement Agreement, Plaintiffs and Plaintiffs' Counsel shall cease all litigation activities against Covestro, shall withdraw any and

all outstanding discovery requests, shall not take action to further prosecute or litigate the case against Covestro, and shall take no action in support of any other person in the prosecution or litigation of any Released Claims against Covestro or any other Releasees.

35. Within thirty (30) days after the Execution Date, Plaintiffs shall submit to the Court and Covestro shall not object to a motion (the "Motion") requesting entry of an Order preliminarily certifying the Class for purposes of settlement only under Federal Rule of Civil Procedure 23, approving the settlement and authorizing dissemination of notice to the Class, staying all proceedings by the Plaintiffs and any member of the Class against any Releasee, including all discovery, except as provided for or required by this Settlement Agreement, and enjoining any members of the Class from pursuing any claims against Covestro that will be released upon final approval of this Agreement. The Motion shall include the proposed form of, method for, and timetable for dissemination of notice to the Class. The proposed order shall include such provisions as are typical in such orders, including (1) a finding that the Notice Plan complies with Federal Rule of Civil Procedure 23 and the requirements of due process, and (2) a provision that, if final approval of the settlement is not obtained, the settlement is null and void, and the Parties will revert to their positions *ex ante* without prejudice to their rights, claims, or defenses. Class Counsel shall provide a draft of the Motion and any draft preliminary approval order to Covestro Counsel no less than ten (10) days before submission of the Motion to the Court and shall consider in good faith any editing suggestions made by Covestro Counsel.

36. If the Court grants preliminary approval and preliminarily certifies the Class, then subject to Covestro's review and approval, which shall not be unreasonably withheld, Plaintiffs shall seek, within sixty (60) days of the deadline for any requests for exclusion from the Class pursuant to Paragraph 59 below, and Covestro shall not object to, entry of a final judgment order:

a. certifying the Class pursuant to Federal Rule of Civil Procedure 23 solely for purposes of this Settlement;

b. approving finally this Settlement Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Class Members within the meaning of Federal Rule of Civil Procedure 23 and directing its implementation, performance, and consummation according to its terms;

c. directing that all Releasors shall, by operation of law, be deemed to have released all Releasees from the Released Claims;

d. directing that, as to Covestro, the Class Actions be dismissed with prejudice and without costs;

e. forever enjoining any Class Members from pursuing claims in any court, tribunal, arbitral forum, or the like that will become Released Claims upon the Effective Date;

f. reserving exclusive jurisdiction over the settlement and this Settlement Agreement, including the administration, consummation, or interpretation of this Settlement, including without limitation any suit, action, proceeding, or dispute relating to the release provisions herein;

g. finding under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the judgment of dismissal as to Covestro shall be final and entered forthwith; and

h. providing that: (1) the Court's certification of the Class is without prejudice to, or waiver of, the rights of any (a) non-settling Defendant to contest certification of any other class proposed in the Class Actions, or of (b) Covestro's right to contest certification

of any proposed class in the Class Actions should this Agreement not become final as described in Paragraph 38; (2) the Court's findings in the order and final judgment in the Class Actions shall have no effect on the Court's ruling on any motion to certify any class in the Class Actions or on the Court's rulings concerning any motion filed by any Defendant (other than to enforce the terms of this Agreement or the order and final judgment described in this Paragraph 36); (3) no Party may cite or refer to the Court's approval of the Class as persuasive or binding authority with respect to any motion to certify any such class or any motion filed by any Defendant (other than to enforce the terms of this Settlement or the order and final judgment described in this Paragraph); and (4) no Person may use the certification of the Class as an admission by Covestro, or any other Releasee as to the merits, propriety, or sufficiency of a putative class in any other litigation or adjudicative proceeding or in support of any motion to certify a putative class in any other litigation or adjudicative proceeding.

37. Class Counsel shall provide to Covestro Counsel a copy of the draft final judgment order, and any motion seeking entry of such order, referenced in Paragraph 36 at least ten (10) days before submission to the Court and shall consider in good faith any editing suggestions made by Covestro Counsel.

38. This Settlement Agreement shall become final only upon: (a) the entry by the Court of a final order approving the Settlement Agreement under Rule 23(e) of the Federal Rules of Civil Procedure together with entry of a final judgment dismissing the Class Actions and all claims therein against Covestro on the merits with prejudice as to all Class Members (the "Final Judgment"), and (b) the expiration of the time for appeal or to seek permission to appeal from the Court's approval of the Settlement Agreement and entry of the Final Judgment or, if an appeal

from an approval and Final Judgment is taken, the affirmance of such Final Judgment in its entirety, without modification, by the court of last resort to which an appeal of such Final Judgment may be taken (the "Effective Date"). It is agreed that neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the above-stated times.

39. If the Effective Date does not occur, Covestro shall have the full ability to oppose any motion for certification of a litigation class, and Plaintiffs may not use anything in the Settlement Agreement, preliminary approval papers, or other settlement materials against Covestro.

**Release and Discharge**

40. In addition to the effect of any final judgment entered in accordance with this Settlement Agreement, upon the occurrence of the Effective Date and in consideration of payment of the Settlement Amount as provided in Paragraph 46 of this Settlement Agreement, the Releasees shall be completely released, acquitted, and forever discharged from any and all manner of claims, demands, actions, suits, and causes of action, cross-claims, counter-claims, charges, liabilities, judgments, obligations, debts, setoffs, rights of recovery, whether class, individual, or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever (including joint and several), including fees, fines, debts, costs, expenses, penalties, and attorneys' fees, and damages, known or unknown, suspected or unsuspected, asserted or unasserted, contingent or not contingent, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, that Releasors, or any one of them, whether directly, representatively, derivatively, or in any other capacity, ever had, now have, or hereafter can, shall, or may have against the Releasees, relating in any way to any conduct by Releasees, any Defendant, Covestro AG, Wanhua Chemical

Group Co., Ltd., Mitsui Chemicals, Inc., Mitsui Chemicals America, Inc., MCNS (a.k.a. Mitsui Chemicals & SKC Polyurethanes, Inc.), or MCNS Polyurethanes USA Inc., or the subsidiaries, affiliates, or successors of any of the foregoing concerning the pricing, purchase, selling, discounting, marketing, manufacturing, offering and/or distributing of the Products in the United States and its territories (or for delivery in the United States and its territories) from the beginning of time through the Effective Date, including without limitation, claims based in whole or in part on the facts, occurrences, transactions, or other matters alleged in the Class Actions, or that could have been raised in the Class Actions, which arise or could arise under any antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, trade practice, consumer protection, unjust enrichment, civil conspiracy law, fraud, RICO, or any other law, code, rule, or regulation of any country or jurisdiction worldwide, including under federal or state law, and regardless of the type or amount of damages claimed (the "Released Claims"). However, nothing herein shall release any claims (i) for product liability, breach of warranty, breach of contract, or tort of any kind (other than a breach of contract, breach of warranty, or tort based on any factual predicate in the Class Actions), (ii) those arising out of alleged violations of the Uniform Commercial Code, or (iii) for personal or bodily injury.

41. In addition to the provisions of Paragraph 40, the Releasors acknowledge that they understand Section 1542 of the California Civil Code and expressly waive and release any and all provisions of and rights and benefits conferred by Section 1542 of the California Civil Code, or by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code, including, without limitation, South Dakota Codified Law § 20-7-11, with respect to the claims released herein. The Parties intend that the Class Notice and the order and final judgment

described in Paragraph 36 shall reflect this waiver. Section 1542 of the California Civil Code provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

42. The Releasors agree that they may hereafter discover facts in addition to or different from those they believe to be true with respect to the subject matter of this Agreement. The Releasors agree that, notwithstanding the discovery of the existence of any such additional or different facts that, if known, would materially affect their decision to enter into this Agreement, whether or not concealed or hidden, the releases herein given shall be and remain in effect as a full, final, and complete settlement and release of any and all Released Claims and the Releasors shall not be entitled to modify, challenge, or set aside this Agreement, either in whole or in part, by reason thereof. Releasors shall be deemed to have acknowledged that the inclusion of unknown claims in the definition of Released Claims was separately bargained for and was a key element of the Agreement.

43. The Releasors further covenant and agree that they, and each of them, shall not, after the Effective Date of this Settlement Agreement, assert, prosecute, litigate, or assist any other party in asserting, prosecuting or litigating any claim or proceeding seeking to recover against any of the Releasees for any of the Released Claims. The Releasors agree that the Releasees are intended beneficiaries of this Agreement.

44. Upon the Effective Date, Covestro shall release Plaintiffs, Class Members, and Class Counsel from any claims relating to the institution, prosecution, or settlement of the Class Actions.

45. The Parties intend that the releases and covenants not to sue in this Agreement be interpreted and enforced broadly and to the fullest extent permitted by law.

**Payment and the Escrow Account**

46. Subject to the provisions hereof, and in full, complete, and final settlement of the Class Actions as provided herein, Covestro agrees to cause to be paid the Settlement Amount to the Plaintiffs, on behalf of the Class Members, by deposit of the Settlement Amount into the Escrow Account within fifteen (15) business days of the latter of (1) preliminary approval by the Court of this Agreement; or (2) the provision of confirmed wire transfer instructions for the Escrow Account by Class Counsel to Covestro's counsel, which confirmation must include (a) a completed W-9 form identifying the Escrow Agent's proper taxpayer TIN/EIN, and (b) confirmation of banking details by telephone between Covestro's financial representative and the Escrow Agent. The Parties agree and acknowledge that none of the Settlement Amount caused to be paid by Covestro under this Agreement shall be deemed to be, in any way, a penalty or a fine of any kind.

47. The Escrow Account shall be maintained by Class Counsel at a bank designated by Class Counsel. The Escrow Account shall be administered under the Court's continuing supervision and control.

a. Any sums required to be held in escrow hereunder shall be held by the Escrow Agent, which shall be controlled by Class Counsel (subject to the supervision of the Court) for the benefit of the Class. To the extent that money is not paid out from the Fund as authorized by this Agreement or as otherwise ordered by the Court, all assets held by the Escrow Agent in the Fund shall be deemed to be held in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as they shall be distributed or returned pursuant to this Agreement and/or further order of the Court. The Fund shall not be distributed before the Effective Date occurs,

except for disbursements for Notice and Administration Expenses, Taxes, and Tax Expenses. The Escrow Agent shall not disburse the Fund, or any portion thereof, except as provided in this Settlement Agreement, or upon Order of the Court. The Escrow Agent shall bear all risks related to the holding of the Fund in the Escrow Account.

b. The Escrow Agent, at the direction of Class Counsel, shall invest all funds exclusively in eligible investments, meaning obligations or securities issued or guaranteed by the U.S. Government, or any agency or instrumentality thereof, backed by the full faith and credit of the United States, or fully insured by the U.S. Government, or an agency thereof, and including any mutual funds or similar funds invested solely in such obligations or securities, and the Escrow Agent (unless otherwise instructed by Class Counsel) shall reinvest the proceeds of these obligations or securities as they mature in similar instruments at their then-current market rates. Interest earned on the money deposited into the Escrow Account shall be part of the Fund and accrue to the benefit of the Class.

c. Neither the Parties nor their respective counsel shall be liable for the loss of any portion of the Fund, nor have any liability, obligation, or responsibility for: (i) the payment of claims, taxes (including interest and penalties), legal fees, or any other expenses payable from the Fund; (ii) the investment of any Fund assets; or (iii) any act, omission, or determination of the Escrow Agent.

**The Fund**

48. Each Class Member shall look solely to the Fund for settlement and satisfaction, as provided herein, of all claims released by the Releasors pursuant to Paragraphs 40 and 41 herein. Except as provided by order of the Court, no Class Member shall have any interest in the Fund or any portion thereof.

49. Covestro shall not have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, use, or administration of the Fund, including, but not limited to, the costs and expenses of such investment, distribution, or administration, except as otherwise provided in this Settlement Agreement. Further, apart from the Covestro payment described in Paragraph 46 of this Settlement Agreement, Covestro shall not be liable for any additional payments to the Class Members or Class Counsel pursuant to this Settlement Agreement.

50. The Fund shall be used to pay: (i) Notice and Administration Expenses; (ii) Taxes and Tax Expenses; (iii) Settlement Administration as authorized by this Agreement; (iv) any Fee and Expense Award; (v) any Service Awards; and (vi) other fees and expenses, if any, authorized by the Court. Further, after the Effective Date, the balance of the Fund shall be distributed to Authorized Claimants in accordance with this Agreement and any Plan of Allocation approved by the Court.

**Taxes**

51. The Parties agree that the Fund is intended at all times to be and shall to the maximum extent permitted by law be treated as, a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and § 468B of the Internal Revenue Code of 1986, as amended (the "Code"), for the taxable years of the Fund, beginning with the date it is created and agree not to take any position for Tax purposes that is inconsistent with such treatment. In addition, the Escrow Agent and, as required, Plaintiffs and Covestro, shall jointly and timely make such elections as are necessary or advisable to carry out the provisions of Paragraphs 51-55, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1(j)(2)(ii)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and

requirements contained in such regulations. All provisions of this Settlement Agreement shall be interpreted in a manner that is consistent with the Fund being a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1 and § 468B. It shall be the responsibility of the Settlement Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

52. For purposes of § 468B of the Code and the regulations promulgated thereunder, the "administrator" shall be the Settlement Administrator. The Settlement Administrator shall timely and properly file all tax returns necessary or advisable with respect to the Fund, and make all required payments of taxes, including deposits of estimated tax payments in accordance with Treas. Reg. § 1.468B-2(k). Such tax returns (as well as the elections described in Paragraph 51 above) shall be consistent with Paragraphs 51-55 and reflect that all Taxes and Tax Expenses (including any estimated Taxes and Tax Expenses, interest, or penalties) on the income earned by the Fund shall be paid out of the Fund as provided herein.

53. All Taxes and Tax Expenses shall be paid out of the Fund. In all events, Covestro and Releasees shall have no liability for Taxes and Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement (but not a Notice and Administration Expense) and shall be timely paid by the Escrow Agent out of the Fund without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding anything in this Agreement to the contrary) to withhold from distribution to Class Members any funds necessary to pay such Taxes and Tax Expenses or any other amounts required to be withheld by applicable laws, including pursuant to Treasury Regulation § 1.468B-2(l), including the establishment of adequate reserves for any Taxes and Tax Expenses. Plaintiffs and Covestro agree

to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of Paragraphs 51-55.

54. Covestro, Releasees, and Covestro Counsel shall have no liability for, or obligations relating to, Taxes and Tax Expenses, including with respect to acts or omissions of the Settlement Administrator or its agents with respect thereto. The Escrow Agent, through the Fund, shall indemnify and hold each of Covestro, Releasees, and Covestro's counsel harmless for any Taxes and Tax Expenses (including, without limitation, taxes payable by reason of such indemnification).

55. Plaintiffs and Class Counsel shall have no liability for, or obligations with regard to, Taxes and Tax Expenses. The Escrow Agent, through the Fund, shall indemnify and hold Plaintiffs and Class Counsel harmless for any Taxes and Tax Expenses (including, without limitation, taxes payable by reason of such indemnification).

**Class Administration and Notice**

56. Class Counsel will appoint the Settlement Administrator, subject to approval of the Court. The Settlement Administrator is responsible for all aspects of administration of this Settlement, overseen by Class Counsel. Covestro will not have any involvement in the claims administration process, or the Plan of Allocation of the settlement proceeds. Class Counsel, in their sole discretion, may replace, and/or retain one or more additional and/or alternate Settlement Administrator(s). Such Settlement Administrator(s) shall be approved by the Court in connection with this Settlement, and, if approved, overseen by Class Counsel.

57. The Settlement Administrator(s) will be selected solely by Class Counsel, and the Plan of Allocation will be proposed solely by Class Counsel, subject to Court approval. Notice and Administration Expenses in connection with this Settlement shall be paid from the Fund as

authorized by this Agreement and by order of the Court. In no event shall Plaintiffs or Class Counsel be responsible for paying any amount for any such Notice and Administration Expenses.

58. At no time and under no circumstances shall Plaintiffs, Class Counsel, the Releasors, Covestro, Covestro Counsel, or the Releasees have any liability for claims of wrongful or negligent conduct on the part of the Settlement Administrator or their agents.

59. Notice to Class Members of this Agreement shall be in conformance with the Notice Plan approved by the Court, after submission by Plaintiffs. The Claim Form shall conform to the form approved by the Court after proposed submissions by Plaintiffs. Plaintiffs shall move for Court approval of the Notice Plan and Claim Form within ninety (90) days of the date the Court grants preliminary approval of this Agreement. The procedures for submitting claims shall conform to the procedures outlined below.

a. As soon as practicable but no later than 45 days after the Execution Date, Covestro shall provide Class Counsel with contact information for those purchasers of MDI and TDI found in Covestro LLC's structured data productions found at COV000183471–COV000183491.

b. Each Class Member wishing to participate in the Settlement shall be required to submit to the Settlement Administrator a Claim Form. Each Claim Form must be signed under the penalty of perjury and must be supported by such documents as specified in the instructions contained in the Claim Form or otherwise given by the Settlement Administrator.

c. All Claim Forms must be received by the Settlement Administrator within the time prescribed in the plan for Notice as approved by the Court. Any member of the Class who fails to submit a properly completed Claim Form within such period as shall be authorized by the Court shall be forever barred from receiving any payments pursuant to this Agreement or from

the Fund. Notwithstanding the foregoing, Class Counsel may, in their discretion: (i) accept for processing late submitted claims, so long as the distribution of the Fund to Authorized Claimants is not materially delayed; and (ii) waive what Class Counsel deem to be *de minimis* or technical defects in any Claim Form submitted. No Person shall have any claim against Plaintiffs, Class Counsel, or the Settlement Administrator by reason of any exercise of discretion with respect to such late submitted or technically deficient claims.

d. Each Claim Form shall be submitted to, and reviewed by, the Settlement Administrator who shall determine, under the supervision of Class Counsel, in accordance with this Agreement, the Plan of Allocation approved by the Court, and any applicable orders of the Court, the extent, if any, to which each claim shall be allowed, subject to review by the Court, as described below.

e. Without regard to whether a Claim Form is submitted or allowed, each Claimant who declines to be excluded from the Class shall be deemed to have submitted to the jurisdiction of the Court with respect to such Claimant's claim, and such Claimant's claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's claim. No discovery shall be allowed on the merits of the Class Actions or Settlement in connection with processing of Claim Forms.

f. Payment pursuant to this Settlement shall be deemed final and conclusive against all Class Members. All Class Members whose claims are not approved by the Court shall be barred from participating in distributions from the Fund.

g. All proceedings with respect to the administration, processing, and determination of claims described in this Agreement and the determination of all controversies

relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of, and decided by, the Court, if they cannot otherwise be resolved during the claims process. All Plaintiffs, Class Members, Claimants, and Releasors expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations as provided herein. The decision of the Court with respect to objections to the Settlement Administrator's claim determinations shall be final and binding on all Plaintiffs, Class Members, Claimants, and Releasors, and there shall be no appeal to any court, including the United States Court of Appeals for the Third Circuit, such right of appeal having been knowingly and intentionally waived by each Plaintiff, Class Member, Claimant, and Releasor.

h. No Person shall have any claim against Covestro, Covestro Counsel, Releasees, Plaintiffs, Releasors, Class Counsel, or the Settlement Administrator, based on determinations or distributions made substantially in accordance with this Agreement and the Settlement contained herein, the Plan of Allocation approved by the Court, or any orders of the Court.

**Exclusions, Objections, and Termination Rights**

60. Covestro and all Releasees reserve all legal rights and defenses with respect to any potential Class Member that validly requests exclusion.

61. A Class Member wishing to request exclusion must comply with the instructions set forth in the Class Notice, including without limitation complying with the deadline for such exclusions described in the Class Notice. Subject to Court approval, a request for exclusion that does not comply with the requirements set forth in the Class Notice shall be invalid, and each

person or entity submitting an invalid request shall be deemed a Class Member and shall be bound by this Settlement Agreement.

62. Any Person who or which submits a request for exclusion may thereafter submit to the Settlement Administrator a written revocation of that request for exclusion, provided that it is received no later than two (2) days before the Fairness Hearing, in which event that person will remain in the Class.

63. Covestro or Class Counsel may dispute an exclusion request in accordance with the Notice Plan approved by the Court.

64. Anyone who has not requested exclusion from the Class and who objects to the settlement set forth in this Settlement Agreement may appear in person or through counsel, at that person's own expense, at the Fairness Hearing to present any evidence or argument that the Court deems proper and relevant. However, no such person shall be heard, and no papers, briefs, pleadings, or other documents submitted by any such person shall be received and considered by the Court, unless such person properly submits a written objection that includes: (i) a notice of intention to appear; (ii) proof of membership in the Class; and (iii) the specific grounds for the objection and any reasons why such person desires to appear and be heard, as well as all documents or writings that such Person desires the Court to consider. As soon as practicable, Class Counsel shall cause all written objections to be filed with the Court. Any person that fails to object in the manner prescribed herein shall be deemed to have waived his, her, or its objections and will forever be barred from making any such objections in the Class Actions, unless otherwise excused for good cause shown, as determined by the Court.

65. Within fourteen (14) calendar days after the deadline for submitting requests for exclusion in accordance with the requirements set forth in the Class Notice, or after the Court

accepts any late-filed requests for exclusion, whichever is later, Class Counsel (either directly or by and through the Settlement Administrator) shall provide Covestro Counsel a final report that states: (i) each person (together with all identifying information of that person) that requested exclusion; (ii) the date on which each request for exclusion was postmarked and received; and (iii) whether the request for exclusion was timely and validly made.

**Rescission if the Settlement Agreement is Not Finally Approved**

66. If the Court declines, preliminarily or otherwise, to approve this Settlement Agreement or any part hereof, or if such approval is materially modified or set aside on appeal, or if the Court does not enter the Final Judgment, or if the Court enters the Final Judgment and order and appellate review is sought and, on such review, such Final Judgment is not affirmed, then Covestro and the Plaintiffs shall each, in their respective sole discretion, have the option to rescind this Settlement Agreement by providing written notice to the other within sixty (60) days of any order or event that causes the Effective Date to not occur.

67. Simultaneously herewith, Plaintiffs, by and through Class Counsel, and Covestro are executing a "Supplemental Agreement" setting forth certain conditions under which this Settlement may be withdrawn or terminated at the sole discretion of Covestro if potential Class Members who meet certain criteria exclude themselves from the Class. The Supplemental Agreement shall not be filed with the Court except that the substantive contents of the Supplemental Agreement may be brought to the attention of the Court, in camera, if so requested by the Court or as otherwise ordered by the Court. The Parties will keep the terms of the Supplemental Agreement confidential, except if compelled by judicial process to disclose the Supplemental Agreement.

68. In the event of such rescission, then all funds remaining in the Escrow Account (including all accrued interest) at that time shall be returned to the originating payment source and the Parties' respective positions shall be returned to the status quo ante. The Escrow Agent shall disburse the funds remaining in the Escrow Account to the originating payment source in accordance with this Paragraph 68 within fifteen (15) days after receipt of either (i) written notice signed by counsel for Covestro and Class Counsel stating that this Settlement Agreement has been rescinded, or (ii) any order of the Court so directing. If the Settlement Agreement is rescinded, canceled, or terminated pursuant to this Paragraph, any obligations pursuant to this Settlement Agreement (other than disbursement of the funds in the Escrow Account to Covestro as set forth above) shall cease immediately.

69. A modification or reversal on appeal of any amount of any Fee and Expense Award allowed by the Court from the Fund or any Plan of Allocation or distribution of the Fund shall not be deemed a modification of all or part of the terms of this Settlement Agreement or the Final Judgment. The Parties expressly reserve all of their rights if the settlement does not become final in accordance with the terms of this Settlement Agreement.

**Fee and Expense Award / Service Awards**

70. Covestro understands that Class Counsel may, at a time to be determined in its sole discretion after preliminary approval of the Agreement, submit an application or applications to the Court for a Fee and Expense Award and/or a Service Award.

71. Any Fee and Expense Award or Service Award, as awarded by the Court, shall be paid from the Escrow Account, promptly upon notice of the entry of the order by the Court awarding such amounts (the "Fee and Expense Award"), notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the

settlement or any part thereof, subject to Class Counsel and Additional Plaintiffs' Counsel's joint and several obligation to repay those amounts to the Escrow Account, plus accrued interest at the same net rate as is earned by the Escrow Account, and subject to an appropriate undertaking, if and when, as a result of any appeal and further proceedings on remand, or successful collateral attack, the Fee and Expense Award is reduced or reversed, or return of the Settlement Amount is required. In such event, Class Counsel and Additional Plaintiffs' Counsel shall, within ten (10) business days from the event which requires repayment of all or part of the Fee and Expense Award, refund to the Escrow Account the amount of any required repayment of the Fee and Expense Award paid to them, along with interest at the same rate as the Escrow Account. Class Counsel shall be solely responsible for allocating the Fee and Expense Award among Class Counsel in a manner in which Class Counsel may agree or have agreed based on their assessment of the overall respective contributions of such counsel to the initiation, prosecution, and resolution of the Class Actions.

72. The procedure for and the allowance or disallowance by the Court of the application by Class Counsel for a Fee and Expense Award or Service Awards to be paid out of this Fund are not part of this Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of this Settlement, and any order or proceeding relating to a request for a Fee and Expense Award or Service Award, or any appeal from any such order, shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the judgment approving this Settlement.

73. Nothing in Paragraphs 70-73, nor anything related to Class Counsel's request(s) for fees, costs, or expenses shall impact the finality of this Agreement, regardless of what the courts may decide about Class Counsel's entitlement to attorneys' fees, costs, or expenses, or the

propriety of any proposed Service Award, or any other aspect of Paragraphs 70-73. No order of a court or modification or reversal on appeal of any order of the court concerning any attorney's fees, costs, expenses, or Service Awards shall constitute grounds for termination of this Agreement, provided that it does not otherwise affect the rights of Covestro or the Releasees under this Agreement.

**Miscellaneous**

74. The Parties agree that this Settlement Agreement, whether or not it shall become final, and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Covestro or of the truth of any of the claims or allegations made in the Class Actions, and evidence thereof shall not be admissible, discoverable or used directly or indirectly in any way in the Class Actions or in any other action or proceeding (except an action to enforce or interpret the terms of the Settlement Agreement).

75. Within ten (10) days of filing of this Settlement Agreement in Court in connection with Plaintiffs' motion for preliminary approval, Covestro will submit all materials required to be sent to appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and shall confirm to Class Counsel that such notices have been sent.

76. Covestro LLC agrees to continue to provide truthful cooperation to Plaintiffs as limited by the following restrictions, terms, and conditions:

a) **Maintenance of Privilege**. Covestro LLC will not be required to divulge information to Plaintiffs that is protected by the attorney-client privilege, attorney work-product doctrine, common interest doctrine, joint defense privilege, and/or any other applicable privilege or protection.

b) **Approval of the Settlement and Certification of the Class**: Covestro LLC shall use its reasonable best efforts in connection with Class Counsel's motions for approval of the settlement and any related documents necessary to effectuate and implement the terms and conditions of the Final Settlement Agreement, including stipulating to certification of the proposed Class for purposes of settlement only.

c) **Authentication/Admissibility**: At the request of Class Counsel, Covestro LLC will provide a reasonable number of declarations, certifications, or affidavits regarding the authentication and potential admissibility of documents or communications[1] that were produced by Covestro LLC in the Actions including their certification as records of a regularly conducted activity pursuant to Fed. R. Evid. 803(6), where the facts indicate that the documents or communications at issue are authentic. This shall include, but is not limited to, Plaintiffs' FRE 1006 Exhibits (which the parties can mutually agree to modify for accuracy). If for some reason, the declarations, certifications, or affidavits are insufficient for admission of the documents or communications, Covestro LLC will make available a records custodian to testify truthfully by deposition and/or at trial for purposes of authenticity and admissibility.

d) **Declaration**: Covestro LLC will produce a declaration signed by Axel Schrecker under penalty of perjury establishing both the elements of FRE 803(6) and/or 902(12) for documents chosen by Plaintiffs that are within Mr. Schrecker's

---

[1] This refers to documents or communications that Plaintiffs in good faith believe will be used for class certification, summary judgment, or trial. Plaintiffs anticipate, at minimum, that they will seek to authenticate or otherwise set a business record foundation for documents reflecting inter-defendant meetings or communications.

personal knowledge or on which he was a signatory, recipient, or author, where the facts indicate that the documents or communications at issue are authentic, and the veracity of the factual statements within those documents to the extent the statements are within Mr. Schrecker's personal knowledge and he believes them to be accurate. Plaintiffs shall not be entitled to interview or depose any current or former Covestro LLC employee, or current or former employee of any Releasee, before trial, however nothing in this Paragraph reduces Covestro LLC's obligation under Paragraph 76(c) above.

The Parties agree to work together efficiently and in good faith to obtain the cooperation set forth above and to minimize costs where feasible.

77. Class Counsel agrees that they will not use the information provided by Covestro pursuant to Paragraph 76 above for any purpose other than the prosecution of claims in the Actions and will not use it beyond what is reasonably necessary for the prosecution of claims in the Actions. Class Counsel further agrees that, even if filed with the Court, produced in discovery, or used at a hearing or at trial, documents or testimony designated as "Confidential" or "Highly Confidential" by Covestro in accordance with the Protective Order shall retain the protection of that order absent agreement of the Parties or until the Court directs otherwise.

78. This Settlement Agreement does not settle or compromise any claim other than the Released Claims against the Releasees. All rights of any Class Member against any person or entity other than the Releasees for sales made by Covestro are specifically reserved by Plaintiffs and the Class Members. Sales of the Products by Covestro in the United States shall remain in the Class Actions against the non-settling Defendants and/or any future defendants other than the Releasees as a basis for damage claims, and shall be part of any joint and several liability claims

in the Class Actions against the non-settling Defendants and/or any future defendants or persons or entities other than the Releasees.

79. This Settlement Agreement constitutes the entire, complete and integrated agreement among Plaintiffs and Covestro pertaining to the settlement of the Class Actions against Covestro only and supersedes any and all prior and contemporaneous undertakings of Plaintiffs and Covestro in connection therewith.

80. This Settlement Agreement shall not be modified in any respect except by a writing executed by the Parties and approved by the Court, and the waiver of any rights conferred hereunder shall be effective only if made by written instrument of the waiving Party. The waiver by any Party of any particular breach of this Settlement Agreement shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent or contemporaneous, of this Settlement Agreement. This Settlement Agreement does not waive or otherwise limit the Parties' rights or remedies for any breach of this Settlement Agreement. Any breach of this Settlement Agreement may result in irreparable damage to a Party for which such Party will not have an adequate remedy at law. Accordingly, in addition to any other remedies and damages available, the Parties acknowledge and agree that the Parties may immediately seek enforcement of this Settlement Agreement by means of an injunction, without the requirement of posting a bond or other security.

81. The terms of this Agreement shall remain confidential until publicly filed with the Court for approval. All negotiations leading to this Agreement shall remain confidential, even after the Agreement is publicly filed with the Court for approval. Nothing in this Paragraph 81 prohibits Covestro from making general disclosures as necessary to comply with the securities

laws and other obligations, including to other parties or professionals involved in the Class Actions, as well as in any public filings.

82. All terms of this Settlement Agreement shall be governed by and interpreted according to the substantive laws of Pennsylvania without regard to its choice of law or conflict of law principles.

83. The United States District Court for the Western District of Pennsylvania retains exclusive jurisdiction over all matters relating to the implementation and enforcement of the Settlement Agreement.

84. This Settlement Agreement may be executed in counterparts by Plaintiffs and Covestro, and an electronic or facsimile signature shall be deemed an original signature for purposes of executing this Settlement Agreement.

85. Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Settlement Agreement on behalf of his or her respective clients, subject to Court approval.

86. All notices made under this Settlement Agreement shall be in writing. Each such notice shall be given by both (a) email and (b) either hand delivery; registered or certified mail, return receipt requested, postage pre-paid; or Federal Express, UPS, or similar overnight courier, and shall be addressed to counsel listed below or to their successors, as appropriate.

IN WITNESS WHEREOF, the Parties hereto, through their fully authorized representatives, have agreed to this Settlement Agreement as of the Execution Date.

By: ______________________________

Jason S. Hartley (CA 192514)
HARTLEY LLP
101 W. Broadway, Suite 820
San Diego, CA 92101
Telephone: (619) 400-5822
Facsimile: (619) 400-5832
*hartley@hartleyllp.com*

Megan E. Jones (CA 296274)
HAUSFELD LLP
580 California St., 12th Fl.
San Francisco, CA 94104
Telephone: (415) 633-1908
*mjones@hausfeld.com*

*Plaintiffs' Interim Co-Lead Counsel*

William Pietragallo, II (PA 16413)
PIETRAGALLO GORDON
ALFANO BOSICK & RASPANTI,
LLP
One Oxford Centre, 38th Floor
Pittsburgh, PA 15219
Telephone: (412) 263-2000
Facsimile: (412) 263-2001
*wp@pietragallo.com*

*Plaintiffs' Interim Liaison Counsel*

By: ______________________________

John F. Terzaken (DC 474015)
T&T LAW GROUP, PLLC
1717 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 810-9354
john.terzaken@tntpllc.com

Abram J. Ellis
Avia Gridi
SIMPSON THACHER & BARTLETT LLP
900 G Street, N.W.
Washington, D.C. 20001
Telephone: (202) 636-5858
aellis@stblaw.com
avia.gridi@stblaw.com

*Counsel for Covestro LLC*