**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: DIISOCYANATES ANTITRUST LITIGATION | Master Docket Misc. No. 18-1001 |
| *This Document Relates to: All Actions* | MDL No. 2862 |

**ORDER**

This Court, having considered the papers, arguments, and documents submitted in support of Plaintiffs' Motion for Preliminary Approval of Settlement Between Plaintiffs and Defendant Wanhua Chemical (America) Co., Ltd. ("WCA"), and for Approval of Notice Plan and Claims Process, finds that there is good cause for entering this Order granting preliminary approval of the settlement between Plaintiffs and Defendant WCA and approving the proposed notice plan and claims process. Therefore,

**IT IS HEREBY ORDERED** that:

1. The Court has jurisdiction over the subject matter of this litigation, including the actions within this litigation, and over the parties to the Settlement Agreement, including all members of the Settlement Class (also referred to herein as the "Class") and Defendant Covestro LLC.

2. The Settlement Agreement, which was arrived at by arm's-length negotiations by experienced counsel, falls within the range of possible approval and is hereby preliminarily approved, subject to further consideration at the Court's Fairness Hearing.

3. The Court finds that provisional certification of the Settlement Class is warranted for settlement purposes, in light of the Settlement Agreement, because: (a) the Settlement Class is

so numerous that joinder is impracticable; (b) the Plaintiffs' claims present common issues and are typical of the claims of the Settlement Class; (c) the Plaintiffs' named class representatives and Settlement Class Counsel (defined below) will fairly and adequately represent the Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the Settlement Class. The Court further finds that the named Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class. The Court also finds settlement of this action on a class basis is superior to other means of resolving this matter.

4. The Court finds that the Settlement Agreement is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class; raises no obvious reasons to doubt its fairness; and raises a reasonable basis for presuming that the Settlement Agreement and its terms satisfy the requirements of Federal Rules of Civil Procedure ("Rules") 23(a), 23(b)(3), 23(c)(2), 23(e), and due process.

5. This Court certifies the Settlement Class defined as:

> All persons and entities in the United States, its territories, and/or the District of Columbia who purchased directly (including through controlled subsidiaries, agents, affiliates and/or joint ventures) the Products[1] from any of (1) current and former Defendants in the Action[2] or (2) the subsidiaries, affiliates, or successors of any of the foregoing, at any time during the Class Period.[3] The Class excludes the defendants named in the Complaint and/or any complaint filed in the Class Actions, alleged co-conspirators, and any of their parents, subsidiaries or affiliates. The Class further excludes state and federal governmental entities. The Class also excludes all judicial officers presiding over this action and their immediate family members and staff, and any juror assigned to this action.

---

[1] Products mean any and all kinds of methylene diphenyl diisocyanate ("MDI") and toluene diisocyanate ("TDI"), no matter the trade name under which such product was sold.

[2] "Defendants" means all entities set forth in the definition of "Defendants" in the Wanhua Settlement Agreement.

[3] The Class Period runs from January 1, 2016 up to and including the Execution Date of the Settlement Agreement.

6. The Court appoints the law firms of Hausfeld LLP and Hartley LLP as Co-Lead Counsel for the Settlement Class.

7. Each Plaintiff class representative named in the operative complaint in the above case will serve as a class representative on behalf of the Settlement Class.

8. The Court hereby directs notice to be distributed to the Settlement Class members pursuant to Rule 23(c)(2).

9. The proposed notice plan set forth in the Memorandum and the supporting declarations comply with Rule 23(c)(2)(B) and due process as it constitutes the best notice that is practicable under the circumstances, including individual notice via mail and email to all members who can be identified through reasonable effort.

10. The Court hereby appoints Endeavor Bank as the escrow agent for the Settlement.

11. The Court appoints Kroll as the settlement notice administrator and the administrator of the settlement funds. The notice documents attached to the Declaration of Carla A. Peak submitted in support of the motion for preliminary approval, and their manner of transmission, comply with Rule 23(c)(2)(B) and due process because the notices and forms are reasonably calculated to adequately apprise the Settlement Class of (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a Settlement Class may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the Settlement Class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members of the class under Rule 23(c)(3). The settlement administrator and Co-Lead Counsel may update the Frequently Asked Questions on the website from time-to-time to ensure that class members stay

updated on developments in the litigation. Non-substantive changes, such as typographical errors, can be made to the notice documents by agreement of the parties without leave of the Court.

12. After Class Notice has been disseminated, the Court shall hold a hearing on the proposed Settlement to determine whether it is fair, reasonable, and adequate, and whether it should be finally approved by the Court (the "Final Approval Hearing").

13. After Notice has been disseminated, Class Members who wish to exclude themselves from the Settlement will be required to submit an appropriate and timely request for exclusion. To object, a Class Member must submit a written request to the Settlement Administrator with the following information: (a) name; (b) name of the business which purchased MDI or TDI; (c) address; (d) a statement that the member wishes to be excluded from the Settlement Class; and (e) the Class Member's signature.

14. The proposed notice plan will be carried out pursuant to the schedule described in the Memorandum.

15. The Court finds the proposed plan of allocation to be fair, reasonable, adequate, and treats Class Members equitably relative to each other. Here, Plaintiffs propose that the funds will be allocated on a *pro rata* basis, taking into account the amount of class products purchased by a Class Member, and the number of claims submitted. The Claim form asks for simple details regarding the number of qualifying purchases through a brief, simple set of questions.

16. The Court finds that the distribution plan will provide for efficient and cost-effective disbursement of the Settlement funds to Class Members. Settlement Class Members must submit a timely, valid claim through the settlement website or by mail to be eligible to receive payment.

17. The Court approves the proposed plan of distribution and finds that the proposed methods of payment (secure electronic bank wire transfer or hard copy check) are fair and reasonable.

18. All payments for Class Members from the Settlement fund will be sent directly to Class Members.

19. The Court orders claims submitted by Settlement Class Members must be received within 90 days from the date of entry of this Order. If that deadline needs to be moved, because of additional settlements or for another reason, Plaintiffs will make such a request to the Court.

20. If the Final Approval Hearing is cancelled or terminated, then the Settlement Agreement and all proceedings had in connection therewith shall be vacated, and shall be null and void, except insofar as expressly provided otherwise in the Settlement Agreement, and without prejudice to the status quo and rights of Plaintiffs, WCA, and members of the Settlement Class. The parties shall also comply with any terms or provisions of the Settlement Agreement applicable to the Settlement not becoming final.

21. Neither this Order nor the Settlement Agreement shall be deemed or construed to be an admission or evidence of a violation of any statute, law, rule, or regulation or of any liability or wrongdoing by WCA, or of the truth of any of Plaintiffs' claims or allegations, nor shall it be deemed or construed to be admission or evidence of the WCA's defenses.

22. The Court approves the establishment of the Settlement Fund described in the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. The Court Settlement Class Counsel are, in accordance with the Settlement Agreement

and subject to any necessary Court approval, authorized to expend funds from the QSF for the payment of the costs of notice, payment of taxes, and settlement administration costs.

23. The Action with respect to Plaintiffs' claims is stayed as to the Released Parties (as that term is defined in the Settlement Agreement) except as necessary to effectuate the Settlement.

24. The Court approves the following schedule for the dissemination of notice:

| EVENT | DEADLINE |
|---|---|
| Wanhua Chemical (America) Co., Ltd. to issue CAFA notice | Within 10 days of filing of the Motion for Preliminary Approval of Settlement |
| Direct Mail and Email notice to potential Settlement Class Members; update the settlement website | No later than 10 days after the Order |
| Deadline for class members to submit a claim or object | 70 days after the Court's Order (claims and objections must be received by this deadline) |
| Deadline for class members to request to opt out of the settlement | 70 days after the Court's Order (requests must be postmarked by this deadline) |
| Interim Co-Lead Counsel to move for attorneys' fees, expenses, and service awards for named representatives | At least 30 days before the Final Approval Hearing |
| Plaintiffs to file affidavits or declarations of the person(s) under whose general direction notice was issued | At least 10 days before the Final Approval Hearing |
| Plaintiffs to file final approval brief, response to any objections, and a proposed final approval order with complete list of Settlement Class Members that opted out of the Settlement | At least 10 days before the Final Approval Hearing or by a date to be set by the Court |
| Final Approval Hearing | December 7, 2026, or at least 100 days after the Court's Order, as the Court's schedule permits |

**IT IS SO ORDERED.**

Dated: ____________________________

_______________________________________
HON. W. SCOTT HARDY
United States District Judge